James Bopp, Jr. (Ind. State Bar No. 2838-84)\*
Barry A. Bostrom (Ind. State Bar No.11912-84)\*
Sarah E. Troupis (Wis. State Bar No. 1061515)\*
Scott F. Bieniek (Ill. State Bar No. 6295901)\*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
Telephone:   (812) 232-2434
Facsimile:    (812) 235-3685
Counsel for All Plaintiffs

Timothy D. Chandler (Cal. State Bar No. 234325)\*\*
ALLIANCE DEFENSE FUND
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Telephone:   (916) 932-2850
Facsimile:    (916) 932-2851
Counsel for All Plaintiffs

\**Pro Hac Vice Application Pending*
\*\* *Designated Counsel for Service*

**United States District Court**
**Eastern District of California**
**Sacramento Division**

| | |
|---|---|
| **ProtectMarriage.com, et al.,** | Case No. 2:09-CV-00058-MCE-DAD |
| *Plaintiffs*, | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO EXPEDITE** |
| *v.* | |
| **Debra Bowen, et al.,** | Date:  TBD |
| | Time:  TBD |
| *Defendants*. | Honorable Morrison C. England, Jr. |

**Plaintiffs' Memorandum in Support of Motion to Expedite**       1

Plaintiffs, ProtectMarriage.com - Yes on 8, a Project of California Renewal ("ProtectMarriage.com"), National Organization for Marriage California - Yes on 8, Sponsored by National Organization for Marriage ("NOM-California"), and John Doe #1, an individual, and as a representative of the Class of Major Donors, respectfully move to expedite this action pursuant to 28 U.S.C. § 1657, and in support thereof state:

Plaintiffs have filed with this motion, a complaint, motion for preliminary injunction, memorandum in support of Plaintiffs' motion for a preliminary injunction, and a motion to expedite.

Plaintiffs' Complaint, Motion for Preliminary Injunction, and Memorandum in Support of Motion for Preliminary Injunction set forth how Defendants have infringed upon Plaintiffs' right to political speech. These violations of the First Amendment will continue to occur unless Defendants are enjoined from enforcing the relevant provisions of California's campaign finance laws.

On January 31, 2009, Committee Plaintiffs must file an additional campaign finance statement. Cal. Gov't Code ("CGC") § 84200(a). This report will contain the name, address, occupation, and employer for every person that contributed one hundred dollars ($100) or more from July 1, 2008 through December 31, 2008. CGC §§ 84200(a) and 84211. Furthermore, a number of these individuals, namely, those that gave less than one thousand dollars ($1,000) during the period beginning on October 19, 2008, and ending on December 31, 2008, have not been included on a prior report. *See* CGC § 84200.7 (final pre-election statement due twelve days before the election for period ending seventeen days before the election); CGC § 84203 (twenty-four hour late contribution report applies only to contributions of one thousand dollars ($1,000) or more). Members of the Class of Major Donors that contributed more than $10,000 after June 30, 2008, also must file a campaign statement on January 31, 2009. CGC § 84200(b).

The United States Supreme Court has held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *United Food &*

**Plaintiffs' Memorandum in Support
of Motion to Expedite**        2

*Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 363 (6th Cir. 1998) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "[E]ven minimal infringement upon First Amendment values constitutes irreparable injury sufficient to justify injunctive relief." *United Food*, 163 F.3d at 363 (citing *Newsom v. Norris*, 888 F.2d 371, 378 (6th Cir. 1989)). The Supreme Court has also recognized the need for rapid resolution of litigation in the First Amendment political speech context by requiring special consideration for protecting free speech and speakers, for example, by requiring that standards for review "be objective, focusing on the substance of the communication rather than amorphous considerations of intent and effect," and that there must be "minimal if any discovery, to allow parties to resolve disputes quickly without chilling speech through the threat of burdensome litigation." *FEC v. Wisconsin Right to Life, Inc.*, 127 S.Ct. 2652, 2666 (2007) ("*WRTL II*"); *see also North Carolina Right to Life, Inc. v. Leake*, 525 F.3d 274, 282 (4th Cir. 2008). In *WRTL II*, the Court spoke disapprovingly of the burdensome, time consuming litigation that the plaintiff in that case had to endure. *WRTL II*, 127 S.Ct. at 2662-63. The Supreme Court has thus come down on the side of expedition in cases, such as the present, where a Plaintiff's First Amendment rights are being restricted.

Absent appropriate judicial relief, Plaintiffs will be exposed to investigations and substantial civil and criminal penalties for noncompliance with the act. In the alternative, if Plaintiffs comply with the requirements of the Act, they must assume the severe burdens of complying with the reporting requirements which Plaintiffs have good reason to believe are unconstitutional as applied to them and their activities. Furthermore, by complying with the requirements of the Act, Plaintiffs expose their donors to threats, harassment, and reprisals.

The impending January 31, 2009 deadline demands a rapid resolution of these questions. Plaintiffs could not have predicted the level of animosity directed at their contributors and supporters. Under the standard set forth in *Brown v. Socialist Workers '74 Campaign Committee*, 459 U.S. 87, 93 (1982), Plaintiffs are required to present "specific evidence of past

**Plaintiffs' Memorandum in Support of Motion to Expedite** 3

or present harassment of members due to their associational ties" in order to obtain a blanket exemption from the compelled disclosure provisions challenged in this suit. Regrettably, Plaintiffs have ample evidence of threats, harassment, and reprisals directed at supporters of Proposition 8 to warrant a blanket exemption. *See* Decl. of Sarah E. Troupis (containing numerous reports of death threats, physical violence, vandalism, and harassment, both at home and at work). For the supporters that have been subjected to harassment for exercising their First Amendment rights, this suit will only begin to restore their faith in a system that is supposed to be committed to the "principle that debate on public issues should be uninhibited, robust and wide-open . . . ." *Montana Right to Life v. Eddlemann*, 999 F. Supp. 1380, 1384 (D. Mont. 1998). For those yet to be disclosed, an expeditious resolution will prevent them from suffering a similar fate.

For the foregoing reasons, Plaintiffs respectfully request that this case be expedited.

Respectfully submitted,

___/S/_Timothy D. Chandler_____
| Timothy D. Chandler (Cal. Bar No. 234325) | James Bopp, Jr. (Ind. Bar No. 2838-84)* |
| ALLIANCE DEFENSE FUND | Barry A. Bostrom (Ind. Bar No.11912-84)* |
| 101 Parkshore Drive, Suite 100 | Sarah E. Troupis (Wis. Bar No. 1061515)* |
| Folsom, CA 95630 | Scott F. Bieniek (Ill. Bar No. 6295901)* |
| Counsel for All Plaintiffs | BOPP, COLESON & BOSTROM |
| Designated Counsel for Service | 1 South Sixth Street |
| | Terre Haute, IN 47807-3510 |
| | Counsel for All Plaintiffs |
| | *Pro Hac Vice Application Pending* |

**Plaintiffs' Memorandum in Support of Motion to Expedite**     4

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, Timothy D. Chandler, am over the age of 18 years and not a party to the within action. My |
| 3 | business address is 101 Parkshore Drive, Suite 100; Folsom, California 95630. |
| 4 | On January 9, 2009, I electronically filed the foregoing document described as Plaintiffs' |
| 5 | Memorandum in Support of Motion to Expedite, which will be served on all Defendants along with |
| 6 | the Summons and Amended Complaint. |
| 7 | I declare under penalty of perjury under the laws of the State of California that the above is true |
| 8 | and correct. Executed on January 9, 2009 at Folsom, California. |

s/Timothy D. Chandler
Timothy D. Chandler (CA Bar No. 234325)
Attorney for Plaintiff