ProtectMarriage.com - Yes on 8, a Project of California Renewal et al v. Bowen et al                             Doc. 14

James Bopp, Jr. (Ind. State Bar No. 2838-84)\*
Barry A. Bostrom (Ind. State Bar No.11912-84)\*
Sarah E. Troupis (Wis. State Bar No. 1061515)\*
Scott F. Bieniek (Ill. State Bar No. 6295901)\*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
Telephone:    (812) 232-2434
Facsimile:    (812) 235-3685
Counsel for All Plaintiffs

Timothy D. Chandler (Cal. State Bar No. 234325)\*\*
ALLIANCE DEFENSE FUND
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Telephone:    (916) 932-2850
Facsimile:    (916) 932-2851
Counsel for All Plaintiffs

\**Pro Hac Vice Application Pending*
\*\* *Designated Counsel for Service*

**United States District Court**
**Eastern District of California**
**Sacramento Division**

| | |
|---|---|
| **ProtectMarriage.com, et al.,** | Case No. 2:09-CV-00058-MCE-DAD |
| *Plaintiffs*, | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND LEAVE TO FILE DOCUMENTS UNDER SEAL** |
| v. | |
| **Debra Bowen, et al.,** | Date:   TBD |
| *Defendants*. | Time:   TBD |
| | Honorable Morrison C. England, Jr. |

**Plaintiffs' Memorandum in Support
of Motion for Protective Order and
Leave to File Documents Under Seal**        1

Dockets.Justia.com

In support of Plaintiffs' Motion for Protective Order and Leave to File Documents Under Seal, Plaintiffs ProtectMarriage.com - Yes on 8, a Project of California Renewal ("ProtectMarriage.com"), National Organization for Marriage California - Yes on 8, Sponsored by National Organization for Marriage ("NOM-California"), and John Doe #1, an individual, and as a representative of the Class of Major Donors, state as follow:

**Introduction**

This case involves a facial and as-applied challenge to California's Political Reform Act of 1974, California Government Code ("CGC") § 81000 *et seq.*, as amended (hereinafter "the Act"). Specifically, Plaintiffs assert that the Act's compelled disclosure provisions violate Plaintiffs' First Amendment rights of freedom of speech and association.

Plaintiffs object to the publication of any information that could be used to identify any individual that supported Proposition 8. Neither Defendants or members of the public have an absolute right to access or publish materials filed with the court and protection is warranted here, given the threats and the kinds of harassment that supporters of Proposition 8 have received in the past, as documented in the declaration of Sarah E. Troupis, submitted in support of Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction. Furthermore, the very essence of this case is that Plaintiffs cannot be forced to reveal their identities, or the identities of their donors, without violating their fundamental First Amendment rights. If Plaintiffs are forced to reveal their names and the names of their supporters in the context of this suit, Plaintiffs will be denied a meaningful opportunity to obtain injunctive relief without first suffering the harm. *See NAACP v. Alabama*, 357 U.S. 449, 459 (1958) (holding that a judicial rule that required an individual to identify himself in order to assert his First Amendment rights "would result in a nullification of the right at the very moment of its assertion").

**Plaintiffs' Memorandum in Support of Motion for Protective Order and Leave to File Documents Under Seal**     2

Because Plaintiffs anticipate that some of these documents will be used in dispositive motions, Plaintiffs urge this Court to make a finding that compelling justification exists for redacting personal information and for filing unredacted versions under seal.

**Argument**

**I. The public does not have an absolute right to obtain the information that Plaintiffs seek to redact and file under seal.**

In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption flows from the common law right "to inspect and copy public records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, the common law right of access is not absolute and "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. In determining whether compelling justification exists, the courts should consider all factors, including:

> the public interest in understanding the judicial process and whether disclosure of the material could result in *improper use* of the material for scandalous or libelous purposes or infringement upon trade secrets. . . . After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* (emphasis added); *see also*, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to *gratify private spite*, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (*citing Nixon v. Warner Communications*, 435 U.S. at 598) (emphasis added). Thus, the Ninth Circuit standard, at least with respect to documents attached to dispositive motions, requires the court to balance the

**Plaintiffs' Memorandum in Support
of Motion for Protective Order and
Leave to File Documents Under Seal** 3

"competing interests of the public and the party who seeks to keep certain judicial records secret."[1]  *Kamakana*, 447 F.3d at 1179.

## II. The balance tips decidedly in favor of Plaintiffs.

This case differs in significant respect from the typical case where a party is seeking leave to file documents under seal. The very essence of Plaintiffs' case is whether California possesses an interest sufficient to justify compelled disclosure, and then even if it has such an interest, whether Plaintiffs are nevertheless entitled to an exemption because of the animosity directed at supporters of Proposition 8. Thus, if Plaintiffs are not permitted to redact personal information from their filings likely to lead to the identification of supporters of Proposition 8, the court in many respects will perpetuate the very harm that Plaintiffs seek to redress through this suit. That is, unless this Court permits Plaintiffs to redact identifying information from their public filings, there is no meaningful way for Plaintiffs to assert their First Amendment rights without first suffering the alleged harm of public disclosure.

The Supreme Court has repeatedly held that "compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Davis v. F.E.C.*, 128 S. Ct. 2759, 2774-75 (2008) (quoting *Buckley v. Valeo*, 424 U.S. 1, 64 (1976); "[C]ompelled disclosure . . . cannot be justified by a mere showing of some legitimate government interest. . . . [It] must survive exacting scrutiny." *Id*. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 363 (6th Cir. 1998) (*quoting Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

---

[1] For discovery materials attached to non-dispositive motions, the party seeking leave to file under seal need only present "good cause." *See Kamakana*, 447 F.3d at 1179-80; Federal Rule of Civil Procedure 26(c). Because Plaintiffs are seeking a protective order under Rule 5.2(e), and because Plaintiffs anticipate that many of these documents will eventually be attached to dispositive motions, Plaintiffs ask this court to make a finding under the higher "compelling justification" standard.

**Plaintiffs' Memorandum in Support
of Motion for Protective Order and
Leave to File Documents Under Seal**      4

As set forth in greater detail in Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction, California's compelled disclosure provisions violate Plaintiffs' First Amendment rights because they are not narrowly tailored to serve a compelling government interest. Furthermore, even if the compelled disclosure provisions are narrowly tailored to serve a compelling government interest, Plaintiffs are entitled to a blanket exemption because of the threats, harassment, and reprisals directed at supporters of Proposition 8. *See Buckley v. Valeo*, 424 U.S. at 71 (noting that there may be a case where the First Amendment harms that result from compelled disclosure exceed the state's interest and setting forth the standard for a blanket exemption); *Brown v. Socialist Workers '74 Campaign Committee (Ohio)*, 459 U.S. 87 (1982) (applying the standard set forth in *Buckley* and granting blanket exemption). This animosity is enabled in part by California's compelled disclosure provisions. Supporters of Proposition 8 have been subjected to extreme levels of animosity for exercising their fundamental First Amendment rights. *See* Decl. of Sarah E. Troupis (consisting of a number of exhibits, mostly news articles, highlighting the types of threats and harassment directed at Proposition 8 supporters).

Based on these and other recent experiences, there is ample reason to believe that any individual identified in this suit will be subjected to similar threats and harassment, resulting in the very harm that Plaintiffs seek to correct through this suit. In the current contentious environment, it is unconscionable to ask any individual to come forward knowing that his or her identity will be made available to the same individuals culling through Cal-Access and targeting Proposition 8 supporters.[2] *See* Decl. of Sarah E. Troupis (discussing the reluctance of some individuals to come forward for fear of further harassment). Indeed, given the prevalence of web

---

[2] Cal-Access, *available at* http://cal-access.sos.ca.gov/Campaign/, is a web site provided by the State of California that allows anyone with internet access to search the reports required by the Act.

**Plaintiffs' Memorandum in Support of Motion for Protective Order and Leave to File Documents Under Seal**     5

sites such as www.californiansagainsthate.com, which provides a list of the top donors to ProtectMarriage.com and NOM-California and asks opponents of Proposition 8 to "help us identify and take action against those who want to deny us our equal rights," this fear is well grounded.

As the Supreme Court cautioned in *Nixon v. Warner Communications*, 435 U.S. at 598, the public right to "inspect and copy judicial records is not absolute." The court must use its supervisory power over its own records to ensure that its records are not used to "gratify private spite." *Id.* Here, there is a very realistic possibility that any individual identified in documents filed with the court will be targeted for his or her support of Proposition 8. The use of court documents to harass supporters of Proposition 8 is exactly the type of "improper use" that the Supreme Court contemplated in *Nixon. Id.* Thus, the potential harm to Plaintiffs and their supporters is great if they are not allowed to redact personal identifying information from their public filings with this Court.

Conversely, allowing Plaintiffs to redact personal identifying information and to file unredacted copies of the documents with the court under seal places only a marginal restriction on the public's right of access. The redacted versions of documents filed with the court will be virtually identical to those filed under seal. Plaintiffs seek only to replace the names of individuals with unique pseudonyms, such as John Doe #X, and to remove other unique identifying information, such as addresses, employer information, or unique monetary contributions, that could lead to the identification of a supporter of Proposition 8. Furthermore, Plaintiffs are willing to file unredacted versions under seal provided an appropriate protective order is issued to protect the identities of these individuals.

Therefore, the harm to Plaintiffs that would occur if the protective order is not granted greatly exceeds the burden on the public's right to access and compelling justification exists to warrant the protection sought in Plaintiffs' Motion for Protective Order.

**Plaintiffs' Memorandum in Support
of Motion for Protective Order and
Leave to File Documents Under Seal**      6

Respectfully submitted,

\_\_\_/S/\_Timothy D. Chandler_____
Timothy D. Chandler (Cal. Bar No. 234325)
ALLIANCE DEFENSE FUND
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Counsel for All Plaintiffs
Designated Counsel for Service

James Bopp, Jr. (Ind. Bar No. 2838-84)*
Barry A. Bostrom (Ind. Bar No.11912-84)*
Sarah E. Troupis (Wis. Bar No. 1061515)*
Scott F. Bieniek (Ill. Bar No. 6295901)*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
Counsel for All Plaintiffs
*Pro Hac Vice Application Pending

**PROOF OF SERVICE**

I, Timothy D. Chandler, am over the age of 18 years and not a party to the within action. My business address is 101 Parkshore Drive, Suite 100; Folsom, California 95630.

On January 9, 2009, I electronically filed the foregoing document described as Plaintiffs' Memorandum in Support of Motion for Protective Order and Leave to File Documents Under Seal, which will be served on all Defendants along with the Summons and Amended Complaint.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 9, 2009 at Folsom, California.

<u>s/Timothy D. Chandler</u>
Timothy D. Chandler (CA Bar No. 234325)
Attorney for Plaintiff