EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
CHRISTOPHER E. KRUEGER, State Bar No. 173288
Senior Assistant Attorney General
DOUGLAS J. WOODS, State Bar No. 161531
Supervising Deputy Attorney General
SETH E. GOLDSTEIN, State Bar No. 238228
ZACKERY P. MORAZZINI, State Bar No. 204237
Deputies Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-8226
 Fax: (916) 324-5567
 E-mail: Zackery.Morazzini@doj.ca.gov

*Attorneys for Defendants Debra Bowen, California Secretary of State; Edmund G. Brown Jr., California Attorney General*

SCOTT HALLABRIN., State Bar No. 076662
General Counsel
LAWRENCE T. WOODLOCK, State Bar No. 137676
HEATHER M. ROWAN., State Bar No. 232415
FAIR POLITICAL PRACTICES COMMISSION
 428 J Street, Suite 800
 Sacramento, CA 95814
 Telephone: (916) 322-5660
 Facsimile: (916) 327-2026
 E-mail: HRowan@fppc.ca.gov

*Attorneys for Defendant Members of the Fair Political Practices Commission*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PROTECTMARRIAGE.COM, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DEBRA BOWEN, SECRETARY OF STATE FOR THE STATE OF CALIFORNIA, ET AL.,**<br><br>Defendants. | 2:09-cv-00058-MCE-DAD<br><br>**STATE DEFENDANTS' EX PARTE APPLICATION FOR RECONSIDERATION OF ORDER SHORTENING TIME ON MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:<br>Time:<br>Judge Morrison C. England, Jr.<br>Trial Date: None Set<br>Action Filed: January 7, 2009 |

1

Defendants Debra Bowen, California Secretary of State, Edmund G. Brown Jr., California Attorney General, and Ross Johnson, Timothy Hodson, Eugene Huguenin, Jr., Robert Leidigh, and Ray Remy, as members of California's Fair Political Practices Commission (collectively "State Defendants") hereby apply to the Court, ex parte, for reconsideration of its order granting plaintiffs' Ex Parte Motion to Shorten Time on Motion for Preliminary Injunction, which order was entered by the Court on January 12, 2009. The State Defendants request that plaintiffs' motion to shorten time be denied outright given the prejudicial shortcomings in their motion, identified below, or alternatively, that the Court order a short extension to the briefing schedule set.

The State Defendants apply for reconsideration of the Court's order on the grounds that plaintiffs recently presented new facts not provided to the Court and, to date, have failed to perfect service of any pleadings, including the Motion for Preliminary Injunction or any evidence cited therein.[1] Although the State Defendants have obtained copies of some of the pleadings on file with the Court, plaintiffs themselves admit that they have failed to properly serve any of the named defendants with any such pleadings. See Affidavit of Sarah E. Troupis in Suppt. Pls.' Mot. Shorten Time for Hearing on Mot. Prelim. Inj., etc., at p. 2, ("Although this does not perfect service, Plaintiffs are attempting to make sure that Defendants are provided copies of all filings and are in the process of perfecting service.") Of course, absent proper service, the Court lacks personal jurisdiction over the State Defendants. See *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ["Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. . . . Rule 4(a) provides that defendants must be personally served or served in compliance with alternatives listed in 4(d)(6) or 4(d)(7). Neither actual notice, . . . nor simply naming the person in the caption of the complaint . . . will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4."]

---

[1] Plaintiffs have also failed to comply with Local Rule 6-144 (e), in that they failed to state in their affidavit filed in support of the Ex Parte Motion that they sought to obtain a stipulation to shorten time from any defendants named in this case.

Moreover, the majority of the evidence apparently being relied upon by plaintiffs in the Motion for Preliminary Injunction was not provided to the State Defendants until after close of business on January 12, 2009. However, these pleadings are redacted, unsigned, do not appear on Pacer, and the State Defendants have no way of knowing if this will be the actual evidence relied upon by plaintiffs at the hearing. Therefore, in the absence of proper service of process and an opportunity to review the evidence filed with the Court, the State Defendants will be prejudiced should the Court grant plaintiffs' Ex Parte Motion to shorten time on their motion for a preliminary injunction. The State Defendants must be accorded a reasonable opportunity to review the actual evidence to be relied upon by plaintiffs prior to being held to defend the laws at issue and its application to plaintiffs.

Finally, the State Defendants note that plaintiffs have misrepresented the actual filing date for the semi-annual campaign statement at issue in plaintiffs' First Amended Complaint and Motion for Preliminary Injunction. The statement is not statutorily required to be filed on January 31, 2009, as represented by plaintiffs throughout their pleadings. Because January 31 falls on a Saturday, the statement is not due filed until the following business day, Monday, February 2, 2009. Cal. Code Regs. tit. 2, § 18116. And this filing can be made electronically. Cal. Gov. Code § 84600 et seq. Therefore, an order on the preliminary injunction could issue as late as February 2, and plaintiffs would still have an opportunity to electronically file should the Court deny the requested injunction.

Nevertheless, should the Court decline to deny plaintiffs' Ex Parte Motion outright on reconsideration, and given that the electronic filing deadline is February 2, the State Defendants respectfully request that the Court re-set the hearing for no earlier than January 30, 2009, with all opposition papers to be filed no later than January 26, and any reply papers to be filed no later than January 28. The State Defendants further request that the Court include in its order that any shortened time granted is contingent upon plaintiffs ensuring that the State Defendants are

3

properly served with all pleadings, including, at a minimum, a redacted version of its actual evidence that will be relied upon in the preliminary injunction proceedings.[2]

Therefore, should the Court decline to deny plaintiffs' Ex Parte Motion outright on reconsideration, the State Defendants respectfully request the Court alter the briefing schedule and hearing date as specified herein.

Dated: January 13, 2009                      Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
Christopher E. Krueger,
Senior Assistant Attorney General
DOUGLAS J. WOODS
Supervising Deputy Attorney General


/s/ Zackery P. Morazzini
ZACKERY P. MORAZZINI
Deputy Attorney General
*Attorneys for Defendants Debra Bowen, California Secretary of State; Edmund G. Brown Jr., California Attorney General*


SCOTT HALLABRIN
General Counsel
LAWRENCE T. WOODLOCK

/S/ HEATHER M. ROWAN
HEATHER M. ROWAN
*Attorneys for Defendant Members of the Fair Political Practices Commission*

---

[2] Additionally, the State Defendants respectfully bring to the Courts attention that in the Court's order granting the Ex Parte Motion, the defendants' opposition papers would be due Monday, January 19, 2009, which is Martin Luther King, Jr. Day, a federal and state holiday.

4