**John Doe #1**

James Bopp, Jr. (Ind. State Bar No. 2838-84)*
Barry A. Bostrom (Ind. State Bar No.11912-84)*
Sarah E. Troupis (Wis. State Bar No. 1061515)*
Scott F. Bieniek (Ill. State Bar No. 6295901)*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
Telephone:   (812) 232-2434
Facsimile:    (812) 235-3685
Counsel for All Plaintiffs

Timothy D. Chandler (Cal. State Bar No. 234325)**
ALLIANCE DEFENSE FUND
101 Parkshore Drive, Suite 100
Folsom, California  95630
Telephone:   (916) 932-2850
Facsimile:    (916) 932-2851
Counsel for All Plaintiffs

\* *Pro Hac Vice Application Pending*
\*\* *Designated Counsel for Service*

**United States District Court**
**Eastern District of California**

| | |
|---|---|
| **ProtectMarriage.com,** *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>**Debra Bowen,** *et al.*,<br><br>*Defendants*. | Case No. 2:09-CV-00058-MCE-DAD<br><br>**DECLARATION OF REDACTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  TBD<br>Time:  TBD<br>Judge England |

---

Decl. of REDACTED in Support of Plaintiffs' Motion for Preliminary Injunction

1

1  I, REDACTED, make the following declaration pursuant to 28 U.S.C. § 1746**:**

2  1. I am a resident of the state of California over 18 years of age, and my statements herein are based on personal knowledge.

3  2. I supported the passage of Proposition 8.

4  3. In support of the passage of Proposition 8, I donated $XX,XXX to ProtectMarriage.com – Yes on 8.

5  4. I own REDACTED, a local REDACTED store REDACTED in the Counties of REDACTED, REDACTED, and REDACTED. I have a total of REDACTED stores in this area.

6  5. My donation to ProtectMarriage.com – Yes on 8 was a personal one, but because one has to list an employer, I had to list the name of my business since I am self-employed.

7  6. In support of the passage of Proposition 8, I placed a yard sign in the front yard of my home.

8  7. In support of the passage of Proposition 8, I also made phone calls on behalf of the Proposition 8 campaign with a group of people from my church.

9  8. In October 2008, someone put flyers on all the cars in the parking lot of my REDACTED store. These fliers referenced my support of Proposition 8 and my financial contribution.

10  9. I believe that, because I was required to provide the name of my business when I made my personal donation to ProtectMarriage.com – Yes on 8, and because this information was made available to the public, my stores have been targeted for various forms of harassment.

11  10. On the social networking website of Facebook, at least three "groups" have been formed urging boycotts of REDACTED (Boycott REDACTED, Boycott REDACTED, and Boycott REDACTED – Equality for All!!!). As of January 9, 2009, one of these groups had over 160 members.

12  11. Someone started REDACTED and for a portion of November 2008, paid for it to be a sponsored link on Google. What this means is that, when one searches for my company on websites that show Google's sponsored links, REDACTED is the first website that appears on the list of sponsored links.

13  12. The website REDACTED makes reference to my personal donation in support of Proposition 8 and urges people to boycott my stores on the basis of my support

**John Doe #1**

13. On Yelp.com, a website featuring reviews of local businesses and restaurants, several negative reviews of my stores have been posted. None of the reviews have anything to do with my business, but instead reference my donation to ProtectMarriage.com – Yes on 8.

14. Various other websites have published negative reviews of my stores based solely on my donation to ProtectMarriage.com – Yes on 8.

15. Since the passage of Proposition 8, my [REDACTED] store has been picketed twice.

16. On November [XX], 2008, there was a march in opposition to Proposition 8 in downtown [REDACTED]. The [REDACTED] Police Department called and informed me that they had received information that the protestors planned to march to my [REDACTED] store and picket there.

17. Several of the protestors who came to the [REDACTED] store on November [XX], 2008 were fairly aggressive. They stood in front of the entrance to the store and attempted to give flyers to my customers stating that they should not shop at my stores because of my donation to Proposition 8. A true and correct copy of the flyer distributed by the picketers is attached to this Declaration as Exhibit A.

18. Several people arrived and were fairly aggressive. They stood in front of the entrance to the store and attempted to give flyers to my customers stating that they should not shop at my stores because of my donation to Proposition 8.

19. The second time that my [REDACTED] store was picketed, several people assembled in front of the entrance to the store and tried to get my customers to sign some sort of petition.

20. The manager of the store told the protestors they could not block the entrances and exits of the store. The protestors refused to leave.

20. We called the [REDACTED] Police Department and asked them to ask the protestors to move to the sidewalk, since they were standing in front of the entrances and we believed they were trespassing, because the store is located on private property.

21. The [REDACTED] Police Department told me that the store is a public place and that the protestors were not trespassing. The Police Department refused to ask the protestors to relocate to the sidewalk.

22. After the passage of Proposition 8, an individual came into my [REDACTED] store, filled a shopping cart with groceries, and took it to the check-out line. Once the cashier had scanned in all of

---

Decl. of [REDACTED] in Support of Plaintiffs' Motion for Preliminary Injunction

3

**John Doe #1**

the items in the shopping cart, the individual announced that he was not going to buy anything because I supported Proposition 8, and left without paying for the items.

23. I have retained many but not all of the letters and hundreds of e-mails that my stores or I received because of my support of Proposition 8.

24. My stores received numerous harassing phone calls that referenced my support of Proposition 8.

25. Around 30-40 people have walked into my stores since the passage of Proposition 8 and expressed their displeasure about my support of Proposition 8.

26. Because of my concerns about product tampering in light of my support of Proposition 8, I have been forced to install an additional sixteen security cameras in my stores to protect the integrity and safety of our products.

27. These experiences will hinder me from donating to a cause similar to Proposition 8 in the future. I feel very strongly about the issue of same-sex marriage, but in the future I would support a measure like Proposition 8 more discretely and would not donate like this again. I feel it is very unfair that I could not make my donation a personal matter only and leave the name of my business out. As a result of my personal donation, my stores and my employees have been subject to harassment, and I feel this is not right.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on REDACTED REDACTED
REDACT



---

Decl. of REDACT in Support of Plaintiffs' Motion for Preliminary Injunction

4

**PROOF OF SERVICE**

I, Timothy D. Chandler, am over the age of 18 years and not a party to the within action. My business address is 101 Parkshore Drive, Suite 100; Folsom, California 95630.

On January 15, 2009, I electronically filed the foregoing document described as Declaration of John Doe #1 in Support of Plaintiffs' Motion for Preliminary Injunction, with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Zackery Paul Morazzini
Zackery.Morazzini@doj.ca.gov
*Attorney for Defendants Debra Bowen and Edmund C. Brown, Jr.*

And, pursuant to Rule 5-135(f), on January 15, 2009, I served the foregoing document described as Declaration of John Doe #1 in Support of Plaintiffs' Motion for Preliminary Injunction by placing true and correct copies of the documents in sealed envelopes with postage thereon fully prepaid, in the United States mail at Folsom, California, addressed to the following non-CM/ECF participants:

Dean C. Logan
Office of the Registrar-Recorder
12400 Imperial Highway
Norwalk, California 90650

Department of Elections, City and County of San Francisco
c/o Office of the Mayor Gavin Newsom
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102

Jan Scully
Office of the District Attorney
901 G Street
Sacramento, California 95814

Eileen Teichert
Office of the City Attorney
New City Hall Building
915 I Street, 4th Floor
Sacramento, California 95814

Ross Johnson
California Fair Political Practices Commission
428 J. Street, Suite 620
Sacramento, California 95814

Timothy Hodson
California Fair Political Practices Commission
428 J. Street, Suite 620
Sacramento, California 95814

Eugene Huguenin, Jr.
California Fair Political Practices Commission
428 J. Street, Suite 620
Sacramento, California 95814

Robert Leidigh
California Fair Political Practices Commission
428 J. Street, Suite 620
Sacramento, California 95814

and

Ray Remy
California Fair Political Practices Commission
428 J. Street, Suite 620
Sacramento, California 95814

*Defendants*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 15, 2009 at Folsom, California.

<u>s/Timothy D. Chandler</u>
Timothy D. Chandler (CA Bar No. 234325)
Attorney for Plaintiff