1  EDMUND G. BROWN JR., SBN: 37100
   Attorney General of California
2  CHRISTOPHER E. KRUEGER, SBN: 173288
   Senior Assistant Attorney General
3  DOUGLAS J. WOODS, SBN: 161531
   Supervising Deputy Attorney General
4  SETH E. GOLDSTEIN, SBN: 238228
   ZACKERY P. MORAZZINI, SBN: 204237
5  Deputy Attorneys General
    1300 I Street, Suite 125
6   P.O. Box 944255
    Sacramento, CA 94244-2550
7   Telephone: (916) 445-8226
    Fax: (916) 324-5567
8   E-mail: Zackery.Morazzini@doj.ca.gov
   *Attorneys for Defendants Debra Bowen, California*
9  *Secretary of State; Edmund G. Brown Jr., California*
   *Attorney General*
10
   SCOTT HALLABRIN, General Counsel, SBN: 076662
11 LAWRENCE T. WOODLOCK, SBN: 137676
   Fair Political Practices Commission
12  428 J Street, Suite 800
    Sacramento, CA 95814
13  Telephone: (916) 322-5660
    Fax: (916) 327-2026
14  E-mail: lwoodlock@fppc.ca.gov
   *Attorneys for Defendants Members of the Fair*
15 *Political Practices Commission*

16              IN THE UNITED STATES DISTRICT COURT

17              FOR THE EASTERN DISTRICT OF CALIFORNIA

18

19

20 | **PROTECTMARRIAGE.COM, et al.,** | 2:09-cv-00058-MCE-DAD |
|---|---|
| Plaintiff, | **STATE DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE** |
| **v.** | Date: January 29, 2009 |
| | Time: 11:00 a.m. |
| **DEBRA BOWEN, SECRETARY OF STATE FOR THE STATE OF CALIFORNIA, et al.,** | Courtroom: 7, 14th Floor |
| | Judge Morrison C. England, Jr. |
| | Trial Date: None Set |
| | Action Filed: January 7, 2009 |
| Defendants. | |

1

To supplement their anonymous declarations that primarily allege harm based on protected First Amendment activity, Plaintiff submit dozens of newspaper articles and television news video clips to support their argument that the disclosure of contributors will lead to threats and harassment. All of these exhibits are inadmissible hearsay or double hearsay. Moreover, the articles and video clips are needlessly cumulative, with numerous exhibits discussing the same general allegations.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is inadmissible unless it satisfies an exception to the hearsay rule, Fed R. Evid. 802, which these exhibits do not. And, each layer of hearsay included within hearsay must satisfy an exception to the hearsay rule. Fed. R. Evid. 805; see also *Larez v. City of Los Angeles,* 946 F.2d 630, 642 (9th Cir.1991) (statement by declarant reiterated in newspaper article constitutes double hearsay.)

Notably, in a case very similar to this one, the plaintiffs attempted to use newspaper articles as evidence of harassment to get an exemption from disclosure requirements pursuant to *Buckley v. Valeo*, 424 U.S. 1, 74 (1976), but the state's hearsay objection was sustained. *Oregon Socialist Workers 1974 Campaign Committee v. Paulus*, 432 F. Supp. 1255, 1262 (D.Or. 1977). The Ninth Circuit Court of Appeals has itself found newspaper articles to be inadmissible hearsay and not the best evidence. *Larez,* 946 F.2d at 642.

Although safety and security concerns are undeniably present in any legitimate claim for an exemption from disclosure requirements, it is worth noting that Plaintiffs' attempt to obtain relief primarily based on media reports appears to be unique. Typically, plaintiffs have shown harassment based on affidavits or declarations, official government reports, or an examination of laws governing unpopular minor parties. *See, e.g., Brown v. Socialist Workers '74 Campaign*

2

*Committee (Ohio)* 459 U.S. 87, 100 n. 17 (examining Special Master's report), *Federal Election Com'n v. Hall-Tyner Election Campaign Committee*, 678 F.2d 416, 419, 422 (2d Cir. 1982) (relying on state and federal laws, Senate reports, and affidavits of party members), *Wisconsin Socialist Workers 1976 Campaign Committee v. McCann*, 433 F.Supp. 540, 547-48 (E.D.Wis. 1977) (relying on affidavits of experts and party members), *Doe v. Martin*, 404 F.Supp. 753, 755-56 (D.C. 1975) (relying on affidavits and Minnesota Ethics Commission report). Also, although Plaintiffs state that some witnesses are unwilling to come forward because of safety concerns (Troupis Decl., 8:15-16), it is difficult to see what additional dangers witnesses would have were they called on to give testimony, as the media reports which use real names and current campaign disclosure lists are already in the public sphere as Plaintiffs contend.

The inadmissible hearsay exhibits are also needlessly cumulative. Although Plaintiffs have compiled multiple media reports, they mostly relate to the same few events. For example, twenty-eight of the fifty-eight exhibits discuss the same set of events concerning mostly the same businesses alleging boycotting or blacklisting.[1] And, Exhibits C, D, E, O, Q, R and three video clips all discuss purported threats to the mayor and a religious leader in Fresno, while Exhibits F, G, and O all relate to an alleged incident involving a group trying to conduct a prayer service in San Francisco's Castro District.

///

///

///

///

///

---

[1] See Troupe Decl., Exs. A, B, N, O, P, AD, AE, AG, AH, AI, AK, AL, AM, AN, AO, AP, AQ, AR, AS, AT, AU, AV, BA, BB, BC, BD, BE, BF.

OBJECTIONS TO EVIDENCE  (2:09-cv-00058-MCE-DAD)

1         Because Plaintiffs' newspaper articles and television news clips are all inadmissible

2    hearsay or double hearsay, they are inadmissible and cannot be used to prove the threats and

3    harassment that Plaintiff have alleged.

4

5

6    Dated:  January 22, 2009                        Respectfully submitted,

7                                     EDMUND G. BROWN JR.
                                 Attorney General of California

8                                     CHRISTOPHER E. KRUEGER,
                                 Senior Assistant Attorney General

9                                     DOUGLAS J. WOODS
                                 Supervising Deputy Attorney General

10                                    SETH E. GOLDSTEIN
                                 Deputy Attorney General

11

12                                     /s/  Zackery P. Morazzini

13                                    ZACKERY P. MORAZZINI
                                 Deputy Attorney General
                                 *Attorneys for Defendants Debra Bowen,*

14                                    *California Secretary of State; Edmund G.*
                                 *Brown Jr., California Attorney General*

15

16                                    Fair Political Practices Commission

17                                    SCOTT HALLABRIN, General Counsel
                                 LAWRENCE T. WOODLOCK

18

19                                    /s/  Lawrence T. Woodlock

20                                    LAWRENCE T. WOODLOCK
                                 *Attorneys for Defendants Members of the*

21                                    *Fair Political Practices Commission*

22

23

24

25

26

27

28

OBJECTIONS TO EVIDENCE  (2:09-cv-00058-MCE-DAD)