**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
Kristina M. Hall, SBN 196794
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants JAN SCULLY, in her official capacity

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECTMARRIAGE.COM - YES ON 8, A PROJECT OF CALIFORNIA RENEWAL; NATIONAL ORGANIZATION FOR MARRIAGE CALIFORNIA - YES ON 8, SPONSORED BY NATIONAL ORGANIZATION FOR MARRIAGE, JOHN DOE #1, an individual and as representative of the CLASS OF MAJOR DONORS,<br>    Plaintiffs,<br>vs.<br>DEBRA BOWEN, Secretary of State for the State of California, in her official capacity; EDMUND G. BROWN, JR., Attorney General for the State of California, in his official capacity; DEAN C. LOGAN, Registrar-Recorder of Los Angeles County, California, in his official capacity; DEPARTMENT OF ELECTIONS - CITY AND COUNTY OF SAN FRANCISCO; JAN SCULLY, District Attorney for Sacramento County, California in her official capacity and as a representative of the Class of District Attorneys in the State of California; DENNIS J. HERRERA, City Attorney for the City and County of San Francisco, California, in his official capacity and as a representative of the Class of Elected City Attorneys in the State of California; ROSS JOHNSON, TIMOTHY HODSON, EUGENE HUGUENIN, JR., ROBERT LEIDIGH and RAY REMY, members of the California Fair Political Practices Commision, in their official capacities,<br>    Defendants. | Case No. 2:09-CV-00058-MCE-DAD<br><br>**DEFENDANT JAN SCULLY'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND PROTECTIVE ORDER** |

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

1

**DEFENDANT JAN SCULLY'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND PROTECTIVE ORDER**
00648095.WPD

dockets.Justia.com

Defendant JAN SCULLY, in her official capacity as District Attorney for the County of Sacramento, hereby submits the following opposition to Plaintiffs' Motion for Preliminary Injunction and Protective Order.

## I.

## **DEFENDANT SCULLY'S POSITION OF NEUTRALITY**

Defendant SCULLY takes a neutral position in regard to Plaintiffs' Motions for Preliminary Injunction and a Protective Order. It is the position and responsibility of the District Attorney to enforce existing law. Accordingly, in this instance, Defendant SCULLY, as the District Attorney of Sacramento County, will neither support or oppose the position of the other parties on the merits of the claims being asserted in this action. Defendant SCULLY will therefore defer to this Court's determination of the status of the laws in question.

## II.

## **IT IS IMPROPER TO ENJOIN A DISTRICT ATTORNEY FROM ENFORCING THE LAW**

California Government Code § 91001[1] authorizes the Sacramento County District Attorney to file an a criminal or civil action if she determines that any violation of the Political Reform Act of 1974 (Govt. Code § 81000 *et seq.*) exists. Thus, it stands to reason

---

[1]Government Code § 91001 provides, in pertinent part:

(a) The Attorney General is responsible for enforcing the criminal provisions of this title with respect to state agencies, lobbyists and state elections. The district attorney of any county in which a violation occurs has concurrent powers and responsibilities with the Attorney General.

(b) The civil prosecutor is primarily responsible for enforcement of the civil penalties and remedies of this title. The civil prosecutor is the commission with respect to the state or any state agency, except itself. The Attorney General is the civil prosecutor with respect to the commission. The district attorneys are the civil prosecutors with respect to any other agency. The civil prosecutor may bring any civil action under this title which could be brought by a voter or resident of the jurisdiction. Upon written authorization from a district attorney, the commission may bring any civil action under this title which could be brought by a voter or resident of the jurisdiction.

that Plaintiffs cannot enjoin the Sacramento County District Attorney from taking an action that she is statutorily authorized to take. See, e.g., Ingram v. Flippo, 74 Cal.App.4th 1280, 1291 (1999). In fact, not only is the District Attorney authorized to take action, but she may be *required* to do so by law.

In addition, any request for an injunction against Defendant SCULLY is also improper because it is not ripe for adjudication. The ripeness requirement is intended "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Laboratories, Inc. v. Gardner, 387 U.S. 136, 148-49 (1967). "An action is unripe when the issues are not sufficiently concrete for judicial resolution." Western Oil & Gas Ass'n v. Sonoma County, 905 F.2d 1287, 1290 (9th Cir. 1990). In determining the ripeness of a pre-enforcement challenge to a law, the court must examine "whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement." Sacks v. Office of Foreign Assets Control, 466 F.3d 764, 773 (9th Cir. 2006). Here, Plaintiffs fail to present any evidence of any "concrete plan," any threat by Defendant Scully that she will initiate proceedings against them, nor any history of past prosecution. Accordingly, Defendant respectfully submits that any Motion for an injunction against her should also be denied because it is premature at this time.

### III.

### DEFENDANT JAN SCULLY APPEARS ONLY ON BEHALF OF HERSELF AS A NAMED PARTY, NOT AS A REPRESENTATIVE OF ANY PURPORTED CLASS

The Sacramento County District Attorney, in her official capacity, is being sued directly and as a purported class Defendant representative against all district attorneys in California. Defendant Scully submits that this designation is improper. The Court has made no certification of or any other finding regarding any "class" of California district attorney Defendants. Similarly, the Court has not determined the propriety of any appointment of Sacramento County District Attorney as a class representative, nor has Defendant sought to

be a class Defendant or even been heard on the matter. For purposes of Plaintiffs' present Motion, the Sacramento County District Attorney can and will only represent herself and only speak on her own behalf. Thus, the Sacramento County District Attorney is not authorized to nor can she bind any of the other California District Attorneys through her actions. Therefore any order issued by this Court should be limited accordingly.

## IV.

## CONCLUSION

Based on the foregoing, Defendant JAN SCULLY, in her official capacity, as the District Attorney for Sacramento County, respectfully takes a position of neutrality as to Plaintiffs' claims, but submits that any issuing injunction against her office is inappropriate and, assuming arguendo an order is issued, it cannot bind the District Attorneys in the remaining California counties.

Respectfully submitted,

Dated: January 23, 2009

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/Terence J. Cassidy
Terence J. Cassidy
Attorney for Defendant
JAN SCULLY, District Attorney for Sacramento County, California in her official capacity

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com