James Bopp, Jr. (Ind. State Bar No. 2838-84)*
Richard E. Coleson (Ind. State Bar No. 11527-70)**
Barry A. Bostrom (Ind. State Bar No.11912-84)*
Sarah E. Troupis (Wis. State Bar No. 1061515)*
Scott F. Bieniek (Ill. State Bar No. 6295901)*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
Counsel for All Plaintiffs

Benjamin W. Bull (Ariz. Bar No. 009940)**
ALLIANCE DEFENSE FUND
15100 North 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028
Counsel for All Plaintiffs

Timothy D. Chandler (Cal. State Bar No. 234325)***
ALLIANCE DEFENSE FUND
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Telephone: (916) 932-2850
Facsimile: (916) 932-2851
Counsel for All Plaintiffs

* *Admitted Pro Hac Vice*
** *Pro Hac Vice Application Pending*
*** *Designated Counsel for Service*

**United States District Court**
**Eastern District of California**
**Sacramento Division**

| | |
|---|---|
| **ProtectMarriage.com, et al.,** | Case No. 2:09-CV-00058-MCE-DAD |
| *Plaintiffs*, | **PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE** |
| v. | |
| **Debra Bowen, et al.,** | Date: January 29, 2009 |
| *Defendants*. | Time: 11:00 a.m. |
| | Judge Morrison C. England, Jr. |

**Plaintiffs' Response to State Defendants'
Objections to Plaintiffs' Evidence** 1

**Introduction**

Plaintiffs ProtectMarriage.com - Yes on 8, a Project of California Renewal ("ProtectMarriage.com"), National Organization for Marriage California - Yes on 8, Sponsored by National Organization for Marriage ("NOM-California"), and Plaintiff John Doe #1, an individual, and as a representative of the Class of Major Donors, file this Response to State Defendants' Objections to Plaintiffs' Evidence, which sets forth the reasons that Plaintiffs' evidence is appropriate to this Court's determination on whether to issue a preliminary injunction.

Plaintiffs agree with State Defendants that newspaper articles and reports are generally inadmissible hearsay. *See Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991) ("[N]ewspaper articles have been held inadmissible hearsay as to their content."). However, two exceptions to that generally applicable rule are pertinent here. First, otherwise inadmissible hearsay may be allowed for purposes of determining whether to issue a preliminary injunction. Relatedly, in a preliminary injunction hearing, Plaintiffs are allowed flexibility in the proof that they may offer in support of their Motion for Preliminary Injunction. Second, otherwise inadmissible hearsay may be used, so long as it is not used to prove the truth of the matters asserted therein.

**Argument**

**I. In Determining Whether to Issue a Preliminary Injunction, Hearsay May Be Considered By the Court.**

The United States Court of Appeals for the Ninth Circuit has allowed the use of hearsay - despite its generally inadmissible nature - to determine whether to issue a preliminary injunction. In upholding a district court's grant of a preliminary injunction in *Republic of Philippines v. Marcos*, the Ninth Circuit stated that it is "within the discretion of the district court to accept this hearsay for purposes of deciding whether to issue the preliminary injunction." 862 F.2d 1355, 1363 (9th Cir. 1988).

**Plaintiffs' Response to State Defendants'**
**Objections to Plaintiffs' Evidence**       2

Further, the Ninth Circuit has singled out the difficulty of obtaining affidavits as a reason for allowing hearsay to make a determination on the issuance of a preliminary injunction. "The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distributing Company, Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

Thus, this Court is fully justified in using the newspaper articles and reports attached to the Declaration of Sarah E. Troupis in Support of Plaintiffs' Motion for Preliminary Injunction ("Troupis Declaration") in determining whether to issue a preliminary injunction. Further, Plaintiffs have already submitted declarations from nine potential witnesses, and have noted for the Court the difficulty in obtaining even these nine witnesses. Affidavit of Sarah E. Troupis in Support of Plaintiffs' Motion to Shorten Time ¶ 6. The newspaper articles and reports attached to the Troupis Declaration show the Court the incidents that are alleged to have happened, and for which Plaintiffs hope to obtain witnesses in the future.

Relatedly, in a preliminary injunction hearing, Plaintiffs are given flexibility in the proof they are allowed to use to show the Court the injury that they will suffer without the preliminary injunction. An organization that is subjected to hostility for exercising its First Amendment rights may find it difficult to find witnesses willing to testify, as Plaintiffs have found here. Thus, the organization must be allowed "sufficient flexibility in the proof of injury." *Buckley v. Valeo*, 424 U.S. 1, 74 (1976).

**II. The Newspaper Articles and Reports May Be Used by the Court for Purposes Other than to Prove the Truth of the Matters Asserted Therein.**

One of the basic rules of hearsay is that a statement is only hearsay if it is offered to prove the truth of the matter asserted; it is part of the very definition of hearsay. Fed. R. Evid. 801(c). Hearsay offered to show or prove something other than the truth of the matter asserted in

**Plaintiffs' Response to State Defendants'
Objections to Plaintiffs' Evidence**   3

the statement is not hearsay. Here, for instance, the evidence shows the widespread reporting of alleged incidents related to supporters of Proposition 8, which gives rise to a widespread chilling effect on potential donors. Such chilling effect also goes to the ability of Plaintiffs to find witnesses who are willing to come forward and talk about what has happened to them, for fear of further retaliation. Further, the articles also illustrate the general controversy surrounding Proposition 8.

State Defendants' complaints about the evidence - particularly State Defendants' complaints that the newspaper articles and reports are repetitive of the same stories - are likewise misplaced. The numerous articles and reports detailing the same incidents illustrate the widespread reporting of alleged incidents related to Proposition 8, and the consequent widespread chilling effect that such newspaper articles and reports are having. For example, Defendants' object to Exhibits C, D, E, O, Q and R, of the Troupis Declaration, as well as three videos thereto, which all discuss the death threats leveled against the mayor of Fresno and a pastor in Fresno as a result of their support of Proposition 8. However, these newspaper articles and videos are from multiple sources in different parts of California (two of the major networks in Fresno, a Sacramento newspaper, and a magazine), and even when the sources are the same, the stories reported are different. For example, Exhibit D to the Troupis Declaration details the first threats that the Mayor of Fresno and the Pastor in Fresno received as a result of their support of Proposition 8, as reported by the Fresno ABC affiliate. Approximately a week later, the Fresno ABC affiliate ran a second story, Exhibit E to the Troupis Declaration, providing more detailed information on the threats that the Mayor and Pastor had received, including the actual language of those threats.

Defendants also state that numerous articles discuss the same set of events, but fail to mention that nearly all of such articles mention multiple, unrelated additional instances of threats and harassment aimed at supporters of Proposition 8, while disseminating the already-reported information to an even greater audience. Defendants list twenty-eight articles that they state

**Plaintiffs' Response to State Defendants'**
**Objections to Plaintiffs' Evidence**          4

concern "mostly the same businesses alleging boycotting or blacklisting." State Defendants' Objections to Plaintiffs' Evidence at 3, n. 1. What Defendants fail to mention is that the twenty-eight articles they suggest cover mostly the same incident include over thirty separate incidents of harassment directed at thirty different people, businesses, or organizations associated with Proposition 8:

1. Death threats against a pastor in Fresno;

2. The forced resignation of the director of a non-profit musical theater in Sacramento;

3. The forced resignation of the director of a film festival;

4. Boycott of a cinema chain;

5. Boycott of a film festival in Utah;

6. The loss of patients for a dentist;

7. Boycott of a restaurant over a $100 donation by one employee;

8. Newspaper writer called a "bigot" for authoring a story sympathetic to a supporter of Proposition 8 despite his own opposition to Proposition 8;

9. Physical assault and attempted sexual assault of Christians praying;

10. Storming of a church in East Lansing, Michigan during Sunday services;

11. Racial slurs shouted at African-Americans;

12. LDS Temple in Los Angeles receives envelope of white powder;

13. LDS Temple in Salt Lake City, Utah receives envelope of white powder;

14. Boycott of an ice cream store and protestors handing out free ice cream in front of store;

15. Arson at a LDS church in Littleton, Colorado;

16. Picketer outside a Sacramento business;

17. Yes on 8 sign and a heavy object thrown through a church window;

18. Sign and banner stolen from a church;

19. Pastor targeted for harassment after his picture appears in a newspaper as a supporter

**Plaintiffs' Response to State Defendants'**
**Objections to Plaintiffs' Evidence**       5

of Proposition 8;

20. "No on 8" spray painted on LDS church;

21. Eggs thrown at church and toilet paper strewn across church lawn;

22. Brick thrown through window of church;

23. Church marquee vandalized and church flags stolen;

24. Writer of letter to editor is threatened after his name appears in newspaper;

25. Websites creating "blacklists" of donors who supported Proposition 8 published;

26. Supporters of Proposition 8 "beaten up";

27. Supporters of Proposition 8 "outed" on Facebook and Craigslist;

28. Angry calls to a health food store whose owners supported Proposition 8;

29. Angry calls to and pickets of a car dealership whose owner supported Proposition 8;

30. Boycott of hotels owned by a donor to Proposition 8; and

31. Boycott of storage units owned by a donor to Proposition 8.

This widespread reporting of threats, harassment, and reprisals directed at supporters of Proposition 8 shows that, in places across the state of California and the United States, it was easy to find evidence of actions directed against supporters of Proposition 8 that could deter potential witnesses from coming forward to testify in person as to what happened to them.

## Conclusion

This Court should allow the evidence presented in the newspaper articles and reports attached to the Troupis Declaration, because even hearsay is allowed to be considered by the Court when considering a preliminary injunction. Further, even if the Court decides that such articles and reports should not be allowed on this exception to the general hearsay rules, the articles can be used to show the widespread reporting of alleged incidents, leading to the chilling of people who might otherwise be willing to come forward as witnesses and give testimony as to the incidents that have happened to them based on their support for Proposition 8. Therefore, this Court should accept and use the evidence presented in the newspaper articles and reports

**Plaintiffs' Response to State Defendants'**
**Objections to Plaintiffs' Evidence**      6

attached to the Troupis Declaration in reaching its decision on the issuance of a preliminary injunction.

Dated this 26th day of January, 2009.

Respectfully submitted,

| | /s/ James Bopp, Jr. |
|---|---|
| Benjamin W. Bull (Ariz. Bar No. 009940)** | James Bopp, Jr. (Ind. Bar No. 2838-84)* |
| ALLIANCE DEFENSE FUND | Richard E. Coleson (Ind. Bar No. 11527-70)* |
| 15100 North 90th Street | Barry A. Bostrom (Ind. Bar No.11912-84)** |
| Scottsdale, AZ 85260 | Sarah E. Troupis (Wis. Bar No. 1061515)* |
| Telephone: (480) 444-0020 | Scott F. Bieniek (Ill. Bar No. 6295901)* |
| Facsimile: (480) 444-0028 | BOPP, COLESON & BOSTROM |
| Counsel for All Plaintiffs | 1 South Sixth Street |
| | Terre Haute, IN 47807-3510 |
| Timothy D. Chandler (Cal. Bar No. 234325)*** | Lead Counsel for All Plaintiffs |
| ALLIANCE DEFENSE FUND | |
| 101 Parkshore Drive, Suite 100 | *Admitted Pro Hac Vice* |
| Folsom, CA 95630 | ***Pro Hac Vice Application Pending* |
| Counsel for All Plaintiffs | ****Designated Counsel for Service* |

**Plaintiffs' Response to State Defendants'
Objections to Plaintiffs' Evidence**  7

# CERTIFICATE OF SERVICE

I, James Bopp, Jr., am over the age of 18 years and not a party to the within action. My business address is 1 South Sixth Street, Terre Haute, Indiana 47807.

On January 26, 2009, I electronically filed the foregoing document described as Plaintiffs' Response to State Defendants' Objections to Plaintiffs' Evidence, with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Zackary Paul Morazzini
Zackary.Morazzini @doj.ca.gov
*Attorney for Defendants Debra Bowen, Edmund C. Brown, Jr.,
and Members of the California Fair Political Practices Commission*

Judy Welch Whitehurst
jwhitehurst@counsel.lacounty.gov
*Attorney for Defendant Dean C. Logan*

Terence John Cassidy
tcassidy@porterscott.com
*Attorney for Defendant Jan Scully*

Mollie Mindes Lee
mollie.lee@sfgov.org
*Attorney for Defendants Dennis J. Herrera and
Department of Elections - City and Count of San Francisco*

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct. Executed on January 26, 2009.

/s/ James Bopp, Jr.
James Bopp, Jr. (Ind. State Bar No. 2838-84)
Counsel for All Plaintiffs

**Plaintiffs' Response to State Defendants'
Objections to Plaintiffs' Evidence**        8