EDMUND G. BROWN JR., SBN: 37100
Attorney General of California
CHRISTOPHER E. KRUEGER, SBN: 173288
Senior Assistant Attorney General
DOUGLAS J. WOODS, SBN: 161531
Supervising Deputy Attorney General
SETH E. GOLDSTEIN, SBN: 238228
ZACKERY P. MORAZZINI, SBN: 204237
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 445-8226
 Fax:  (916) 324-5567
 E-mail:  Zackery.Morazzini@doj.ca.gov
*Attorneys for Defendants Debra Bowen, California Secretary of
State; Edmund G. Brown Jr., California Attorney General*

SCOTT HALLABRIN, General Counsel, SBN: 076662
LAWRENCE T. WOODLOCK, SBN: 137676
Fair Political Practices Commission
 428 J Street, Suite 800
 Sacramento, CA 95814
 Telephone:  (916) 322-5660
 Fax:  (916) 327-2026
 E-mail: lwoodlock@fppc.ca.gov
*Attorneys for Defendants Members of the Fair Political
Practices Commission*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **PROTECTMARRIAGE.COM, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DEBRA BOWEN, SECRETARY OF STATE FOR THE STATE OF CALIFORNIA, ET AL.,**<br>Defendants. | 2:09-cv-00058-MCE-DAD<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT.** |

        Defendants Debra Bowen, in her official capacity as the Secretary of State for the State

of California, Edmund G. Brown Jr., in his official capacity as Attorney General of the State of

California, and the individual members of the California Fair Political Practices Commission in

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

1

their official capacities ("Defendants"), answer the Second Amended Complaint for themselves and themselves only, by admitting, denying and affirmatively alleging as follows:

1.     Defendants admit that this is a facial and as-applied constitutional challenge to California's Political Reform Act of 1974, and that Plaintiffs seek declaratory and injunctive relief said to arise under the Constitution of the United States. Except as so admitted, Defendants deny the allegations of Paragraph 1.

2.     Defendants admit that Plaintiffs challenge the Political Reform Act's (the "Act") disclosure requirements. Except as so admitted, Defendants deny the allegations of Paragraph 2.

3.     Defendants admit that Plaintiffs challenge the Act's threshold for reporting contributors. Except as so admitted, Defendants deny the allegations of Paragraph 3.

4.     Defendants admit that Plaintiffs challenge the Act's disclosure requirements for post-election reporting. Except as so admitted, Defendants deny the allegations of Paragraph 4.

5.     Defendants admit that the Second Amended Complaint invokes 42 U.S.C. Section 1983 and the First and Fourteenth Amendments of the United States Constitution as the grounds of their lawsuit.

6.     Defendants admit the jurisdictional allegations of Paragraph 6.

7.     Defendants admit the allegation in Paragraph 7 that the Eastern District of California is the proper venue for this action under 28 U.S.C. Section 1391(b). Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 7, and therefore deny those allegations.

8.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and therefore deny those allegations.

9.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9, and therefore deny those allegations.

10.     Paragraph 10 fails to set forth any allegations; therefore, no admission or denial is required.

Defendants' Answer to 2nd Amend. Compl. (2:09-cv-00058-MCE-DAD)

2

11.      Defendants admit that contributors of $10,000 or more to a ballot measure committee are committees under the Act.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 11, and therefore deny those allegations.

12.      Paragraph 12 fails to set forth any allegations; therefore, no admission or denial is required.

13.      Defendants admit the allegations of the first two sentences of Paragraph 13.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of the third sentence of Paragraph 13, and therefore deny those allegations.  Defendants admit that campaign reports filed with the Secretary of State are public records and are open to the public for inspection pursuant to California Government Code Section 81008, but except as so admitted Defendants deny the allegations of the fourth sentence of Paragraph 13.  Defendants admit the allegations of the remaining sentences of Paragraph 13.

14.      Defendants admit that Edmund Brown Jr. is the Attorney General of California and that he is sued in his official capacity.  Except as so admitted, Defendants deny the allegations of Paragraph 14.

15.      Defendants admit the allegations of the first two sentences of Paragraph 15, and further admit that any campaign reports filed with Defendant Logan are public records open to the public for inspection at the office of Defendant Logan.  Except as so admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15, and therefore deny those allegations.

16.      Defendants admit that any campaign reports filed with Defendant Department of Elections – City and County of San Francisco are public records open to the public for inspection at the office of Defendant Department of Elections – City and County of San Francisco pursuant to California Government Code Section 81008.  Except as so admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16, and therefore deny those allegations.

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

3

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 regarding the location of the principal office of Plaintiff ProtectMarriage.com, and therefore deny those allegations.  Defendants admit the remaining allegations of Paragraph 17.

18.     Defendants admit the allegations of Paragraph 18.

19.     Defendants admit the allegations of Paragraph 19.

20.     Defendants admit the allegations of the first sentence of Paragraph 20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 20, and therefore deny those allegations.

21.     Defendants admit the allegations of the first sentence of Paragraph 21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 21, and therefore deny those allegations.

22.     Defendants admit the allegations of fact contained in Paragraph 22.

23.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23, and therefore deny those allegations.

24.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24, and therefore deny those allegations.

25.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25, and therefore deny those allegations.

26.     Defendants admit the allegations of Paragraph 26.

27.     Defendants admit the allegations of Paragraph 27 to the extent that Proposition 8 added language to the California Constitution.  Except as so admitted, Defendants deny the remaining allegations.

28.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28, and therefore deny those allegations.

29.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29, and therefore deny those allegations.

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

4

30.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30, and therefore deny those allegations.

31.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31, and therefore deny those allegations.

32.     In response to paragraph 32, Defendants admit that Government Code section 82013(c) is accurately quoted.  Defendants deny any and all remaining allegations contained in paragraph 32.

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 34, and therefore deny those allegations.

35.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 35, and therefore deny those allegations.

36.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36, and therefore deny those allegations.

37.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 37, and therefore deny those allegations.

38.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 38, and therefore deny those allegations.

39.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 39, and therefore deny those allegations.

40.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 40, and therefore deny those allegations.

41.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 41, and therefore deny those allegations.

42.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 42, and therefore deny those allegations.

43.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 43, and therefore deny those allegations.

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

5

44.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 44, and therefore deny those allegations.

45.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 45, and therefore deny those allegations.

46.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46, and therefore deny those allegations.

47.     Defendants admit that the quoted language is part of California Government Code Section 82013, a statute that defines the term "committee."

48.     Defendants admit that the quoted language is part of California Government Code Section 82047, a statute that defines the term "person."

49.     Defendants admit that the quoted language is California Government Code Section 82047.5, a statute that defines the term "primarily formed committee."

50.     Defendants admit that a "primarily formed committee" may be required to file a Statement of Organization when it qualifies as a primarily formed committee, to file campaign statements, to identify sponsors in the committee name.  Except as so admitted, Defendants deny the allegations of Paragraph 50.

51.     Defendants admit the allegations of Paragraph 51.

52.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 52, and therefore deny those allegations.

53.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 53, and therefore deny those allegations.

54.     Defendants admit the allegations of Paragraph 54.

55.     Defendants admit that Plaintiffs have stated the committee requirements found in California Government Code Section 84605(a), and that a committee that files electronically is not required to file paper copies per California Government Code Section 84606.  Except as so admitted, Defendants deny the allegations of Paragraph 55.

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

6

56.     Defendants admit that the language framed within quotation marks throughout this paragraph is contained within the associated statutes.   Except as so admitted, defendants deny the allegations of Paragraph 56.

57.     Defendants admit that the Secretary of State publishes campaign statements as required by California Government Code Section 84602.  Except as so admitted, Defendants deny the allegations of Paragraph 57.

58.     In response to paragraph 58, Defendants admit that Government Code section 84211 is properly quoted and attributed.  Defendants deny any and all remaining allegations contained in paragraph 58.

59.     In response to paragraph 59, Defendants admit that Government Code section 84104 and California Code of Regulations, title 2, section 18401 speak for themselves. Defendants deny any and all remaining allegations contained in paragraph 59.

60.     In response to paragraph 60, Defendants admit that Government Code section 84105 and California Code of Regulations, title 2, section 18427.1 are accurately quoted. Defendants deny any and all remaining allegations contained in paragraph 60.

61.     In response to paragraph 61, Defendants admit that Government Code section 91000 is accurately quoted.  Defendants deny any and all remaining allegations contained in paragraph 61

62.     In response to paragraph 62, Defendants admit that Government Code sections 91004 and 91005.5 speak for themselves.  Defendants deny any and all remaining allegations contained in paragraph 62.

63.     Defendants admit that Plaintiffs reallege and incorporate by reference Paragraphs 1 through 62 of the Second Amended Complaint.

64.     Defendants admit that the passage within quotation marks is accurately quoted and attributed.

65.     Defendants admit that the passage within quotation marks is accurately quoted and attributed.

66.     Defendants deny the allegations of Paragraph 66.

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

7

67.     Defendants admit that the passage within quotation marks is accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 67.

68.     Defendants admit that the passages within quotation marks are accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants admit that the passage within quotation marks is accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 70.

71.     Defendants admit that the passages within quotation marks are accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 71.

72.     Defendants deny the allegations of Paragraph 72.

73.     Defendants deny the allegations of Paragraph 73.

74.     Defendants deny the allegations of Paragraph 74.

75.     Defendants deny the allegations of Paragraph 75.

76.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 76, and therefore deny those allegations.

77.     In response to paragraph 77, Defendants admit that Plaintiffs' report due February 2, 2009, will be made available to the public and available on the Secretary of State's Cal-Access website as required by law.  Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 77 and, basing denial on that ground, deny each and every remaining allegation contained therein.

78.     In response to paragraph 78, Defendants admit that Plaintiffs' report due February 2, 2009, will be made available to the public and available on the Secretary of State's Cal-Access website as required by law.  Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 78 and, basing denial on that ground, deny each and every remaining allegation contained therein.

79.     In response to paragraph 79, Defendants admit that Government Code sections  82013, 82048, 84100, 84101, 84102, and 84211, and Cal. Code Regs. tit. 2, section 18450.4 are accurately quoted.  Defendants lack sufficient information and belief to respond to

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

8

the remaining allegations contained in paragraph 79 and, basing denial on that ground, deny each and every remaining allegation contained therein.

80. Defendants deny the allegations of Paragraph 80.

81. Defendants deny the allegations of Paragraph 81.

82. Defendants deny the allegations of Paragraph 82.

83. Paragraph 83 sets forth Plaintiffs' prayer for relief and, as such, contains no allegations requiring admission or denial by Defendants.

84. Defendants admit that Plaintiffs reallege and incorporate by reference Paragraphs 1 through 83 of the Second Amended Complaint.

85. Defendants admit that the passage within quotation marks is accurately quoted and attributed.

86. Defendants admit that the passage within quotation marks is accurately quoted and attributed.

87. Defendants deny the allegations of Paragraph 87.

88. Defendants admit that the passage within quotation marks is accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 88.

89. Defendants admit that the passages within quotation marks are accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants admit that the passage within quotation marks is accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 91.

92. Defendants admit that the passage within quotation marks is accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 92.

93. Defendants deny the allegations of Paragraph 93.

94. Defendants deny the allegations of Paragraph 94.

95. Defendants deny the allegations of Paragraph 95.

96. Paragraph 96 sets forth Plaintiffs' prayer for relief and, as such, contains no allegations requiring admission or denial by Defendants.

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

9

97.     Defendants admit that Plaintiffs reallege and incorporate by reference Paragraphs 1 through 96 of the Second Amended Complaint.

98.     Defendants admit that the passage within quotation marks is accurately quoted and attributed.

99.     Defendants admit that the passages within quotation marks are accurately quoted and attributed.

100.    Defendants deny the allegations of Paragraph 100.

101.    Defendants admit that the passage within quotation marks is accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 101.

102.    Defendants admit that the passages within quotation marks are accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 102.

103.    Defendants admit that the passages within quotation marks are accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 103.

104.    Defendants admit that the passage within quotation mark is accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 104.

105.    Defendants deny the allegations of Paragraph 105.

106.    Defendants deny the allegations of Paragraph 106.

107.    Defendants admit Plaintiffs pray for relief as alleged in Paragraph 107.

108.    Defendants admit that Plaintiffs reallege and incorporate by reference Paragraphs 1 through 108 of the Second Amended Complaint.

109.    Defendants admit that the passage within quotation marks is accurately quoted and attributed.

110.    Defendants admit that the passages within quotation marks are accurately quoted and attributed.

111.    Defendants deny the allegations of Paragraph 111.

112.    Defendants admit that the passage within quotation marks is accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 101.

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

10

113.    Defendants admit that the passages within quotation marks are accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 113.

114.    Defendants admit that the passages within quotation marks are accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 114.

115.    Defendants admit that the passage within quotation mark is accurately quoted and attributed.  Except as so admitted, Defendants deny the allegations of Paragraph 115.

116.    Defendants deny the allegations of Paragraph 116.

117.    Defendants admit that California makes ballot measure campaign finance reports available to the public on Cal-Access and at government offices after the election has occurred, and admits the allegations of the second sentence of Paragraph 117.  Except as so admitted, Defendants deny the allegations of Paragraph 117.

118.    Defendants deny the allegations of Paragraph 118.

119.    Paragraph 119 sets forth Plaintiffs' prayer for relief and, as such, contains no allegations requiring admission or denial by Defendants.

## AFFIRMATIVE DEFENSES

As and for their separate affirmative defenses to the Complaint, Defendants allege as follows:

1.    Plaintiffs lack standing to bring the present action against the Defendants in that they have failed to allege sufficient harm and may not assert the rights of third parties.

2.    The Second Amended Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendants.

3.    The Court lacks jurisdiction over Defendants.

4.    With respect to any claims brought by Plaintiffs seeking monetary relief, including any claims for attorneys' fees, Defendants are protected by the doctrine of sovereign immunity.

5.    Defendants affirmatively state that they have taken no actions with respect to Plaintiffs, and that any actions that they may have taken have been taken in good faith, have been

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

reasonable and prudent, and have been consistent with all applicable legal and constitutional standards.

6.     Defendants have complied with all legal obligations and any and all statutes and regulations.

7.     Plaintiffs have failed to state a claim upon which attorneys fees can be granted.

8.     Defendants have proceeded in a manner required by law and have not committed any prejudicial abuse of discretion.

9.     There exist no legal rights or responsibilities between the parties for purposes of declaratory or injunctive relief.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

12

WHEREFORE, Defendants pray as follows:

1.     That Plaintiffs take nothing by way of their Second Amended Complaint, that this action be dismissed with prejudice, and that judgment be entered in favor of Defendants;

2.     That no injunction issue against Defendants;

3.     That Defendants be awarded their costs of suit; and,

4.     That Defendants be afforded such other and further relief as the Court may deem just and proper.

DATED: February 3, 2009                    Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
DOUGLAS J. WOODS
Supervising Deputy Attorney General
SETH E. GOLDSTEIN
Deputy Attorney General


  /s/  Zackery P. Morazzini
ZACKERY P. MORAZZINI
Deputy Attorney General
Attorneys for Defendants Debra Bowen, California
Secretary of State; Edmund G. Brown Jr.,
California Attorney General

Fair Political Practices Commission
SCOTT HALLABRIN, General Counsel
LAWRENCE T. WOODLOCK


  /s/ Lawrence T. Woodlock
LAWRENCE T. WOODLOCK
Attorneys for Defendants Members of the Fair
Political Practices Commission

Defendants' Answer to 2nd Amend. Compl.  (2:09-cv-00058-MCE-DAD)