James Bopp, Jr. (Ind. State Bar No. 2838-84)*
Richard E. Coleson (Ind. State Bar No. 11527-70)*
Barry A. Bostrom (Ind. State Bar No.11912-84)*
Sarah E. Troupis (Wis. State Bar No. 1061515)*
Scott F. Bieniek (Ill. State Bar No. 6295901)*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
Telephone:   (812) 232-2434
Facsimile:   (812) 235-3685
Counsel for All Plaintiffs

Timothy D. Chandler (Cal. State Bar No. 234325)**
ALLIANCE DEFENSE FUND
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Telephone:   (916) 932-2850
Facsimile:   (916) 932-2851
Counsel for All Plaintiffs

Benjamin W. Bull (AZ Bar No. 009940)*
ALLIANCE DEFENSE FUND
15100 North 90th Street
Scottsdale, Arizona  85260
Telephone:   (480) 444-0020
Facsimile:   (480) 444-0028
Counsel for All Plaintiffs

* Admitted Pro Hac Vice
** Designated Counsel for Service

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| ProtectMarriage.com, et al.,<br><br>Plaintiffs,<br>v.<br><br>Debra Bowen, et al.,<br><br>Defendants. | Case No. 2:09-CV-00058-MCE-DAD<br><br>**JOINT STATUS REPORT**<br><br>Judge Morrison C. England, Jr. |

Joint Status Report

Pursuant to this Court's order of January 8, 2009, Plaintiffs ProtectMarriage.com - Yes on 8, a Project of California Renewal ("ProtectMarriage.com"); National Organization for Marriage California - Yes on 8, Sponsored by National Organization for Marriage ("NOM-California"), and John Doe #1, and Defendants Debra Bowen, Edmund G. Brown, Jr., Dean C. Logan, Jan Scully, San Francisco Department of Elections, Dennis J. Herrera, Ross Johnson, Timothy Hodson, Eugene Huguenin, Jr., Robert Leidigh, and Ray Remy, now file their Joint Status Report.

**(a) a brief summary of the claims:**

This is a pre-enforcement, facial, and as-applied constitutional challenge to California's Political Reform Act of 1974 ("the Act"), California Government Code § 81000 et seq. Plaintiffs ProtectMarriage.com, NOM-California, and John Doe #1 seek declaratory and injunctive relief with respect to portions of the Act on the ground that they violate the First Amendment to the United States Constitution, as incorporated to the states by the Fourteenth Amendment to the United States Constitution.

Specifically, Plaintiffs ProtectMarriage.com, NOM-California, and John Doe #1, challenge all of the Act's disclosure requirements as applied to them and all similarly situated persons on the ground that there is a reasonable probability that the Act's disclosure requirements will result in threats, harassment, and reprisals.

Furthermore, Plaintiffs ProtectMarriage.com and NOM-California challenge the Act's threshold for reporting contributors, Cal. Gov't Code section § 84211, both facially and as applied to them, on the grounds that the threshold is not narrowly tailored to serve a compelling government interest, in violation of the First Amendment to the United States Constitution, as incorporated to the State of California by the Fourteenth Amendment.

Finally, Plaintiffs, ProtectMarriage.com, NOM-California, and John Doe #1, challenge the Act's disclosure requirements, both facially and as applied, to the extent that the Act requires Plaintiffs to file reports after the election and to the extent that California continues to

make said reports available to the public after the election. Plaintiffs further allege that post-election reporting with respect to ballot measures is not narrowly tailored to serve a compelling government interest in violation of the First Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment.

**(b) status of service upon all defendants:**

Service has been effected on all defendants.

**(c) possible joinder of additional parties:**

At this time, Plaintiffs contemplate the possibility of joining additional parties and/or amending their complaint to reflect changes in the purpose and organizational structure of some of the party organizations. Joinder of additional parties should be effected by July 31, 2009.

**(d) contemplated amendments to the pleadings:**

At this time, Plaintiffs contemplate the possibility of joining additional parties and/or amending their complaint to reflect changes in the purpose and organizational structure of some of the party organizations.

**(e) the statutory basis for jurisdiction and venue:**

This action arises under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. This court has subject matter jurisdiction to adjudicate all of Plaintiffs' claims by reason of 28 U.S.C. §§ 1331 and 1343(a). The Eastern District of California is the proper venue for this case under 11 U.S.C. § 1391(b) because Defendants Bowen, Brown, and Scully, among others, perform their official duties in the Eastern District of California, Committee Plaintiffs have their principal place of business in California, and John Doe #1 resides in California.

**(f) anticipated discovery and the scheduling of discovery, including:**

**(1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:**

Initial disclosures under Rule 26(a)(1) should be made by April 1, 2009. Any disclosures made under Rule 26(a)(1) should be consistent with this Court's previously issued protective order, subject to Defendants' reserved right to object.

**(2) the subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases:**

The parties have agreed on a six month discovery period, running until October 1, 2009. Should any party discover the existence of new witnesses or other evidence after the close of this period, Defendants reserve the right to conduct limited discovery as to this new evidence and to conduct depositions of said witnesses.

**(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed:**

Any disclosures made under Rule 26(a)(1) should be consistent with this Court's previously issued protective order.

**(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2):**

Disclosure of expert witnesses and information required by Rule 26(a)(2) should be effected by July 1, 2009.

**(5) proposed dates for discovery cut-off:**

October 1, 2009.

**(g) proposed date by which all non-discovery motions shall be filed:** All non-discovery motions, including motions for summary judgment, shall be filed by November 16, 2009.

**(h) proposed dates for final pretrial conference and trial:**

The parties believe that all issues in this action can be resolved by cross-motions for summary judgment, which should be filed by November 16, 2009. In the event a trial is necessary, the parties would propose the pretrial conference be held on January 15, 2010.

**(i) estimate of days of trial, and whether any party has demanded a jury:**

While parties believe that this action can be resolved absent the need for trial, should a trial be necessary, Defendants have demanded a jury in this case. The parties estimate that, if necessary, a trial would take approximately three weeks.

**(j) appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c):**

The parties do not believe special procedures such as reference to a special master or trial before a magistrate judge are appropriate in this case.

**(k) proposed modification of standard pretrial procedures due to the special nature of the case:**

None.

**(l) whether the case is related to any other case, including any matter involving bankruptcy:**

This case is not related to any other currently pending case.

**(m) prospects for settlement, including whether a settlement conference should be scheduled:**

The parties do not believe settlement is feasible or appropriate in this case.

**(n) any other matters that may be conductive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as a settlement judge:**

The parties do not believe this is either necessary or appropriate in this case.

1 | Dated: March 6, 2009

2 | [signature]

3 | James Bopp, Jr. (Ind. Bar No. 2838-84)
Richard E. Coleson (Ind. Bar No. 11527-70)
4 | Barry A. Bostrom (Ind. Bar No.11912-84)
Sarah E. Troupis (Wis. Bar No. 1061515)
5 | Scott F. Bieniek (Ill. Bar No. 6295901)
BOPP, COLESON & BOSTROM
6 | 1 South Sixth Street
Terre Haute, IN 47807-3510
7 | Ph: (812) 232-2434
Fx: (812) 235-3685
8 | Counsel for All Plaintiffs

9 | Timothy D. Chandler (Cal. Bar No. 234325)
ALLIANCE DEFENSE FUND
10 | 101 Parkshore Drive, Suite 100
Folsom, CA 95630
11 | Counsel for All Plaintiffs
Designated Counsel for Service
12 |
Benjamin W. Bull (AZ Bar No. 009940)
13 | ALLIANCE DEFENSE FUND
15100 North 90th Street
14 | Scottsdale, Arizona 85260
Ph: (480) 444-0020
15 | Fx: (480) 444-0028
Counsel for All Plaintiffs
16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 | **Joint Status Report**                6

1

2

_Zackery Paul Morazzini_
Zackery Paul Morazzini
Attorney General's Office for the State of California
1300 I Street
Sacramento , CA 94244-2550
Ph: (916) 445-8226
Fx: (916) 324-5567
Counsel for Debra Bowen, and Edmund G. Brown, Jr.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Joint Status Report**                                          7

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | /s/ Lawrence Thomas Woodlock<br>Lawrence Thomas Woodlock |
| 4 | California Fair Political Practices Commission<br>428 J Street, Suite 620 |
| 5 | Sacramento , CA 95814<br>Ph: (916) 322-5744 |
| 6 | Fx: (916) 327-2026<br>Counsel for Ross Johnson, Timothy Hodson, |
| 7 | Eugene Huguenin, Jr., Robert Leidigh, and Ray Remy |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | **Joint Status Report** |

1

2

3   Judy Welch Whitehurst
    Los Angeles County Counsel
4   648 Kenneth Hahn of Administration
    500 W. Temple Street
5   Los Angeles, , CA 90012-2713
    Ph: (213) 974-1845
6   Fx: (213) 617-7182
    Counsel for Dean C. Logan
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **Joint Status Report**                      9

1

2

3 Mollie Mindes Lee
San Francisco City Attorney's Office

4 City Hall
1 Dr. Carlton B. Goodlett Place

5 Room 234
San Francisco , CA 94102

6 Ph: (415) 554-4705
Fx: (415) 554-4745

7 Counsel for Dennis J. Herrera and
Department of Elections - City and

8 County of San Francisco

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 **Joint Status Report** 10

1

2

3     Terence John Cassidy
      Porter Scott APC
4     350 University Avenue
      Suite 200
5     Sacramento , CA 95825
      Ph: (916) 929-1481 x316
6     Fx: (916) 927-3706
      Counsel for Jan Scully
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **Joint Status Report**                        11