James Bopp, Jr. (Ind. State Bar No. 2838-84)*
Richard E. Coleson (Ind. State Bar No. 11527-70)*
Barry A. Bostrom (Ind. State Bar No.11912-84)*
Sarah E. Troupis (Wis. State Bar No. 1061515)*
Scott F. Bieniek (Ill. State Bar No. 6295901)*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
Telephone:   (812) 232-2434
Facsimile:   (812) 235-3685
Counsel for All Plaintiffs

Benjamin W. Bull (AZ Bar No. 009940)*
ALLIANCE DEFENSE FUND
15100 North 90th Street
Scottsdale, Arizona  85260
Telephone:   (480) 444-0020
Facsimile:   (480) 444-0028
Counsel for All Plaintiffs

Timothy D. Chandler (Cal. State Bar No. 234325)**
ALLIANCE DEFENSE FUND
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Telephone:   (916) 932-2850
Facsimile:   (916) 932-2851
Counsel for All Plaintiffs

* Admitted Pro Hac Vice
** Designated Counsel for Service

## United States District Court
### Eastern District of California
### Sacramento Division

| | |
|---|---|
| **PROTECTMARRIAGE.COM, et al.,** | Case No. 2:09-CV-00058-MCE-DAD |
| **Plaintiffs,** | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATION OF CLASS ACTION** |
| **vs.** | |
| **DEBRA BOWEN, et al.,** | Date:        Aug. 13, 2009 |
| **Defendants.** | Time:        2:00 P.M. |
| | Courtroom:  7, 14th Floor |
| | Judge Morrison C. England, Jr. |

# TABLE OF CONTENTS

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.    The proposed classes satisfy the requirements established

    by Federal Rule of Civil Procedure 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.   The proposed classes meet the requirements of Rule 23(a). . . . . . . . . . . . . . . . . . 6

        1.   Numerosity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            a.   Plaintiff Class of Major Donors. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            b.   Defendant Class of District Attorneys. . . . . . . . . . . . . . . . . . . . . . . . 8

            c.   Defendant Class of Elected City Attorneys. . . . . . . . . . . . . . . . . . . . . 8

        2.   Commonality. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            a.   Plaintiff Class of Major Donors. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            b.   Defendant Class of District Attorneys. . . . . . . . . . . . . . . . . . . . . . . 11

            c.   Defendant Class of Elected City Attorneys. . . . . . . . . . . . . . . . . . . . 11

        3.   Typicality. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            a.   Plaintiff Class of Major Donors. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            b.   Defendant Class of District Attorneys. . . . . . . . . . . . . . . . . . . . . . . 13

            c.   Defendant Class of Elected City Attorneys. . . . . . . . . . . . . . . . . . . . 13

        4.   Adequacy of Representation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

            a.   Plaintiff Class of Major Donors. . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

            b.   Defendant Class of District Attorneys. . . . . . . . . . . . . . . . . . . . . . . 15

            c.   Defendant Class of Elected City Attorneys. . . . . . . . . . . . . . . . . . . . 15

    B.   The proposed classes fit squarely within

        Rule 23(b)(1), (b)(2), & (b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        1.   The proposed classes qualify under Rule 23(b)(1). . . . . . . . . . . . . . . . . . . . 16

            a.   Plaintiff Class of Major Donors. . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

            b.   Defendant Class of District Attorneys. . . . . . . . . . . . . . . . . . . . . . . 17

c.     Defendant Class of Elected City Attorneys. . . . . . . . . . . . . . . . . . . . . . . . . . . 17

2.     The proposed classes also qualify under Rule 23(b)(2). . . . . . . . . . . . . . . . . . . . 17

a.     Plaintiff Class of Major Donors. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

b.     Defendant Class of District Attorneys. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

c.     Defendant Class of Elected City Attorneys. . . . . . . . . . . . . . . . . . . . . . . . . . . 18

3.     The proposed classes also qualify under Rule 23(b)(3). . . . . . . . . . . . . . . . . . . . 18

a.     Plaintiff Class of Major Donors. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

b.     Defendant Class of District Attorneys. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

c.     Defendant Class of Elected City Attorneys. . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**Plaintiffs' Memorandum in Support of Motion for
Certification of Class Action**

# TABLE OF AUTHORITIES

*Cases:*

*Christianson v. Leavitt,*
    482 F. Supp. 2d 1237 (W.D. Wash. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Church on the Rock v. City of Albuquerque,*
    84 F.3d 1273 (10th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Colifano v. Yamasaki,*
    442 U.S. 682, 99 S. Ct. 2545 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Consolidated Rail Corp. V. Town of Hyde Park,*
    47 F.3d 473 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Dale Electronics, Inc.,*
    53 F.R.D. 531 (D. N.H. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Dukes v. Wal-Mart,*
    509 F.3d 1168 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156, 94 S. Ct. 2140 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Elk Grove Unified School Dist. V. Newdow,*
    542 U.S. 1, 124 S. Ct. 2301 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Faith Center Evangelistic Ministries,*
    480 F.3d 891 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*FEC v. Wisconsin Right to Life, Inc.,*
    _ U.S. _, 127 S. Ct. 2652 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gentala v. City of Tucson,*
    213 F.3d 1055 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Harik v. Cal. Teachers Assoc.,*
    326 F.3d 1042 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Plaintiffs' Memorandum in Support of Motion for
Certification of Class Action

*Harper v. Poway Unified School District,*

    445 F.3d 166 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Harris v. Palm Springs Alpine Estates, Inc.,*

    329 F.2d 909 (9th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Hoffman v. Hunt,*

    126 F.3d 575 (4th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Kendall v. True,*

    391 F.Supp. 413 (W.D. Ky. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*McConnell v. FEC,*

    540 U.S. 93, 124 S. Ct. 619 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*NAACP v. Alabama,*

    357 U.S. 449, 78 S. Ct. 1163 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Philadelphia Elec. Co. v. Anaconda Am. Brass Co.,*

    43 F.R.D. 452 (E.D. Pa. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Potter v. Hughes,*

    546 F.3d 1051 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ripplinger v. Collins,*

    868 F.2d 1043 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Strauss v. Horton,*

    No. S168047, S168066, S168078 (Cal., filed Nov. 6, 2008) . . . . . . . . . . . . . . . . . . . . 3, 4, 15

*Walters v. Reno,*

    145 F.3d 1032 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Wisconsin Right to Life, Inc. v. FEC,*

    546 U.S. 410, 126 S. Ct. 1016 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Zinser v. Accufix Research Institute, Inc.,*

    253 F.3d 1180 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Constitutions, Statutes, Administrative Regulations, and Court Rules:*

Cal. Gov't Code § 81000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Cal. Gov't Code § 82013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

Cal. Gov't Code § 82027.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Gov't Code § 82047.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Gov't Code § 84100 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Gov't Code § 84211 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Gov't Code § 84200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Cal. Gov't Code § 91000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

Cal. Gov't Code § 91001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

Cal. Gov't Code § 91001.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

Local Rule 23-205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Other Sources:*

Alba Conte, William B. Bubenstein, & Herbert B. Newberg,

    Newberg on Class Actions (4th ed. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Bob Egelko, *Prop. 8 Stands; More Ballot Battles*

    *Ahead*, San Francisco Chrnoicle (May 27, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Website of the Secretary of State of California,

    http://cal-access.sos.ca.gov/Campaign/Measures/

    Detail.aspx?id=1302602&session=2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Plaintiffs' Memorandum in Support of Motion for**
**Certification of Class Action**

# INTRODUCTION

Plaintiffs ProtectMarriage.com—Yes on 8, a Project of California Renewal ("**ProtectMarriage.com**"), National Organization for Marriage California—Yes on 8, Sponsored by National Organization for Marriage ("**NOM-California**"), John Doe #1, an individual, and as a representative of the proposed Class of Major Donors ("**Class of Major Donors**"),[1] and National Organization for Marriage California PAC ("**NOM-California PAC**") submit this memorandum of law in support of their motion to certify this lawsuit as a class action pursuant to Fed. R. Civ. P. 23(c) ("FRCP" or "Rule") and Local Rule 23-205.

The proposed classes are defined as:

(1) Plaintiff Class of Major Donors

> All individuals and organizations that contributed ten thousand dollars ($10,000) or more to Plaintiffs ProtectMarriage.com or NOM-California.

(2) Defendant Class of District Attorneys

> All district attorneys in the State of California that are granted the authority to enforce provisions of the Political Reform Act of 1974, Cal. Gov't Code ("CGC") § 81000 *et seq*. (the "PRA").

(3) Defendant Class of Elected City Attorneys

> All elected city attorneys in the State of California that are granted the authority to enforce provisions of the Political Reform Act of 1974, CGC 81000 *et seq*.

Plaintiffs seek to maintain these classes pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2), & (b)(3) on the issues of whether:

> (1) Plaintiffs ProtectMarriage.com, NOM-California, the Class of Major Donors, and NOM-California PAC are entitled to a blanket exemption from the PRA's registration and reporting requirements because there is a reasonable probability that compliance

---

[1] Together, ProtectMarriage.com, NOM-California, the proposed Class of Major Donors, and NOM-California PAC are referred to as "**Plaintiffs**." ProtectMarriage.com and NOM-California are referred to collectively as "**Ballot Committee Plaintiffs**." ProtectMarriage.com, NOM-California, and NOM-California PAC are referred to collectively as "**Committee Plaintiffs**."

with the PRA will subject Plaintiffs, and in the case of Committee Plaintiffs, their contributors or members, to threats, harassment, and reprisals similar to those already suffered by supporters of Proposition 8 or a traditional definition of marriage;

(2) California's threshold for compelling the public disclosure of a contributor's name, occupation, and employer is unconstitutional under the First Amendment to the United States Constitution, as incorporated to the states by the Fourteenth Amendment;

(3) California's post-election reporting requirements, as they pertain to ballot measures, are unconstitutional under the First Amendment to the United States Constitution, as incorporated to the states by the Fourteenth Amendment; and

(4) California may continue to make publicly available any reports filed in connection with a ballot measure *after* the election has occured.

## FACTUAL BACKGROUND

The facts are set out in detail in the Third Amended Complaint, at ¶¶ 24-48; Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction, at pp. 7-11; Plaintiffs' Statement of Undisputed Facts in Support of Plaintiffs' Motion for Summary Judgment; and Plaintiffs' Memorandum in Support of Motion for Summary Judgment. An abbreviated version is offered here.

This case involves the campaign in support of Proposition 8, a ballot measure adopted by the citizens of California on November 4, 2008, that defines marriage as "between a man and a woman." Plaintiffs ProtectMarriage.com and NOM-California were formed to support Proposition 8 and are primarily formed ballot committees under the PRA. CGC § 82047.5(c). John Doe #1 and members of the proposed Class of Major Donors are also committees under the PRA because each contributed ten thousand dollars ($10,000) or more to committees that supported Proposition 8. CGC § 82013(c). Plaintiff NOM-California PAC was formed on February 6, 2009 and is a general purpose committee under the PRA. CGC § 82027.5(b). NOM-California PAC intends to support candidates that share its view of marriage as between one man and one woman. (3d Am. Compl. ¶ 33.) NOM-California PAC also intends to support any ballot measure that would strengthen the definition of marriage as between one man and one woman

and oppose any ballot measure that would seek to alter the definition of marriage to something other than between one man and one woman. *Id.*

Under the PRA, Plaintiffs must comply with numerous administrative burdens including recordkeeping, registration, and disclosure requirements related to their support of Proposition 8 and a traditional definition of marriage. *See* CGC § 84100 *et seq.*; (*Third Amended Complaint* ¶¶ 49-65.) For example, Committee Plaintiffs are required to file reports that include the name, address, occupation, and employer of all individuals that contribute one hundred dollars or more to their respective committees. CGC § 84211. Members of the Class of Major Donors are also required to file reports that contain their name, address, occupation, and employer. *Id.* This information is made available to the public on the Secretary of State's website and at various governmental offices throughout the state. Failure to comply with the provisions of the PRA exposes Plaintiffs to substantial civil and criminal liability. *See* CGC § 91000 *et seq.*

Defendant Jan Scully is the District Attorney for Sacramento County, California. Pursuant to CGC § 91001, Defendant Scully and all other district attorneys in the State of California may bring criminal and civil actions against individuals and organizations that fail to comply with the requirements contained in the PRA. Defendant Dennis J. Herrera is the Elected City Attorney for the City and County of San Francisco, California. Defendant Herrera and all other elected city attorneys are authorized to act as civil or criminal prosecutors with respect to any violation of the PRA in which the district attorney could act. CGC § 91001.5.

The campaign surrounding Proposition 8 and the definition of marriage was, and continues to be, controversial. Proponents and opponents poured over seventy million dollars into the campaign surrounding Proposition 8. *See generally*, Website of the Secretary of State of California, http://cal-access.sos.ca.gov/Campaign/Measures/Detail.aspx?id=1302602&session =2007. Furthermore, the controversy is not over. Despite the fact that voters overwhelmingly adopted Proposition 8 on November 4, 2008, opponents turned to the courts in an attempt to overturn the will of the people of California. *See Strauss v. Horton*, Case No. S168047, S168066, & 168078 (Cal., filed Nov. 6, 2008), *available at* http://www.courtinfo.ca.gov/courts/supreme/ highprofile/prop8.htm (one of the challenges was brought on behalf of the City and County of

San Francisco). On May 26, 2009, the California Supreme Court upheld the validity of Proposition 8. *Strauss v. Horton*, Case No. S168047, S168066, & 168078, *Slip Opinion* (Cal., May 26, 2009).

Opponents of Proposition 8 have also begun the process of submitting their own constitutional amendment to the people in 2010. *See* Initiatives Pending at the Secretary of State's Office as of May 28, 2009, *available at* http://www.sos.ca.gov/elections/elections_j. htm#ag. *See also* Bob Egelko, *Prop. 8 Stands; More Ballot Battles Ahead*, San Francisco Chronicle (May 27, 2009). Thus, while the campaign regarding Proposition 8 may have ended on November 4, the debate regarding the definition of marriage continues and may be more contentious than ever.

While the supporters of Proposition 8 may have been successful at the polls, the victory did not come without a price. Supporters of Proposition 8 and a traditional definition of marriage have been subjected to acts of domestic terrorism, physical violence, vandalism, harassment, boycotts, and other general reprisals for their support of Proposition 8. *See generally*, John Doe Decl. #1 - #58.

The threats and harassment are enabled in part by the PRA's compelled disclosure provisions. There is significant evidence that the disclosure of the names of contributors to groups supporting the passage of Proposition 8 led directly to those contributors being singled out for threats, harassment, and reprisals. For example, one contributor received an email that referenced this Court's order denying Plaintiffs' Motion for Preliminary Injunction that read "The judge released the names today of the donors who supported Prop 8, and your name is on the list as having donated . . . You're a queer-hating douchebag. Fuck you. Best, Julia." John Doe Decl. #54. This same contributor also received a letter that read "STUPID MOTHER FUCKER. MAKE A DONATION Like that AND YOU ARE LISTED." *Id. See also* John Doe Decl. #2; #4; #5; #6; #10; #17; #19; #20; #27; #28; #29; #30; #32; & #53.

The availability of the reports has given opponents of Proposition 8 the information necessary to personally threaten and harass supporters of Proposition 8. Web sites such as www.eightmaps.com and www.californiansagainsthate.com have combined the information

available in the public reports with additional information, such as home or business telephone numbers and addresses. Californiansagainsthate.com claims that its purpose is to "identify and take action against those who want to deny us our equal protection rights."

Some individuals have indicated that they will be reluctant to contribute to or even support any political campaign in the future if there is a reasonable probability that they will be subjected to threats, harassment, and reprisals as a result of their support. *See*, *e.g.*, John Doe Decl. #1 (noting reluctance to contribute to a campaign in the future if it will result in threats and harassment directed at him and his employees); #13 (discussing reservation about supporting a cause similar to Proposition 8 in the future); #19 (noting that she will "think twice" about future support of a cause similar to Proposition 8); #23 (stating that he will only donate to causes similar to Proposition 8 in the future in ways that will keep his identity hidden); #18 (stating he is less likely to get involved in future causes similar to Proposition 8 unless confidentiality can be assured); #30 (noting he will be careful about support of a cause similar to Proposition 8 in the future and will not speak out in public with his opinion); #39 (stating she did not place bumper sticker on car during Proposition 8 campaign because of fear of aggression); #43 (noting he will be careful in future to avoid identification of support for a cause similar to Proposition 8); #45 (noting she will seriously consider effect on her family in future before donating to a cause similar to Proposition 8); & #51 (discussing reservation about contributing to another campaign if his identity is not kept confidential).

Plaintiffs also believe that the hostility directed at supporters of Proposition 8 and a traditional definition of marriage discouraged some individuals from contributing to the campaign in support of Proposition 8. (3d Am. Compl. ¶ 45.) Furthermore, the reasonable probability of such threats, harassment, and reprisals in the future will discourage some individual from supporting a candidate that supports a traditional definition of marriage, or a ballot measure that preserves a traditional definition of marriage. (3d Am. Compl. ¶¶ 46 & 47.)

# ARGUMENT

## I. The proposed classes satisfy the requirements established by Federal Rule of Civil Procedure 23.

A lawsuit may be certified as a class action if the proposed class meets all of the requirements of Federal Rule of Civil Procedure 23(a) and fits within one of the subcategories of Rule 23(b). *Walters v. Reno*, 145 F.3d 1032, 1045 (9th Cir. 1998). In considering a motion for class certification, the court does not reach the merits of the case. Instead, the determination whether class certification is appropriate should be made on the pleadings in light of the procedural requirements of Rule 23. *See*, *e.g.*, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S. Ct. 2140, 2152-53 (1974) (holding that nothing in the language or history of Rule 23 authorizes the court to conduct an inquiry as to the merits in deciding whether to certify a class). The facts alleged in this case are sufficient to support Plaintiffs' Motion for Certification under any analysis of the Rule 23 requirements.

### A. The proposed classes meet the requirements of Rule 23(a).

Rule 23(a) contains four prerequisites that must be satisfied for a lawsuit to proceed as a class action:

(1) the class is so numerous that joinder of all members is impracticable (the "numerosity" requirement);

(2) there are questions of law or fact common to the class (the "commonality" requirement);

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (the "typicality" requirement); and

(4) the representative parties will fairly and adequately protect the interests of the class (the "adequacy of representation") requirement).

FRCP 23(a). *See also Potter v. Hughes,* 546 F.3d 1051, 1061 n.3 (9th Cir. 2008). All four elements are met here, as discussed below.

#### 1. Numerosity.

The first requirement is that the class must be "so numerous that joinder of all members is impracticable." FRCP 23(a)(1). "[I]mpracticability does not mean impossibility, but only the

difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964).

Although this requirement is often referred to simply as "numerosity," several other considerations apart from class size go into the analysis. For purposes for Rule 23(a)(1), courts consider such factors as "judicial economy arising from avoidance of a multiplicity of actions, geographic dispersement of class members, size of individual claims, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." 1 Alba Conte, William B. Rubenstein, & Herbert B. Newberg, Newberg on Class Actions § 3.6 (4th ed. 2008). (hereinafter "Newberg").

### a. Plaintiff Class of Major Donors.

The proposed Plaintiff Class of Major Donors consists of all individuals and organizations that contributed ten thousand dollars ($10,000) or more to Plaintiff ProtectMarriage.com or Plaintiff NOM-California. The proposed Class of Major Donors includes 466 individuals and organizations. (Decl. of David Bauer in Supp. of Pls.' Mot. for Prelimin. Inj. ¶¶ 6 & 7.)

A class of 466 members clearly meets the numerosity requirement. *See Harik v. Cal. Teachers Assoc.*, 326 F.3d 1042, 1051-52 (9th Cir. 2003) (holding that a class of sixty members met the numerosity requirement); *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members. . . .").

The unique circumstances of this suit also implicate the other factors considered by courts when assessing the numerosity requirement. There is a realistic possibility that many of the supporters of Proposition 8 and a traditional definition of marriage would be unwilling to join this suit as a result of the harassment they suffered and forcing them to join this suit "would result in a nullification of [their rights] at the very moment of [their] assertion." *See NAACP v. Alabama*, 357 U.S. 449, 459, 78 S. Ct. 1163, 1170 (1958). *See also* (Decl. of Sarah E. Troupis in Supp. of Pls. Mot. for Prelim. Inj., Ex. A - Ex. BE (highlighting numerous reports of threats, harassment, and reprisals from across California that could lead to reluctance to join suit).)

Furthermore, allowing class certification of the Plaintiff Class of Major Donors also serves judicial economy, because given the size of the class, a class action "saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion." *Califano v. Yamasaki*, 442 U.S. 682, 700-01, 99 S. Ct. 2545, 2557 (1979). Thus, the Plaintiff Class of Major Donors meets the requirements of Rule 23(a)(1).

### b. Defendant Class of District Attorneys.

The proposed Defendant Class of District Attorneys consists of all district attorneys in the State of California that have enforcement authority under the PRA. As described, the Class of District Attorneys includes fifty-eight (58) members.

Numerosity under Rule 23(a)(1) may be presumed with a class over forty. *Consolidated Rail Corp.*, 47 F.3d at 483.

Judicial economy is also served because a class action is superior to fifty-eight separate actions. Moreover, the fifty-eight district attorneys are located throughout the entire state of California, meaning separate actions would necessitate litigation in each of California's four districts, and numerous divisions within each of those districts.

Furthermore, each individual district attorney plays a relatively minor role in enforcing the PRA, yet failure to obtain injunctive relief against each and every district attorney exposes Plaintiffs to substantial criminal and civil liability. *See* Newberg § 4:57 ("A plaintiff who desires to obtain relief against several defendants whose potential liability to the plaintiff is small relative to the cost of individual litigation may be able to obtain a common judgment against all by invoking the defendant class device without the plaintiff necessarily bringing individual suits to obtain this relief."). Thus, the proposed Defendant Class of District Attorneys satisfies the requirements of Rule 23(a)(1).

### c. Defendant Class of Elected City Attorneys.

The proposed Defendant Class of Elected City Attorneys consists of all elected city attorneys in the State of California that have enforcement authority under the PRA. There are

over 400 charter cities in the State of California authorized to retain an elected city attorney and eleven that presently retain an elected city attorney.[2]

Convenience and judicial economy favor certification of the proposed Class of Elected City Attorneys. Like the members of the Class of District Attorneys, each member of the Class of Elected City Attorneys plays a relatively minor role in the enforcement of the PRA, yet failure to obtain injunctive relief against each and every elected city attorney exposes Plaintiffs to substantial civil and criminal liability. *See* Newberg § 4:57 ("A plaintiff who desires to obtain relief against several defendants whose potential liability to the plaintiff is small relative to the cost of individual litigation may be able to obtain a common judgment against all by invoking the defendant class device without the plaintiff necessarily bringing individual suits to obtain this relief"). Members of the Class of Elected City Attorneys are also located throughout the State of California, which again, in the absence of a class action, necessitate separate lawsuits in each of California's federal districts.

Furthermore, the numerosity requirement is generally relaxed with respect to defendant classes. *See Dale Electronics, Inc.*, 53 F.R.D. 531 (D. N.H. 1971) (certifying defendant class of 13); *Kendall v. True*, 391 F. Supp. 413 (W.D. Ky. 1975) (certifying defendant class of 16). As the court said in *Philadelphia Elec. Co. v. Anaconda Am. Brass Co.*, 43 F.R.D. 452, 463 (E.D. Pa. 1968), "[w]hile 25 is a small number compared to the size of the other classes being considered, it is a large number when compared to a single unit. I see no necessity for encumbering the judicial process with 25 lawsuits if one will do." Thus, the proposed Defendant Class of Elected City Attorneys satisfies the requirements of Rule 23(a)(1).

## 2. Commonality.

The second requirement is that "there are questions of law or fact common to the class." FRCP 23(a)(2). The commonality requirement serves two primary purposes: "(1) ensuring that absentee members are fairly and adequately represented; and (2) ensuring practical and efficient

---

[2] The cities of Albany, Compton, Huntington Beach, Long Beach, Los Angeles, Oakland, Redondo Beach, San Bernardino, San Diego, San Francisco, and San Rafael currently retain elected city attorneys.

case management." *Walters*, 145 F.3d at 1045. The commonality requirement of Rule 23(a) is construed permissively. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "All questions of fact and law need not be common to satisfy the rule." *Id.*

Here, the proposed classes share sufficient questions of fact and law to satisfy the requirements of Rule 23(a)(2).

### a. Plaintiff Class of Major Donors.

The proposed Plaintiff Class of Major Donors consists of all individuals and organizations that contributed $10,000 or more to Plaintiffs ProtectMarriage.com or NOM-California. Each member of the proposed class has independent reporting requirements under the PRA, separate and apart from Committee Plaintiffs. *See* CGC §§ 82013 & 84200(b). Failure to comply with the PRA's reporting requirements exposes members of the Class of Major Donors to substantial civil and criminal liability. *See* CGC § 91000 *et seq.*

There is little doubt that members of the Class of Major Donors share common questions of law. Each member of the class presents the same legal questions, namely whether:

(1) they are entitled to an as-applied exemption because there is a reasonable probability that the PRA's compelled disclosure provisions will lead to threats, harassment, and reprisals;

(2) whether post-election reporting of ballot measure activity is constitutional under the First Amendment; and

(3) whether California may continue to make previously filed reports publicly available *after* the election.[3]

Furthermore, the evidence necessary to litigate these claims is identical. If forced to litigate in separate actions, Members of the Class of Major Donors would likely put on the same evidence of threats, harassment, and reprisals directed at supporters of Proposition 8 and a

---

[3]The Class of Major Donors share these common questions of law, but the facts of their cases differ in certain ways (i.e., they have been subject to different types of threats, harassment, or reprisals, or they gave different amounts of money above the $10,000 threshold). Such differences of fact are typical of class action lawsuits, and do not defeat class certification. *See Dukes v. Wal-Mart*, 509 F.3d 1168, 1177 (9th Cir. 2007) ("The existence of shared legal issues with divergent factual predicates is sufficient [for Rule 23(a)(2)]").

**Plaintiffs' Memorandum in Support of Motion for Certification of Class Action**

traditional definition of marriage. Furthermore, Defendants would likely present the same evidence in separate actions in an attempt to demonstrate that they have a compelling government interest in compelled disclosure.

The Class of Major Donors serves judicial economy because individual major donors are not required to litigate their claims separately, in different courts, with the possibility that different outcomes could be reached. Thus, the Class of Major Donors satisfies the commonality requirements of Rule 23(a)(2).

### b.  Defendant Class of District Attorneys.

The proposed Defendant Class of District Attorneys consists of all district attorneys in the State of California that have enforcement authority under the PRA. Each member of the Class of District Attorneys is given the same enforcement authority against organizations that fail to comply with the provisions of the PRA. CGC § 91001. Thus, the questions of law that each member of the Class of District Attorneys will confront with regard to this litigation are the same.

If the Court finds that any portion of the PRA is unconstitutional, all members of the Class of District Attorneys should be enjoined from exercising their enforcement authority. Further, allowing this action to proceed against a Defendant Class of District Attorneys serves judicial economy by avoiding a multiplicity of actions. In the absence of a class action, Plaintiffs would be required to litigate these claims separately against each individual District Attorney, in different courts, with the possibility that different outcomes could be reached. Thus, the Class of District Attorneys satisfies the commonality requirements of Rule 23(a)(2).

### c.  Defendant Class of Elected City Attorneys.

The proposed Defendant Class of Elected City Attorneys consists of all elected city attorneys in the State of California that have enforcement authority under the PRA. All elected city attorneys are authorized to act as civil or criminal prosecutors with respect to any violations of the PRA in which the District Attorney could act. CGC § 91001.5. Thus, the questions of law that each member of the Class of Elected City Attorneys will confront with regard to this litigation are the same.

1    If the Court finds that any portion of the PRA is unconstitutional, all members of the Class

2 of Elected City Attorneys should be enjoined from exercising their enforcement authority.

3 Further, allowing this action to proceed against the Defendant Class of Elected City Attorneys

4 serves judicial economy. In the absence of a class action, Plaintiffs would be required to litigate

5 these claims separately against each individual Elected City Attorney, in different courts, with

6 the possibility that different outcomes could be reached. Thus, the Class of Elected City

7 Attorneys satisfies the commonality requirements of Rule 23(a)(2).

8    **3.   Typicality.**

9    The third requirement is that "the claims or defenses of the representative parties are typical

10 of the claims or defenses of the class." FRCP 23(a)(3). As a threshold matter, "[t]ypicality

11 requires that the named plaintiffs be members of the class they represent." *Dukes*, 509 F.3d at

12 1184. The typicality requirement of Rule 23(a)(3) is very similar to the commonality

13 requirement of Rule 23(a)(2), and the two requirements tend to merge. *Id.* "Under the rule's

14 permissive standards, representative claims are 'typical' if they are reasonably co-extensive with

15 those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at

16 1020.

17    **a.   Plaintiff Class of Major Donors.**

18    The proposed Plaintiff Class of Major Donors consists of all individuals and organizations

19 that contributed $10,000 or more to Plaintiffs ProtectMarriage.com or NOM-California.

20 Proposed class representative John Doe #1 is an individual that contributed over $10,000 to

21 Plaintiff ProtectMarriage.com and is a member of the class.

22    As discussed above with respect to commonality, each Member of the Class of Major

23 Donors would likely present the same legal questions and rely upon the same or substantially

24 similar evidence. Thus, John Doe #1's claims are typical of the class. Although Rule 23(a)(3)

25 only requires claims to be "reasonably co-extensive with those of absent class members," in this

26 case, the claims meet the higher—but not required—standard of being "substantially identical."

27 *Hanlon*, 150 F.3d at 1020. The Class of Major Donors satisfies the requirements of Rule

28 23(a)(3).

### b. Defendant Class of District Attorneys.

The proposed Defendant Class of District Attorneys consists of all district attorneys in the State of California that have enforcement authority under the PRA. Proposed class representative Jan Scully is the District Attorney for the County of Sacramento, California, and is therefore a member of the class.

As discussed above with respect to commonality, the questions of law that each member of the Class of District Attorneys will confront are identical. Each member of the Class of District Attorneys would likely present the same evidence and make the same arguments in defending the provisions of the PRA challenged in this suit. Thus, although Rule 23(a)(3) only requires claims to be "reasonably co-extensive with those of absent class members," in this case, the claims meet the higher—but not required—standard of being "substantially identical." *Hanlon*, 150 F.3d at 1020.

### c. Defendant Class of Elected City Attorneys.

The proposed Defendant Class of Elected City Attorneys consists of all elected city attorneys in the State of California that have enforcement authority under the PRA. Proposed class representative Dennis J. Herrera is the Elected City Attorney for the City and County of San Francisco, California, and is therefore a member of the class.

As discussed above with respect to commonality, the questions of law that each member of the Class of Elected City Attorneys will confront with regard to this litigation are identical. Each member of the Class of Elected City Attorneys would likely present the same evidence and make the same arguments in defending the provisions of the PRA challenged in this suit. Thus, although Rule 23(a)(3) only requires claims to be "reasonably co-extensive with those of absent class members," in this case, the claims meet the higher—but not required—standard of being "substantially identical." *Hanlon*, 150 F.3d at 1020.

### 4. Adequacy of Representation.

The fourth and final requirement is that "the representative parties will fairly and adequately protect the interests of the class." FRCP 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a

judgment which binds them." *Hanlon*, 150 F.3d at 1020. Adequacy of representation has two requirements: "(1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 509 F.3d at 1185.

Further, "[w]hether the class representatives satisfy the adequacy requirement depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Walters*, 145 F.3d at 1046.

### a. Plaintiff Class of Major Donors.

Plaintiffs' counsel are more than competent and qualified to handle this matter. Lead counsel, James Bopp, Jr., is recognized as one of the nation's leading litigators in the area of election law, and has been involved in numerous election-law cases, including challenges to the Bipartisan Campaign Reform Act of 2002 ("BCRA"), *McConnell v. FEC*, 540 U.S. 93, 124 S. Ct. 619 (2003), *Wisconsin Right to Life v. FEC*, 546 U.S. 410, 126 S. Ct. 1016 (2006) ("*WRTL I*"), and *FEC v. Wisconsin Right to Life*, 127 S. Ct. 2652 (2007) ("*WRTL II*").

Similarly, local counsel, Benjamin Bull and Timothy Chandler, have extensively litigated constitutional issues in the federal courts. Benjamin Bull is chief counsel for Alliance Defense Fund and has been lead counsel in dozens of First Amendment cases across the country. *See, e.g.*, *Gentala v. City of Tucson*, 213 F.3d 1055 (9th Cir. 2000); *Hoffman v. Hunt*, 126 F.3d 575 (4th Cir. 1997); *Church on the Rock v. City of Albuquerque*, 84 F.3d 1273 (10th Cir. 1996); *Ripplinger v. Collins*, 868 F.2d 1043 (9th Cir. 1989).

Local counsel Timothy Chandler is the supervising attorney at Alliance Defense Fund's regional office in California and has practiced almost exclusively in the area of First Amendment law. *See, e.g.*, *Faith Center Evangelistic Ministries*, 480 F.3d 891 (9th Cir 2007); *Harper v. Poway Unified School District*, 445 F.3d 166 (9th Cir. 2006), *vacated as moot*, 127 S.Ct. 1484 (2007); *Christianson v. Leavitt*, 482 F.Supp.2d 1237 (W.D. Wash. 2007).

Plaintiffs are aware of no conflicts of interest between themselves and any members of the proposed class.

### b. Defendant Class of District Attorneys.

Jan Scully is in her fourth term as the District Attorney for Sacramento County and she is the former president of the California District Attorney's Association. Her attorney, Terence J. Cassidy, specializes in civil rights law and has litigated First Amendment issues in both state and appellate courts, including the U.S. Supreme Court. *See Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 124 S. Ct. 2301 (2004). Further, proposed class representative Jan Scully is the District Attorney for the county in which the capitol city of California is located, where the case will be tried. Naming her as the class representative is presumably more cost effective than naming a District Attorney from a location elsewhere in California.

Plaintiffs are aware of no conflicts of interest between proposed class representative Jan Scully and any members of the proposed class.

### c. Defendant Class of Elected City Attorneys.

Proposed class representative Dennis J. Herrera is the elected city attorney for one of the largest cities in California and San Francisco is only a short drive from where this case will be tried. Thus, naming Dennis J. Herrera as the class representative is presumably more cost effective than naming an elected city attorney from a location elsewhere in California..

Dennis J. Herrera has been active in the debate over same sex marriage since its beginning, so he is familiar with the environment in which this suit was brought. *See* Biography of San Francisco City Attorney Dennis Herrera, http://www.sfgov.org/site/city_attorney_page.asp?id= 91929. *See also City and County of San Francisco v. Horton*, S168078, *Slip Opinion* (Cal., May 26, 2009). The San Francisco City Attorney's office is considered "one of the most aggressive and talented city law departments in the nation," so they will presumably be effective class representatives *Id*. (citation omitted).

Plaintiffs are aware of no conflicts of interest between proposed class representative Dennis J. Herrera and any members of the proposed class.

### B. The proposed classes fit squarely within Rule 23(b)(1), (b)(2), & (b)(3).

If the prerequisites of Rule 23(a) are satisfied, an action may only be certified as a class action if it meets one of three conditions set forth in Rule 23(b). *See* Fed. R. Civ. P. 23; *Dukes*,

509 F.3d at 1176. An action may be certified under more than one of the Rule 23(b) requirements. *Walters*, 145 F.3d at 1045 ("[P]otential class members must also demonstrate that they meet at least one of the alternative requirements under Rule 23(b)"). In this case, Plaintiffs seek certification of all classes under Rules 23(b)(1), (b)(2), & (b)(3).

### 1. The proposed classes qualify under Rule 23(b)(1).

Federal Rule of Civil Procedure 23(b)(1) states:

> A class action may be maintained if Rule 23(a) is satisfied and if . . . prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

"Rule 23(b)(1)(A) authorizes class actions to eliminate the possibility of adjudications in which the defendant will be required to follow inconsistent courses of continuing conduct. This danger exists in those situations in which the defendant by reason of the legal relations involved can not as a practical matter pursue two different courses of conduct." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1194 (9th Cir. 2001). "Certification under Rule 23(b)(1)(A) is therefore not appropriate in an action for damages." *Id.* at 1193. "The phrase 'incompatible standards of conduct' refers to the situation where 'different results in separate actions would impair the opposing party's ability to pursue a uniform continuing course of conduct.'" *Id.* (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedures § 1773 at 431 (2d ed. 1986)).

### a. Plaintiff Class of Major Donors.

The proposed Plaintiff Class of Major Donors consists of all individuals and organizations that contributed $10,000 or more to Plaintiff ProtectMarriage.com or Plaintiff NOM-California. Plaintiffs are seeking declaratory and injunctive relief and separate actions brought by other class members would involve substantially the same legal issues and claims. As such, allowing additional challenges to the disclosure provisions at issue in this case risks different rulings regarding the constitutionality of the statutes at issue herein. To avoid this result, certification of the Class of Major Donors is proper under Rule 23(b)(1). *Zinser*, 253 F.3d at 1193.

### b. Defendant Class of District Attorneys.

The proposed Defendant Class of District Attorneys consists of all district attorneys in the State of California that have enforcement authority under the PRA. All claims against the proposed class are declaratory or injunctive in nature and separate actions brought against other class members would involve substantially the same legal issues and claims. As such, allowing additional challenges to the disclosure provisions at issue in this case risks different rules regarding the constitutionality of the statutes at issue herein. To avoid this result, certification of the Class of District Attorneys is proper under Rule 23(b)(1). *Zinser*, 253 F.3d at 1193.

### c. Defendant Class of Elected City Attorneys.

The proposed Defendant Class of Elected City Attorneys consists of all elected city attorneys in the State of California that have enforcement authority under the PRA. All claims against the proposed class are declaratory or injunctive in nature and separate actions brought against other class members would involve substantially the same legal issues and claims. As such, allowing additional challenges to the disclosure provisions at issue in this case risks different rules regarding the constitutionality of the statutes at issue herein. To avoid this result, certification of the Class of District Attorneys is proper under Rule 23(b)(1). *Zinser*, 253 F.3d at 1193.

### 2. The proposed classes also qualify under Rule 23(b)(2).

Federal Rule of Civil Procedure 23(b)(2) states:

> A class action may be maintained if Rule 23(a) is satisfied and if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

"Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." *Zinser*, 253 F.3d at 1193.

### a. Plaintiff Class of Major Donors.

The proposed Plaintiff Class of Major Donors consists of all individuals and organizations that contributed $10,000 or more to Plaintiff ProtectMarriage.com or Plaintiff NOM-California. Plaintiffs do not seek money damages other than attorney's fees in this case. Instead, Plaintiffs

are seeking injunctive and declaratory relief that will affect all members of the proposed class equally. Certification of the Class of Major Donors is proper under Rule 23(b)(2). *Id.*

### b. Defendant Class of District Attorneys.

The proposed Defendant Class of District Attorneys consists of all district attorneys in the State of California that have enforcement authority under the PRA. Plaintiffs do not seek money damages other than attorney's fees in this case. Instead, Plaintiffs are seeking injunctive and declaratory relief that will affect all members of the proposed class equally. Final injunctive relief that applies to the class as a whole will prevent any one member of the class from acting in a manner contrary to the ruling of the Court. Certification of the Class of Major Donors is proper under Rule 23(b)(2). *Id.*

### c. Defendant Class of Elected City Attorneys.

The proposed Defendant Class of Elected City Attorneys consists of all elected city attorneyx in the State of California that have enforcement authority under the PRA. Plaintiffs do not seek money damages in this case. Instead, Plaintiffs are seeking injunctive and declaratory relief that will affect all members of the proposed class equally. Final injunctive relief that applies to the class as a whole will prevent any one member of the class from acting in a manner contrary to the ruling of the Court. Certification of the Class of Major Donors is proper under Rule 23(b)(2). *Id.*

### 3. The proposed classes also qualify under Rule 23(b)(3).

Federal Rule of Civil Procedure 23(b)(3) states:

> A class action may be maintained if Rule 23(a) is satisfied and if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Rule 23(b)(3) certification "is appropriate whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon*, 150 F.3d at 1022 (internal citation omitted). "In contrast to Rule 23(a)(2), Rule 23(b)(3) focuses on the relationship

between the common and individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal citation omitted).

In determining superiority, courts must consider the four factors of Rule 23(b)(3). First, under Rule 23(b)(3)(A), "[w]here damages suffered by each putative class member are not large, this factor weighs in favor of certifying a class action." *Id*.

Second, Rule 23(b)(3)(B) "is intended to serve the purpose of assuring judicial economy and reducing the possibility of multiple lawsuits . . . If the court finds that several other actions already are pending and that a clear threat of multiplicity and a risk of inconsistent adjudications actually exist, a class action may not be appropriate since, unless the other suits can be enjoined, . . . a Rule 23 proceeding only might create one more action . . . . Moreover, the existence of litigation indicates that some of the interested parties have decided that individual actions are an acceptable way to proceed, and even may consider them preferable to a class action." *Id.* at 1191 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780 at 568-70 (2d ed. 1986)).

Third, under Rule 23(b)(3)(C), "where the potential plaintiffs are located across the country and where witnesses and the particular evidence will also be found across the country," the efficiency of a class action in a particular forum is not satisfied. *Zinser*, 253 F.3d at 1191-92.

Finally, Rule 23(b)(3)(D) provides that "when the complexities of the class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication." *Id.* at 1190. "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior.' *Id.* at 1192.

### a. Plaintiff Class of Major Donors.

The proposed Plaintiff Class of Major Donors consists of all individuals and organizations that contributed $10,000 or more to Plaintiff ProtectMarriage.com or Plaintiff NOM-California. Because the interests of the proposed Plaintiff Class of Major Donors would be best served by

settling this dispute in one action, certification under Rule 23(b)(3) is appropriate. *Hanlon*, 150 F.3d at 1022.

This suit involves complex constitutional challenges and seeks only attorney's fees and declaratory and injunctive relief. Given these factors, the Class of Major Donors meets the requirements of Rule 23(b)(3)(A). *Zinser*, 253 F.3d at 1190.

The Class of Major Donors also meet the requirements of Rule 23(b)(3)(B) because they are aware of no other pending lawsuits that raise the issues set forth in this lawsuit. *Zinser*, 253 F.3d at 1191. Although there are potential plaintiffs in this suit located across the country, the majority are located here in California; therefore, under Rule 23(b)(3)(C), the most efficient place to litigate these matters is in California. *Zinser*, 253 F.3d at 1191-92. Under Rule 23(b)(3)(D), the benefits to each member of the class of adjudicating this matter in a single action outweigh the complexities of a class action. *Zinser*, 253 F.3d at 1192.

**b.    Defendant Class of District Attorneys.**

The proposed Defendant Class of District Attorneys consists of all district attorneys in the State of California who have enforcement authority under the PRA. Because the actual interests of the proposed Defendant Class of District Attorneys would be best served by settling this dispute in one action, certification under Rule 23(b)(3) is appropriate. *Hanlon*, 150 F.3d at 1022. The suit does not seek monetary damages, and thus meets the requirements of Rule 23(b)(3)(A). *Zinser*, 253 F.3d at 1190. Defendants meet the requirements of Rule 23(b)(3)(B) because Plaintiffs are aware of no other pending lawsuits that raise the issues set forth in this lawsuit. *Zinser*, 253 F.3d at 1191. All members of the proposed Defendant Class of District Attorneys are located in California; therefore, under Rule 23(b)(3)(C), the most efficient place to litigate these matters is California. *Zinser*, 253 F.3d at 1191-92. The numerous and substantial issues at issue here that Plaintiffs would have to litigate against each individual District Attorney favor granting class status under Rule 23(b)(3)(C). *Zinser*, 253 F.3d at 1192.

**c.    Defendant Class of Elected City Attorneys.**

The proposed Defendant Class of Elected City Attorneys consists of all elected city attorneys in the State of California who have enforcement authority under the PRA. Because the

interests of the proposed Defendant Class of Elected City Attorneys would be best served by

settling this dispute in one action, certification under Rule 23(b)(3) is appropriate. *Hanlon*, 150

F.3d at 1022.The suit does not seek monetary damages, and thus meets the requirements of Rule

23(b)(3)(A). *Zinser*, 253 F.3d at 1190. Defendants meet the requirements of Rule 23(b)(3)(B),

because Plaintiffs are aware of no other pending lawsuits that raise the issues set forth in this

lawsuit. *Zinser*, 253 F.3d at 1191. All members of the proposed Defendant Class of Elected City

Attorneys are located here in California; therefore, under Rule 23(b)(3)(C), the most efficient

place to litigate these matters is in California. *Zinser*, 253 F.3d at 1191-92. The numerous and

substantial issues at issue here that Plaintiffs would have to litigate against each individual

Elected City Attorney favor granting class status under Rule 23(b)(3)(C). *Zinser*, 253 F.3d at

1192.

# CONCLUSION

For the reasons set forth above, the Court should grant Plaintiffs the requested certifications

for class action status.

Dated this 3rd day of June, 2009.


Respectfully submitted,


_/s/ Scott F. Bieniek_

| | |
|---|---|
| Benjamin W. Bull (Ariz. State Bar No. 009940) | James Bopp, Jr. (Ind. Bar No. 2838-84) |
| ALLIANCE DEFENSE FUND | Barry A. Bostrom (Ind. Bar No.11912-84) |
| 15100 North 90th Street | Sarah E. Troupis (Wis. Bar No. 1061515) |
| Scottsdale, Arizona 85260 | Scott F. Bieniek (Ill. Bar No. 6295901) |
| Counsel for All Plaintiffs | BOPP, COLESON & BOSTROM |
| | 1 South Sixth Street |
| Timothy D. Chandler (Cal. Bar No. 234325) | Terre Haute, IN 47807-3510 |
| ALLIANCE DEFENSE FUND | Counsel for All Plaintiffs |
| 101 Parkshore Drive, Suite 100 | |
| Folsom, CA 95630 | |
| Counsel for All Plaintiffs | |
| Designated Counsel for Service | |

*Plaintiffs' Memorandum in Support of Motion for*
*Certification of Class Action*

# CERTIFICATE OF SERVICE

I, Scott F. Bieniek, am over the age of 18 years and not a party to the within action. My business address is 1 South Sixth Street, Terre Haute, Indiana 47807.

On June 3, 2009, I electronically filed the foregoing document described as Plaintiffs' Memorandum in Support of Motion for Certification of Class Action, with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Zackery P. Morazzini
zackery.morazzini@doj.ca.gov
*Attorney for Defendants Debra Bowen and Edmund G. Brown, Jr.*

Judy W. Whitehurst
jwhitehurst@counsel.lacounty.gov
*Attorney for Defendant Dean C. Logan*

Terence J. Cassidy
tcassidy@porterscott.com
*Attorney for Defendant Jan Scully*

Mollie M. Lee
mollie.lee@sfgov.org
*Attorney for Defendants Dennis J. Herrera and*
*Department of Elections - City and Count of San Francisco*

Lawrence T. Woodlock
lwoodlock@fppc.ca.gov
*Attorney for Defendant Members of the Fair Political*
*Practices Commission*

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct. Executed this 3rd day of June, 2009.


  /s/ Scott F. Bieniek
Scott F. Bieniek (Ill. State Bar No. 6295901)
Counsel for All Plaintiffs

**Plaintiffs' Memorandum in Support of Motion for**
**Certification of Class Action**