EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
DOUGLAS J. WOODS, State Bar No. 161531
Supervising Deputy Attorney General
ZACKERY P. MORAZZINI, State Bar No. 204237
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-8226
 Fax: (916) 324-5567
 E-mail: Zackery.Morazzini@doj.ca.gov
*Attorneys for Defendants Debra Bowen, California Secretary of State; Edmund G. Brown Jr., California Attorney General*

SCOTT HALLABRIN, General Counsel, SBN: 076662
LAWRENCE T. WOODLOCK, SBN: 137676
Fair Political Practices Commission
 428 J Street, Suite 800
 Sacramento, CA 95814
 Telephone: (916) 322-5660
 Fax: (916) 327-2026
 E-mail: lwoodlock@fppc.ca.gov
*Attorneys for Defendants Members of the Fair Political Practices Commission*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PROTECTMARRIAGE.COM, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DEBRA BOWEN, SECRETARY OF STATE FOR THE STATE OF CALIFORNIA, et al.,**<br><br>Defendants. | 2:09-cv-00058-MCE-DAD<br><br>**STATE DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: N/A<br><br>Judge: The Hon. Morrison C. England, Jr.<br>Trial Date: March 14, 2011<br>Action Filed: January 7, 2009 |

1

Defendants Debra Bowen, in her official capacity as the Secretary of State for the State of California, Edmund G. Brown Jr., in his official capacity as Attorney General of the State of California, and the individual members of the California Fair Political Practices Commission in their official capacities ("State Defendants"), answer the Third Amended Complaint for themselves and themselves only, by admitting, denying and affirmatively alleging as follows:

1. Responding to paragraph 1, State Defendants deny that California's Political Reform Act of 1974, codified as California Government Code section 81000 et seq (the "Act"), or any specifically challenged section thereof, is unconstitutional on its face or as applied to Plaintiffs and/or all other similarly situated persons. State Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 1 and, basing denial on that ground, deny those allegations.

2. State Defendants deny each and every allegation contained in paragraph 2.

3. State Defendants deny each and every allegation contained in paragraph 3.

4. State Defendants deny each and every allegation contained in paragraph 4.

5. State Defendants admit the allegations contained in paragraph 5.

6. State Defendants admit the allegations contained in paragraph 6.

7. In response to paragraph 7, State Defendants admit that venue is proper in this Court, and that defendants Bowen, Brown, and Scully perform official duties in the Eastern District of California. State Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 7 and, basing denial on that ground, deny each and every remaining allegation contained therein.

8. State Defendants admit the allegations contained in paragraph 8.

9. State Defendants admit the allegations contained in paragraph 9.

10. Paragraph 10 fails to set forth any allegations; therefore, no admission or denial is required.

11. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 11 and, basing denial on that ground, deny each and every allegation contained therein.

2

12. Paragraph 12 fails to set forth any allegations; therefore, no admission or denial is required.

13. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 13 and, basing denial on that ground, deny each and every allegation contained therein.

14. Paragraph 14 fails to set forth any allegations; therefore, no admission or denial is required.

15. In response to paragraph 15, State Defendants admit that defendant Bowen is the Secretary of State of California and is sued in her official capacity. State Defendants further admit that ProtectMarriage.com and NOM-California are required to file campaign reports with defendant Bowen. State Defendants further admit that Government Code sections 84125, 81008, and 84602, in their entirety, speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 15.

16. In response to paragraph 16, State Defendants admit that Edmund G. Brown Jr. is the Attorney General of California and that he is sued in his official capacity, and further admit that Government Code section 91001, in its entirety, speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 16.

17. State Defendants admit the allegations contained in paragraph 17.

18. State Defendants admit the allegations contained in paragraph 18.

19. State Defendants admit the allegations contained in paragraph 19.

20. State Defendants admit the allegations contained in paragraph 20.

21. In response to paragraph 21, State Defendants admit that Ross Johnson is the Chairman of the FPPC and that he is sued in his official capacity and subject to the jurisdiction of this Court. State Defendants further admit that Timothy Hodson, Eugene Huguenin Jr., Robert Leidigh, and Ray Remy are members of the FPPC, and that they are sued in their official capacities. State Defendants further admit that Government Code section 83111, 83115, 83116, 91001, and 91005.5, in their entirety, speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 21.

3

State Defendants' Answer to 3rd Amend. Compl. (2:09-cv-00058-MCE-DAD)

22. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 22 and, basing denial on that ground, deny each and every allegation contained therein.

23. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 23 and, basing denial on that ground, deny each and every allegation contained therein.

24. In response to paragraph 24, State Defendants admit that Proposition 22 was entitled the California Defense of marriage Act and added section 308.5 to California's Family Code, which code section speaks for itself. State Defendants further admit that Proposition 22 was enacted in March of 2000, receiving 61.4% votes in favor of passage. State Defendants deny any and all remaining allegations contained in paragraph 24.

25. In response to paragraph 25, State Defendants admit that the *In Re Marriage Cases*, 43 Cal. 4th 757 (2008) decision speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 25.

26. In response to paragraph 26, State Defendants admit that the *In Re Marriage Cases*, 43 Cal. 4th 757 (2008) decision speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 26.

27. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 27 and, basing denial on that ground, deny each and every allegation contained therein.

28. State Defendants admit the allegations contained in paragraph 28.

29. In response to paragraph 29, State Defendants admit the language of Proposition 8 speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 29.

30. State Defendants admit the allegations contained in paragraph 30.

31. State Defendants admit the allegations contained in paragraph 31.

32. State Defendants admit the allegations contained in paragraph 32.

33. State Defendants admit the allegations contained in paragraph 33.

4

State Defendants' Answer to 3rd Amend. Compl. (2:09-cv-00058-MCE-DAD)

34. In response to paragraph 34, State Defendants admit that Government Code section 82013(c) speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 34.

35. In response to paragraph 35, State Defendants admit that the Political Reform Act speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 35.

36. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 36 and, basing denial on that ground, deny each and every allegation contained therein.

37. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 37 and, basing denial on that ground, deny each and every allegation contained therein.

38. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 38 and, basing denial on that ground, deny each and every allegation contained therein.

39. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 39 and, basing denial on that ground, deny each and every allegation contained therein.

40. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 40 and, basing denial on that ground, deny each and every allegation contained therein.

41. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 41 and, basing denial on that ground, deny each and every allegation contained therein.

42. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 42 and, basing denial on that ground, deny each and every allegation contained therein.

43. State Defendants deny each and every allegation contained in paragraph 43.

5

State Defendants' Answer to 3rd Amend. Compl. (2:09-cv-00058-MCE-DAD)

44. State Defendants admit that plaintiffs have filed campaign disclosure reports as required by the Political Reform Act. State Defendants deny any and all remaining allegations contained in paragraph 44.

45. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 45 and, basing denial on that ground, deny each and every allegation contained therein.

46. State Defendants deny each and every allegation contained in paragraph 46.

47. State Defendants deny each and every allegation contained in paragraph 47.

48. State Defendants deny each and every allegation contained in paragraph 48.

49. In response to paragraph 49, State Defendants admit that Government Code section 82013 speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 49.

50. In response to paragraph 50, State Defendants admit that Government Code section 82047 speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 50.

51. In response to paragraph 51, State Defendants admit that Government Code section 82047.5 speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 51.

52. In response to paragraph 52, State Defendants admit that Government Code section 82027.5 speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 52.

53. In response to paragraph 53, State Defendants admit that Government Code section 84100 speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 53.

54. State Defendants admit that Government Code sections 84200, 84200.7, 84202.3, and 84203 speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 54.

55. State Defendants admit the allegations contained in paragraph 55.

6

State Defendants' Answer to 3rd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

56. In response to paragraph 56, State Defendants admit that Government Code section 84215 speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 56.

57. In response to paragraph 53, State Defendants admit that Government Code section 81009 speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 57.

58. In response to paragraph 58, State Defendants admit that Government Code sections 84605(a), 84606, and 84602(d) speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 58.

59. In response to paragraph 59, State Defendants admit that Government Code sections 81008 and 81009 speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 59.

60. In response to paragraph 60, State Defendants admit that Government Code sections 84602 and 84600, *et seq*, speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 60.

61. In response to paragraph 61, State Defendants admit that Government Code section 84211 speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 61.

62. In response to paragraph 62, State Defendants admit that Government Code section 84104 and California Code of Regulations, title 2, section 18401 speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 62.

63. In response to paragraph 63, State Defendants admit that Government Code section 84105 and California Code of Regulations, title 2, section 18427.1 speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 63.

64. In response to paragraph 64, State Defendants admit that Government Code section 91000 speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 64.

7

State Defendants' Answer to 3rd Amend. Compl. (2:09-cv-00058-MCE-DAD)

65. In response to paragraph 65, State Defendants admit that Government Code sections 91004 and 91005.5 speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 65.

66. In response to paragraph 66, State Defendants incorporate herein by this reference their response to paragraphs 1-65, inclusive.

67. In response to paragraph 67, State Defendants admit that the case of *Mont. Right to Life v. Eddlemann*, 999 F. Supp. 1380 (D. Mont. 1998), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 67.

68. In response to paragraph 68, State Defendants admit that the cases of *Buckley v. Valeo*, 424 U.S. 1 (1976) and *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765 (1978), speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 68.

69. In response to paragraph 69, State Defendants admit that the case of *Buckley v. Valeo*, 424 U.S. 1 (1976), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 69.

70. In response to paragraph 70, State Defendants admit that the cases of *Davis v. F.E.C.*, 128 S. Ct. 2759 (2008) and *Buckley v. Valeo*, 424 U.S. 1 (1976), speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 70.

71. In response to paragraph 71, State Defendants admit that the cases of *Buckley v. Valeo*, 424 U.S. 1 (1976) and *Cal. Pro-Life Council, Inc., v. Getman*, 328 F.3d 1088 (9th Cir. 2003), speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 71.

72. In response to paragraph 72, State Defendants admit that the case of *Buckley v. Valeo*, 424 U.S. 1 (1976) speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 72.

73. In response to paragraph 73, State Defendants admit that the cases of *Buckley v. Valeo*, 424 U.S. 1 (1976) and *NAACP v. Alabama*, 357 U.S. 449 (1958). State Defendants deny any and all remaining allegations contained in paragraph 73.

8

State Defendants' Answer to 3rd Amend. Compl. (2:09-cv-00058-MCE-DAD)

74. In response to paragraph 74, State Defendants admit that the case of *Buckley v. Valeo*, 424 U.S. 1 (1976), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 74.

75. In response to paragraph 75, State Defendants admit that the case of *Brown v. Socialist Workers '74 Campaign Committee (Ohio)*, 459 U.S. 87 (1982), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 75.

76. In response to paragraph 76, State Defendants admit that the cases of *Powers v. Ohio*, 499 U.S. 400 (1991) and *NAACP v. Alabama*, 357 U.S. (1958), speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 76.

77. State Defendants admit the allegations in paragraph 77.

78. In response to paragraph 78, State Defendants admit that Government Code section 84200(b) speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 78.

79. State Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 79 and, basing denial on that ground, deny each and every allegation contained therein.

80. In response to paragraph 80, State Defendants admit that Plaintiffs' report due February 2, 2009, was made available to the public and available on the Secretary of State's Cal-Access website as required by law. State Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 80 and, basing denial on that ground, deny each and every remaining allegation contained therein.

81. In response to paragraph 81, State Defendants admit that Plaintiffs' report due February 2, 2009, was made available to the public and available on the Secretary of State's Cal-Access website as required by law. State Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 81 and, basing denial on that ground, deny each and every remaining allegation contained therein.

82. In response to paragraph 82, State Defendants admit that Government Code sections 82013, 82048, 84100, 84101, 84102, and 84211, and Cal. Code Regs. tit. 2, section

9

State Defendants' Answer to 3rd Amend. Compl. (2:09-cv-00058-MCE-DAD)

18450.4 speak for themselves.  State Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 79 and, basing denial on that ground, deny each and every remaining allegation contained therein.

83. State Defendants deny each and every allegation contained in paragraph 83.

84. State Defendants deny each and every allegation contained in paragraph 84.

85. State Defendants deny each and every allegation contained in paragraph 85.

86. Paragraph 86 sets forth Plaintiffs' prayer for relief and, as such, contains no allegations requiring admission or denial by State Defendants.

87. In response to paragraph 87, State Defendants incorporate herein by this reference their response to paragraphs 1-86, inclusive.

88. In response to paragraph 88, State Defendants admit that the case of *Mont. Right to Life v. Eddlemann*, 999 F. Supp. 1380 (D. Mont. 1998), speaks for itself.  State Defendants deny any and all remaining allegations contained in paragraph 88.

89. In response to paragraph 89, State Defendants admit that the cases of *Buckley v. Valeo*, 424 U.S. 1 (1976) and *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765 (1978), speak for themselves.  State Defendants deny any and all remaining allegations contained in paragraph 89.

90. In response to paragraph 90, State Defendants admit that the case of *Buckley v. Valeo*, 424 U.S. 1 (1976), speaks for itself.  State Defendants deny any and all remaining allegations contained in paragraph 90.

91. In response to paragraph 88, State Defendants admit that the cases of *Davis v. F.E.C.*, 128 S. Ct. 2759 (2008) and *Buckley v. Valeo*, 424 U.S. 1 (1976), speak for themselves.  State Defendants deny any and all remaining allegations contained in paragraph 91.

92. In response to paragraph 92, State Defendants admit that the case of *Buckley v. Valeo*, 424 U.S. 1 (1976), speaks for itself.  State Defendants deny any and all remaining allegations contained in paragraph 92.

93. In response to paragraph 93, State Defendants admit that the cases of *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765 (1978), and *Cal. Pro-Life Council, Inc., v. Getman*,

10

State Defendants' Answer to 3rd Amend. Compl.  (2:09-cv-00058-MCE-DAD)

328 F.3d 1088 (9th Cir. 2003) speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 93.

94. In response to paragraph 94, State Defendants admit that the case of *Buckley v. Valeo*, 424 U.S. 1 (1976), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 94.

95. In response to paragraph 95, State Defendants admit that the case of *Buckley v. Valeo*, 424 U.S. 1 (1976), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 95.

96. In response to paragraph 96, State Defendants admit that the case of *Randall v. Sorrell*, 548 U.S. 230 (2006), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 93.

97. State Defendants deny each and every allegation contained in paragraph 97.

98. State Defendants deny each and every allegation contained in paragraph 98.

99. Paragraph 99 sets forth Plaintiffs' prayer for relief and, as such, contains no allegations requiring admission or denial by State Defendants.

100. In response to paragraph 100, State Defendants incorporate herein by this reference their response to paragraphs 1-99, inclusive.

101. In response to paragraph 101, State Defendants admit that the case of *Mont. Right to Life v. Eddlemann*, 999 F. Supp. 1380 (D. Mont. 1998), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 101.

102. In response to paragraph 102, State Defendants admit that the cases of *Buckley v. Valeo,* 424 U.S. 1 (1976) and *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765 (1978), speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 102.

103. In response to paragraph 103, State Defendants admit that the case of *Buckley v. Valeo*, 424 U.S. 1 (1976), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 103.

11

State Defendants' Answer to 3rd Amend. Compl. (2:09-cv-00058-MCE-DAD)

104. In response to paragraph 104, State Defendants admit that the cases of *Davis v. F.E.C.*, 128 S. Ct. 2759 (2008) and *Buckley v. Valeo*, 424 U.S. 1 (1976), speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 104.

105. In response to paragraph 105, State Defendants admit that the case of *Buckley v. Valeo*, 424 U.S. 1 (1976), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 105.

106. In response to paragraph 106, State Defendants admit that the cases of *Buckley v. Valeo*, 424 U.S. 1 (1976), *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765 (1978), and *Cal. Pro-Life Council, Inc., v. Getman*, 328 F.3d 1088 (9th Cir. 2003) speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 106.

107. In response to paragraph 107, State Defendants admit that the case of *Cal. Pro-Life Council, Inc., v. Randolph*, 507 F.3d 1172 (9th Cir. 2007), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 107.

108. State Defendants deny each and every allegation contained in paragraph 108.

109. State Defendants deny each and every allegation contained in paragraph 109.

110. State Defendants deny each and every allegation contained in paragraph 109.

111. Paragraph 111 sets forth Plaintiffs' prayer for relief and, as such, contains no allegations requiring admission or denial by State Defendants.

112. In response to paragraph 112, State Defendants incorporate herein by this reference their response to paragraphs 1-111, inclusive.

113. In response to paragraph 113, State Defendants admit that the case of *Mont. Right to Life v. Eddlemann*, 999 F. Supp. 1380 (D. Mont. 1998), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 113.

114. In response to paragraph 114, State Defendants admit that the cases of *Buckley v. Valeo*, 424 U.S. 1 (1976) and *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765 (1978), speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 114.

12

State Defendants' Answer to 3rd Amend. Compl. (2:09-cv-00058-MCE-DAD)

115. In response to paragraph 115, State Defendants admit that the case of *Buckley v. Valeo*, 424 U.S. 1 (1976), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 115.

116. In response to paragraph 116, State Defendants admit that the cases of *Davis v. F.E.C.*, 128 S. Ct. 2759 (2008) and *Buckley v. Valeo*, 424 U.S. 1 (1976), speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 116.

117. In response to paragraph 117, State Defendants admit that the case of *Buckley v. Valeo*, 424 U.S. 1 (1976), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 117.

118. In response to paragraph 118, State Defendants admit that the cases of *Buckley v. Valeo*, 424 U.S. 1 (1976), *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765 (1978), and *Cal. Pro-Life Council, Inc., v. Getman*, 328 F.3d 1088 (9th Cir. 2003) speak for themselves. State Defendants deny any and all remaining allegations contained in paragraph 118.

119. In response to paragraph 115, State Defendants admit that the case of *Cal. Pro-Life Council, Inc., v. Randolph*, 507 F.3d 1172 (9th Cir. 2007), speaks for itself. State Defendants deny any and all remaining allegations contained in paragraph 115.

120. State Defendants deny each and every allegation set forth in paragraph 120.

121. State Defendants deny the allegations set forth in paragraph 121.

122. State Defendants admit that the Secretary of State provides campaign finance reports through Cal-Access. Except as so admitted, State defendants deny each and every allegation set forth in paragraph 122.

123. State Defendants deny each and every allegation set forth in paragraph 123.

124. Paragraph 124 sets forth Plaintiffs' prayer for relief and, as such, contains no allegations requiring admission or denial by State Defendants.

## AFFIRMATIVE DEFENSES

As for their separate affirmative defenses to the Third Amended Complaint, State Defendants allege as follows:

13

State Defendants' Answer to 3rd Amend. Compl. (2:09-cv-00058-MCE-DAD)

1. Plaintiffs lack standing to bring the present action against the State Defendants in that they have failed to allege sufficient harm and may not assert the rights of third parties.

2. The Third Amended Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against State Defendants.

3. The Court lacks jurisdiction over the subject matter of the lawsuit.

4. The Court lacks jurisdiction over State Defendants.

5. With respect to any claims brought by Plaintiffs seeking monetary relief, including any claims for attorneys' fees, State Defendants are protected by the doctrine of sovereign immunity.

6. State Defendants affirmatively state that they have taken no actions with respect to Plaintiffs, and that any actions that they may have taken have been taken in good faith, have been reasonable and prudent, and have been consistent with all applicable legal and constitutional standards.

7. State Defendants have complied with all legal obligations and any and all statutes and regulations.

8. Plaintiffs have failed to state a claim upon which attorneys fees can be granted.

9. State Defendants have proceeded in a manner required by law and have not committed any prejudicial abuse of discretion.

10. There exist no legal rights or responsibilities between the parties for purposes of declaratory or injunctive relief.

WHEREFORE, State Defendants pray as follows:

1. That Plaintiffs take nothing by way of their Third Amended Complaint, that this action be dismissed with prejudice, and that judgment be entered in favor of State Defendants;

2. That no injunction issue against State Defendants;

3. That State Defendants be awarded their costs of suit; and,

///

///

14

State Defendants' Answer to 3rd Amend. Compl. (2:09-cv-00058-MCE-DAD)

4.      That State Defendants be afforded such other and further relief as the Court may deem just and proper.

Dated:  June 5, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
DOUGLAS J. WOODS
Supervising Deputy Attorney General


/s/ Zackery P. Morazzini
ZACKERY P. MORAZZINI
Deputy Attorney General
*Attorneys for Defendants*
*Office of Secretary of State*


Fair Political Practices Commission
SCOTT HALLABRIN, General Counsel
LAWRENCE T. WOODLOCK


/s/  Lawrence T. Woodlock
LAWRENCE T. WOODLOCK *Attorneys for Defendants Members of the Fair Political Practices Commission*

15

State Defendants' Answer to 3rd Amend. Compl.  (2:09-cv-00058-MCE-DAD)