1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  DOUGLAS J. WOODS, State Bar No. 161531
   Supervising Deputy Attorney General
3  ZACKERY P. MORAZZINI, State Bar No. 204237
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 445-8226
6   Fax: (916) 324-5567
    E-mail: Zackery.Morazzini@doj.ca.gov
7  *Attorneys for Defendants Debra Bowen, California
   Secretary of State; Edmund G. Brown Jr., California
8  Attorney General*

9  SCOTT HALLABRIN, General Counsel, SBN: 076662
   LAWRENCE T. WOODLOCK, SBN: 137676
10 Fair Political Practices Commission
    428 J Street, Suite 800
11  Sacramento, CA 95814
    Telephone: (916) 322-5660
12  Fax: (916) 327-2026
    E-mail: lwoodlock@fppc.ca.gov
13 *Attorneys for Defendants Members of the Fair
   Political Practices Commission*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PROTECTMARRIAGE.COM, et al.,** | 2:09-cv-00058-MCE-DAD |
| Plaintiff, | **STATE DEFENDANTS' NOTICE OF MOTION AND MOTION UNDER RULE 56(f); POINTS AND AUTHORITIES** |
| v. | |
| **DEBRA BOWEN, SECRETARY OF STATE FOR THE STATE OF CALIFORNIA, et al.,** | Date: TBD<br>Time: TBD<br>Courtroom: 7, 14th Floor<br>The Honorable Morrison C. England, Jr. |
| Defendants. | Trial Date: March 14, 2011<br>Action Filed: January 7, 2009 |

Defendants Debra Bowen, in her official capacity as the Secretary of State for the State of California, Edmund G. Brown Jr., in his official capacity as Attorney General of the State of California, and the individual members of the California Fair Political Practices Commission in

1

1 | their official capacities ("State Defendants") will and hereby do move to deny Plaintiffs' Motion
2 | for Summary Judgment or, in the alternative, continue the hearing date of Plaintiffs' Motion,
3 | pursuant to rule 56(f) of the Federal Rules of Civil Procedure. This motion is brought pursuant to
4 | rule 56(f) and Local Rule 78-230, and is supported by the declaration of Lawrence T. Woodlock,
5 | counsel of record in this matter, filed concurrently herewith and incorporated by this reference.

This motion is made on the grounds that, as set forth in detail in the Woodlock Declaration, given the hearing date of August 13, 2009, as noticed by Plaintiffs, the State Defendants have not had sufficient time to conduct discovery or otherwise obtain and present facts essential to justify their opposition to Plaintiffs' motion.

Therefore, the State Defendants respectfully request that the Court deny Plaintiff's Motion for Summary Judgment in its entirety or, in the alternative, continue the hearing date on said motion to a date no earlier than **December 18, 2009**. Such a continuance would likely provide sufficient time for the State Defendants to complete discovery and otherwise obtain facts essential to justify their opposition to Plaintiffs' motion.

Dated: June 10, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
DOUGLAS J. WOODS
Supervising Deputy Attorney General


/s/ Zackery P. Morazzini
ZACKERY P. MORAZZINI
Deputy Attorney General
*Attorneys for Defendants Debra Bowen, California Secretary of State; Edmund G. Brown Jr., California Attorney General*

Fair Political Practices Commission
SCOTT HALLABRIN, General Counsel
LAWRENCE T. WOODLOCK


/s/ Lawrence T. Woodlock
LAWRENCE T. WOODLOCK
*Attorneys for Defendants Members of the Fair Political Practices Commission*

**POINTS AND AUTHORITIES**

The State Defendants have not had a sufficient opportunity to conduct discovery or otherwise obtain and present facts essential to justify their opposition to Plaintiffs' Motion for Summary Judgment. Through this motion, the State Defendants respectfully request that the Court either deny Plaintiffs' Motion for Summary Judgment without prejudice to their re-filing at a later date or, in the alternative, continue the hearing on the motion to a date no earlier than December 18, 2009.

**STANDARD OF REVIEW ON RULE 56(f) MOTIONS**

"Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). "A district court should continue a summary judgment upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." *Weinberg v. Whatcom County*, 241 F.3d 746, 750 (9th Cir. 2001) (citing *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)). "In order to obtain relief under Rule 56(f), the movant 'must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.,* 525 F.3d 822, 827 (9th Cir. 2008) (citing *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)). The movant must show by affidavit that the discovery will produce facts that are "essential to oppose summary judgment." *Tatum v. San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

Rule 56(f) confers on the court wide discretion to allow additional discovery to be completed before summary judgment, or to "make such order as is just" to "protect parties from a premature grant of summary judgment." *Weinberg*, 241 F.3d at 750. Although rule 56(b) allows a party to move for summary judgment "at any time," it is well established that "'continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.'" *Burlington Northern Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort*

3

*Peck Reservation*, 323 F.3d 767, 773-774 (9th Cir. 2003) (quoting *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992)).

**ARGUMENT**

Plaintiffs seek summary judgment in this matter on the grounds that the pre- and post-election disclosure requirements set forth in California's Political Reform Act (Cal. Gov't Code, §§ 81000 et seq.) are unconstitutional on their face and as applied to Plaintiffs. In support of their motion, Plaintiffs make a host of arguments regarding an alleged chilling effect of the disclosure requirements on their ability to engage in political speech, including their ability to make and receive monetary contributions in support of ballot measures, and make expenditures in support of ballot measures. *See* Pltf.s' Mot. Sum. J., pp. 13-16. Plaintiffs also argue, among other things, that the State lacks a sufficiently compelling interest in maintaining such disclosure requirements, that the requirements are not narrowly tailored to serve any State interest, and that such requirements are not the least restrictive means of supporting the State's interest. *Id.*, at pp. 32-47.

As set forth in detail in the Woodlock Declaration, it will be necessary for the State Defendants to obtain and review each of the ballot-committee Plaintiffs' semi-annual campaign statements in order to support their factual representations and arguments in opposition to Plaintiffs' Motion. Woodlock Decl., ¶¶ 3-5. Such statements must disclose, among other things, the total amount of contributions received (including contributions of $100 or more), as well as the total amount of expenditures made, by each ballot-committee Plaintiff for the period between January 1, 2009 – June 30, 2009. *See* Cal. Gov't Code §§ 84200, 84211. Because these campaign reports will cover a crucial period during which Plaintiffs allege reprisals have continued, the State Defendants believe that such information will be essential to their ability to demonstrate the impact, if any, the alleged reprisals have had on Plaintiffs' ability to raise funds and get out their message – an issue central to the State Defendants' opposition. Woodlock Decl., ¶¶ 3-5 . However, Plaintiffs' campaign statements are not required to be filed until **July 31, 2009**. *See* Cal. Gov't Code, § 84200. Absent a denial or continuance of Plaintiffs' motion, the

4

State Defendants will not have sufficient time to obtain, review, and analyze these reports; reports that Plaintiff themselves allege may exceed 2,800 pages. *See* Pltf.'s Mot. Sum. J., p. 8, n. 6.

The State Defendants believe it will take their experts no less than four months after the campaign reports are filed to analyze and compile the information contained in the reports in a manner sufficient to enable them to compare the contributions and expenditures from this period with those covering prior periods. Woodlock Decl., ¶ 5. Such information will be crucial to the State Defendants' arguments in opposition to Plaintiffs' motion.

The State Defendants will also need to consult experts in order to address Plaintiffs' contentions regarding the impact of modern technology on the ability of ballot committees to successfully engage in fundraising. *See* Pltf.'s Mot. Sum. J., pp. 6-12. The question as to whether ballot measure contributions have been increasing throughout the Internet era, rather than decreasing as Plaintiffs' claims would suggest, is essential to the State Defendants' arguments in opposition to Plaintiffs' motion.

Finally, the State Defendants will need to consult experts regarding the State's interest in public disclosure of ballot-committee contributor identity, including relatively small donors, and the injury to the State's electoral process if disclosure is withheld whenever a ballot measure election generates controversy. *See* Pltf.'s Mot. Sum. J., pp. 32-47; Woodlock Decl., ¶ 6. Experts will also need to be consulted regarding "normal" levels of heated debate, discourse, petty vandalism, and boycotts during ballot measure elections, and whether such activity results in any measurable chilled speech. Pltf.'s Mot. Sum. J., pp.13-16, nn. 17-19; Woodlock Decl., ¶ 6.

The State Defendants believe it will take no less than four months after receipt of Plaintiffs' campaign statements to obtain and procure the services of multiple experts to provide the reports necessary to support their arguments in opposition to Plaintiffs' motion. Woodlock Decl., ¶¶ 5-6.

This rule 56(f) motion should come as no surprise to Plaintiffs. After the Court issued its written order denying Plaintiffs' Motion for Preliminary Injunction, the parties met and conferred for purposes of filing their Joint Status Report. On March 6, 2009, Plaintiffs, on behalf of all parties to this action, filed the Joint Status Report with this Court. *See* Docket No. 95. Plaintiffs themselves agreed to a discovery period running for no less than six months, ending no sooner

5

than October 1, 2009.  *See* Docket 95, ¶ (f)(2).  Through the Pretrial Scheduling Order, this Court extended the discovery period to May 14, 2010.  *See* Docket 96, ¶ IV.  Plaintiffs also agreed that all non-discovery (including dispositive) motions should be filed by no later than November 16, 2009.  *See* Docket 95, ¶ (g).  This Court extended such period to September 16, 2010.  See Docket 95, ¶ VI.  Plaintiffs surely will not be prejudiced should the Court deny or continue Plaintiffs' motion to a date no earlier than December 18, 2009.

## CONCLUSION

Through this motion and the concurrently-filed Woodlock Declaration, the State Defendants have demonstrated, with specificity, the facts it hopes to elicit through further discovery, that the facts sought exist, and that the sought-after facts are essential to oppose Plaintiffs' Motion for Summary Judgment.  *Family Home and Finance Center, Inc.,* 525 F.3d at 827.  Therefore, for all of the foregoing reasons, the State Defendants respectfully request that the Court deny or, in the alternative, continue Plaintiffs' Motion for Summary Judgment for hearing to a date no earlier than December 18, 2009.

Dated: June 10, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
DOUGLAS J. WOODS
Supervising Deputy Attorney General

/s/ Zackery P. Morazzini
ZACKERY P. MORAZZINI
Deputy Attorney General
*Attorneys for Defendants Debra Bowen, California Secretary of State; Edmund G. Brown Jr., California Attorney General*

Fair Political Practices Commission
SCOTT HALLABRIN, General Counsel
LAWRENCE T. WOODLOCK

/s/  Lawrence T. Woodlock
LAWRENCE T. WOODLOCK
*Attorneys for Defendants Members of the Fair Political Practices Commission*