1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  DOUGLAS J. WOODS, State Bar No. 161531
   Supervising Deputy Attorney General
3  ZACKERY P. MORAZZINI, State Bar No. 204237
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 445-8226
6    Fax: (916) 324-5567
     E-mail: Zackery.Morazzini@doj.ca.gov
7  *Attorneys for Defendants Debra Bowen, California
   Secretary of State; Edmund G. Brown Jr., California
8  Attorney General*

9  SCOTT HALLABRIN, General Counsel, SBN: 076662
   LAWRENCE T. WOODLOCK, SBN: 137676
10 Fair Political Practices Commission
     428 J Street, Suite 800
11   Sacramento, CA 95814
     Telephone: (916) 322-5660
12   Fax: (916) 327-2026
     E-mail: lwoodlock@fppc.ca.gov
13 *Attorneys for Defendants Members of the Fair
   Political Practices Commission*

15              IN THE UNITED STATES DISTRICT COURT

16              FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PROTECTMARRIAGE.COM, et al.,** | 2:09-cv-00058-MCE-DAD |
| Plaintiff, | **DECLARATION OF LAWRENCE T. WOODLOCK** |
| v. | Date:      July 16, 2009<br>Time:      2:00 p.m. |
| **DEBRA BOWEN, SECRETARY OF STATE FOR THE STATE OF CALIFORNIA, et al.,** | Courtroom: 7, 14th Floor<br><br>The Honorable Morrison C. England, Jr.<br>Trial Date: March 14, 2011 |
| Defendants. | Action Filed: January 7, 2009 |

1

1   I, Lawrence T. Woodlock, counsel of record for Defendant members of the California Fair
2   Political Practices Commission, make the following declaration in support of State Defendants'
3   Notice of Motion and Motion Under Rule 56(f):

4  1.  I am a resident of the State of California, over 18 years of age, and make this
5      declaration based upon personal knowledge and belief.
6  2.  After reviewing the points and authorities filed in support of Plaintiffs' Motion for
7      Summary Judgment (Motion), I believe that, absent a denial of the Motion or
8      continuance thereof to a date no earlier than December 18, 2009, State Defendants will
9      be unable to obtain, through discovery or otherwise, and present facts essential to justify
10     their opposition to Plaintiffs' motion.
11 3.  It will be necessary for State Defendants to obtain and review each of the ballot-
12     committee Plaintiffs' semi-annual campaign statements, because these statements will
13     demonstrate the total amount of contributions Plaintiffs received, as well as providing
14     information about the amount and nature of expenditures made, by each ballot-
15     committee Plaintiff for the period between January 1, 2009 – June 30, 2009.  These
16     campaign reports will cover a period during which Plaintiffs allege continuing reprisals
17     have diminished their ability to raise funds, and State Defendants believe that such
18     information will be essential to demonstrate the actual impact, if any, the alleged
19     reprisals have had on Plaintiffs' ability to raise funds and engage in political speech
20     regarding Proposition 8.  Absent this information, State Defendants can only speculate
21     as to the impact, if any, the alleged reprisals have had on Plaintiffs' ability to engage in
22     political speech.
23 4.  It is my understanding and belief that the individuals we will have review the
24     campaign statements will need no less than four months after the statements are filed to
25     analyze and compile the information contained in the reports in a manner sufficient to
26     enable the State Defendants to measure and evaluate the contributions and expenditures
27     from this first post-election reporting period.  These campaign statements will provide
28

2

1 empirical evidence essential to a full and accurate picture of Plaintiffs' ability to engage
2 in political speech regarding Proposition 8.

3   5.   It is my understanding and belief that we will also need to consult experts in order to
4 address Plaintiffs' contentions regarding the impact of modern technology on the ability
5 of ballot committees to successfully engage in fundraising.  Plaintiffs appear to argue
6 that modern technology has had a negative impact on their ability to engage in political
7 fundraising regarding Proposition 8.  Therefore, the question as to whether ballot
8 measure contributions have been increasing over the years, rather than decreasing as
9 Plaintiffs' claims would suggest, is essential to State Defendants' arguments in
10 opposition to Plaintiffs' Motion.  State Defendants will need to consult experts in order
11 to address this issue raised by Plaintiffs.  I anticipate that State Defendants will need no
12 less than four months to retain experts in this field, and to permit them time to reach
13 well-founded conclusions.

14   6.   It is my understanding and belief that State Defendants will need to consult experts
15 regarding the State's interest in public disclosure of ballot-committee contributor
16 identity, including relatively small donors, and the injury to the State's electoral process
17 if disclosure is withheld whenever a ballot measure election generates controversy.
18 Experts will also need to be consulted regarding "normal" levels of heated debate,
19 discourse, demonstrations, petty vandalism, and boycotts during ballot measure
20 elections, and whether such activity results in any measurable chilled speech.  I
21 anticipate that State Defendants will need no less than four months to obtain experts in
22 this field, and to permit them time to reach well-founded conclusions.

24   I declare under penalty of perjury that the foregoing is true and correct.

26   Executed on June 10, 2009.            /s/ Lawrence T. Woodlock
                                          Lawrence T. Woodlock

3