DENNIS J. HERRERA, SB# 139669
City Attorney
WAYNE SNODGRASS, SB# 148137
MOLLIE LEE, SB# 251404
Deputy City Attorneys
One Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone: (415) 554-4705
Facsimile: (415) 554-4745
E-Mail: mollie.lee@sfgov.org

Attorneys for Defendants
Department of Elections - City and County of San Francisco and
Dennis J. Herrera, City Attorney for the City and County of San Francisco

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ProtectMarriage.com - Yes on 8, a Project of California Renewal; National Organization for Marriage California - Yes on 8, Sponsored by National Organization for Marriage, John Doe #1**, an individual, and as a representative of the **Class of Major Donors**,<br><br>Plaintiffs,<br><br>vs.<br><br>**Debra Bowen,** Secretary of State for the State of California, in her official capacity; **Edmund G. Brown, Jr.,** Attorney General for the State of California, in his official capacity; **Dean C. Logan,** Registrar-Recorder of Los Angeles County, California, in his official capacity; **Department of Elections - City and County of San Francisco**; **Jan Scully,** District Attorney for Sacramento County, California, in her official capacity and as a representative of the Class of District Attorneys in the State of California; **Dennis J. Herrera**, City Attorney for the City and County of San Francisco, California, in his official capacity and as a representative of the Class of Elected City Attorneys in the State of California; **Ross** | Case No. 2:09-CV-00058-MCE-DAD<br><br>**DEFENDANTS DEPARTMENT OF ELECTIONS – CITY AND COUNTY OF SAN FRANCISCO AND DENNIS J. HERRERA'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |

DEFENDANTS DEPARTMENT OF ELECTIONS
AND DENNIS J. HERRERA'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 2:09-CV-00058-MCE-DAD

1

**Johnson, Timothy Hodson, Eugene Huguenin, Jr., Robert Leidigh,** and **Ray Remy**, members of the California Fair Political Practices Commission, in their official capacities,

    Defendants.

On behalf of themselves and no other persons or entities, Defendants Department of Elections – City and County of San Francisco and Dennis J. Herrera, City Attorney for the City and County of San Francisco, in his official capacity ("Defendants"), hereby answer the Third Amended Complaint ("Complaint") as follows:

    1.    Defendants admit this is a facial and as-applied challenge to the disclosure requirements of California's Political Reform Act of 1974 ("the Act"), and that Plaintiffs seek declaratory and injunctive relief.  Except as so admitted, Defendants deny the allegations of Paragraph 1.

    2.    Defendants admit that Plaintiffs challenge application of the Act's disclosure requirements.  Except as so admitted, Defendants deny the allegations of Paragraph 2.

    3.    Defendants admit that Plaintiffs challenge the Act's threshold for reporting contributors, both facially and as-applied to Plaintiffs.  Except as so admitted, Defendants deny the allegations of Paragraph 3.

    4.    Defendants admit that Plaintiffs challenge the Act's disclosure requirements for post-election reporting.  Except as so admitted, Defendants deny the allegations of Paragraph 4.

## I. JURISDICTION AND VENUE

    5.    Defendants admit that the Third Amended Complaint invokes 42 U.S.C. § 1983 and the First and Fourteenth Amendment to the United States Constitution as the grounds for this action.

    6.    Defendants admit that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a).

    7.    Defendants admit that the Eastern District of California is the proper venue for this action pursuant to 28 U.S.C. § 1391(b).  Defendants lack sufficient knowledge or information to form

DEFENDANTS DEPARTMENT OF ELECTIONS
AND DENNIS J. HERRERA'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO.   2:09-CV-00058-MCE-DAD

2

a belief as to the truth of the remaining allegations of Paragraph 7, and therefore deny those allegations.

## II. PARTIES

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and they therefore deny those allegations.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9, and they therefore deny those allegations.

10. Paragraph 10 fails to set forth any allegations; therefore, no admission or denial is required.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11, and they therefore deny those allegations.

12. Paragraph 12 fails to set forth any allegations; therefore, no admission or denial is required.

13. Defendants admit that contributors of $10,000 or more to a ballot measure committee are "committees" under the Act. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 13, and they therefore deny those allegations.

14. Paragraph 14 fails to set forth any allegations; therefore, no admission or denial is required.

15. Defendants admit that Debra Bowen is the Secretary of State of California and that she is sued in her official capacity. Defendants admit that campaign records filed with the Secretary of State are public records and are open to the public for inspection pursuant to California Government Code ("CGC") section 81008. Defendants admit that CGC section 84602 charges the Secretary of State with developing a system of electronic filing of campaign statements and making data filed available on the Internet. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 15, and they therefore deny those allegations.

16. Defendants admit that Edmund Brown Jr. is the Attorney General of California and that he is sued in his official capacity. Defendants admit that CGC section 91001 describes in part the

DEFENDANTS DEPARTMENT OF ELECTIONS
AND DENNIS J. HERRERA'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 2:09-CV-00058-MCE-DAD

3

authority of the Attorney General to enforce violations of the Act. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 16, and they therefore deny those allegations.

17. Defendants admit that Dean C. Logan is the Registrar-Recorder of Los Angeles County and that he is sued in his official capacity. Defendants admit that pursuant to CGC section 81008, campaign reports filed with the Registrar-Recorder of Los Angeles County pursuant to CGC section 84215 are public records and are open to public inspection. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 17, and they therefore deny those allegations.

18. Defendants admit that pursuant to CGC section 81008, campaign reports filed with the Department of Elections for the City and County of San Francisco pursuant to CGC section 84215 are public records and are open to public inspection. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 18, and they therefore deny those allegations.

19. Defendants admit that Defendant Jan Scully is the District Attorney for Sacramento County, California, and that she is sued in her official capacity and as a representative of the putative class of District Attorneys in the State of California alleged in the Complaint. Defendants deny the allegations in the last sentence of Paragraph 19 because it is an incorrect and overly broad description of CGC section 91001, which speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 19, and they therefore deny those allegations.

20. Defendants admit that Defendant Dennis J. Herrera is the City Attorney for the City and County of San Francisco, California. Defendants admit that Plaintiffs sue Defendant Herrera in his official capacity and as a representative of the putative class of elected City Attorneys in the State of California. Defendants deny the remaining allegations of Paragraph 20.

DEFENDANTS DEPARTMENT OF ELECTIONS
AND DENNIS J. HERRERA'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 2:09-CV-00058-MCE-DAD

4

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the third and seventh sentences of Paragraph 21, and they therefore deny those allegations. Defendants admit the remaining allegations of Paragraph 21.

### III. CLASS ACTION ALLEGATIONS

22. Defendants admit the allegations of the first sentence of Paragraph 22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 22, and they therefore deny those allegations.

23. Defendants admit the allegations of the first sentence of Paragraph 23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 23, and they therefore deny those allegations.

### IV. FACTS

24. Defendants admit that Proposition 22, entitled the California Defense of Marriage Act, added California Family Code section 308.5. Defendants admit that section 308.5 states, "Only marriage between a man and a woman is valid or recognized in California." Defendants admit that Proposition 22 received approximately 61.4 percent of the vote. Defendants deny the remaining allegations in Paragraph 24.

25. Defendants admit that on February 10, 2004, the Mayor of the City and County of San Francisco directed the County Clerk to issue marriage licenses to same-sex couples. Defendants otherwise deny the incomplete description and characterization of the subsequent litigation contained in Paragraph 25.

26. Defendants admit that the California Supreme Court ruled that section 308.5 violated the California Constitution, but otherwise deny the incomplete description of the litigation contained in Paragraph 26.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27, and they therefore deny those allegations.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28, and they therefore deny those allegations.

DEFENDANTS DEPARTMENT OF ELECTIONS
AND DENNIS J. HERRERA'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO.  2:09-CV-00058-MCE-DAD

5

29. Defendants admit that Proposition 8 provides for addition of the quoted language to the California Constitution. Defendants deny the remaining allegations of Paragraph 29.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30, and they therefore deny those allegations.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31, and they therefore deny those allegations.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32, and they therefore deny those allegations.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 33, and they therefore deny those allegations.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 34, and they therefore deny those allegations.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36, and they therefore deny those allegations.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 37, and they therefore deny those allegations.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 38, and they therefore deny those allegations.

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 39, and they therefore deny those allegations.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 40, and they therefore deny those allegations.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 41, and they therefore deny those allegations.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 42, and they therefore deny those allegations.

43. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 43, and they therefore deny those allegations.

44. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 44, and they therefore deny those allegations.

45. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 45, and they therefore deny those allegations.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46, and they therefore deny those allegations.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 47, and they therefore deny those allegations.

48. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 48, and they therefore deny those allegations.

49. Defendants admit that the quoted language is part of CGC section 82013.

50. Defendants admit that the quoted language is part of CGC section 82047.

51. Defendants admit that the quoted language is part of CGC section 82047.5, except as to omission of section "(d)" designation for the last subsection.

52. Defendants admit that the quoted language is part of CGC section 82027.5, except that the statute uses the word "committees" instead of "committee."

53. Defendants admit that a committee may be required to keep records, report information, and otherwise comply with the Act. Except as so admitted, Defendants deny the allegations of Paragraph 53.

54. Defendants admit that CGC sections 84202.3, 84200, 84200.7 and 84203 speak for themselves. Defendants deny the remaining allegations of Paragraph 54.

55. Defendants admit the allegations in Paragraph 55.

56. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 56, and they therefore deny those allegations.

DEFENDANTS DEPARTMENT OF ELECTIONS
AND DENNIS J. HERRERA'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 2:09-CV-00058-MCE-DAD

7

57. Defendants admit that the quoted language is part of CGC section 81009, with emphasis added.

58. Defendants admit the first two sentences of Paragraph 58. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 58, and they therefore deny those allegations.

59. Defendants admit that the quoted language is contained within the referenced provisions. Except as so admitted, defendants deny the allegations of Paragraph 59.

60. Defendants admit that CGC sections 84602 and 84600 speak for themselves. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 60, and they therefore deny those allegations.

61. Defendants admit that the quoted language is contained within the referenced provision, with emphasis added.

62. Defendants admit that CGC section 84104 and California Code of Regulations, title 2, section 18401 speak for themselves. Defendants deny any and all remaining allegations in Paragraph 62.

63. Defendants admit that CGC section 84105 requires, in some instances, that committees notify contributors of $5,000 or more that they may be required to file campaign reports. Defendants admit that California Code of Regulations, title 2, section 18427.1 is accurately quoted. Defendants deny the remaining allegations in Paragraph 63.

64. Defendants admit that CGC section 91000(b) is accurately quoted. Defendants deny the remaining allegations in Paragraph 64.

65. Defendants admit that CGC sections 91004 and 91005.5 speak for themselves. Defendants deny the remaining allegations in Paragraph 65.

## V. COUNT 1

66. Defendants admit that Plaintiffs reallege and incorporate by reference all allegations made in Paragraphs 1 through 65 of the Complaint.

DEFENDANTS DEPARTMENT OF ELECTIONS
AND DENNIS J. HERRERA'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 2:09-CV-00058-MCE-DAD

8

67. Defendants admit that the passage within quotation marks is accurately quoted and attributed, except as to quotation marks and punctuation marks which are omitted.

68. Defendants admit that the passages within quotation marks are accurately quoted and attributed, except as to punctuation marks which are added.

69. Defendants deny the allegations of Paragraph 69.

70. Defendants admit that the passage within quotation marks is accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 70.

71. Defendants admit that the passages within quotation marks are accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 71.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

74. Defendants deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants admit that the passage within quotation marks is accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 76.

77. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 77, and they therefore deny those allegations.

78. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 78, and they therefore deny those allegations.

79. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 79, and they therefore deny those allegations.

80. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 80, and they therefore deny those allegations.

81. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 81, and they therefore deny those allegations.

DEFENDANTS DEPARTMENT OF ELECTIONS
AND DENNIS J. HERRERA'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 2:09-CV-00058-MCE-DAD

9

82. Defendants admit that CGC sections 82013, 84100, 84101, 84102, 84211 and 82048, and California Code of Regulations Title 2, section 18450.4 speak for themselves. Defendants deny the remaining allegations in Paragraph 82.

83. Defendants deny the allegations of Paragraph 80.

84. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 84, and they therefore deny those allegations.

85. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 85, and they therefore deny those allegations.

86. As to Paragraph 86, Defendants deny that Plaintiffs are entitled to the relief sought, or to any relief.

## VI. COUNT 2

87. Defendants admit that Plaintiffs reallege and incorporate by reference all allegations made in Paragraphs 1 through 86 of the Complaint.

88. Defendants admit that the passages within quotation marks are accurately quoted and attributed, except as to quotation marks and punctuation marks which are omitted.

89. Defendants admit that the passage within quotation marks is accurately quoted and attributed, except as to punctuation marks which are added.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants admit that the passage within quotation marks is accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 91.

92. Defendants admit that the passages within quotation marks are accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 92.

93. Defendants admit that the passages within quotation marks are accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 93.

94. Defendants admit that the passages within quotation marks are accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 94.

DEFENDANTS DEPARTMENT OF ELECTIONS
AND DENNIS J. HERRERA'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 2:09-CV-00058-MCE-DAD

10

95. Defendants admit that the passages within quotation marks are accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 95.

96. Defendants deny the allegations of Paragraph 96.

97. Defendants deny the allegations of Paragraph 97.

98. Defendants deny the allegations of Paragraph 98.

99. As to Paragraph 99, Defendants deny that Plaintiffs are entitled to the relief sought, or to any relief.

## VII. COUNT 3

100. Defendants admit that Plaintiffs reallege and incorporate by reference all allegations made in Paragraphs 1 through 99 of the Complaint.

101. Defendants admit that the passage within quotation marks is accurately quoted and attributed, except as to quotation marks and punctuation marks which are omitted.

102. Defendants admit that the passages within quotation marks are accurately quoted and attributed, except as to punctuation marks which are added.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants admit that the passage within quotation marks is accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 104.

105. Defendants admit that the passages within quotation marks are accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 105.

106. Defendants admit that the passages within quotation marks are accurately quoted and attributed. Defendants deny the allegations of Paragraph 106.

107. Defendants admit that the passages within quotation marks are accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 107.

108. Defendants deny the allegations of Paragraph 108.

109. Defendants deny the allegations of Paragraph 109.

110. Defendants deny the allegations of Paragraph 110.

DEFENDANTS DEPARTMENT OF ELECTIONS
AND DENNIS J. HERRERA'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 2:09-CV-00058-MCE-DAD

11

111. As to Paragraph 111, Defendants deny that Plaintiffs are entitled to the relief sought, or to any relief.

## VIII. COUNT 4

112. Defendants admit that Plaintiffs reallege and incorporate by reference allegations made in Paragraphs 1 through 111 of the Complaint.

113. Defendants admit that the passage within quotation marks is accurately quoted and attributed, except as to quotation marks and punctuation marks which are omitted.

114. Defendants admit that the passages within quotation marks are accurately quoted and attributed, except as to punctuation marks which are added.

115. Defendants deny the allegations of Paragraph 115.

116. Defendants admit that the passage within quotation marks is accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 116.

117. Defendants admit that the passages within quotation marks are accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 117.

118. Defendants admit that the passages within quotation marks are accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 118.

119. Defendants admit that the passage within quotation marks is accurately quoted and attributed. Except as so admitted, Defendants deny the allegations of Paragraph 119.

120. Defendants deny the allegations of Paragraph 120.

121. Defendants deny the allegations of Paragraph 121.

122. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 122, and they therefore deny those allegations.

123. Defendants deny the allegations of Paragraph 123.

124. As to Paragraph 124, Defendants deny that Plaintiffs are entitled to the relief sought, or to any relief.

## SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES

DEFENDANTS DEPARTMENT OF ELECTIONS
AND DENNIS J. HERRERA'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 2:09-CV-00058-MCE-DAD

12

1. The Complaint fails to state facts sufficient to constitute any claim upon which relief can be granted against Defendants, or any of them.

2. Defendants, and each of them, have not deprived Plaintiffs of any right or privilege guaranteed by the Constitution or laws of the United States or California.

3. The Complaint does not present a case or controversy.

4. The Complaint is not ripe for adjudication by this Court.

5. This Court should abstain from hearing and deciding this action.

6. Some or all of Plaintiffs lack standing to maintain this action.

7. The Complaint is barred by all applicable statutes of limitation.

8. The Complaint is barred by the doctrine of laches.

9. The Complaint is barred by the doctrines of estoppel and waiver.

10. Defendants' investigation into the issues raised in the Complaint is at the preliminary stages, and therefore Defendants reserve the right to amend this Answer to add further affirmative defenses when they are discovered.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray that

1. Plaintiffs take nothing by way of this action, and the Court issue neither injunctive nor declaratory relief;

2. The Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

3. Defendants be awarded costs of suit, attorneys' fees and any other relief which the Court deems proper.

Dated: June 11, 2009

DENNIS J. HERRERA
City Attorney
WAYNE SNODGRASS
MOLLIE LEE
Deputy City Attorneys

By: _____/s/_____
MOLLIE LEE

Attorneys for Defendants
DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND DENNIS HERRERA