| | |
|---|---|
| 1 | OFFICE OF THE COUNTY COUNSEL |
| | ELIZABETH M. CORTEZ, Assistant County Counsel |
| 2 | JUDY W. WHITEHURST, Principal Deputy County Counsel |
| | (SBN 182855) • *jwhitehurst@counsel.lacounty.gov* |
| 3 | 648 Kenneth Hahn Hall of Administration |
| | 500 West Temple Street |
| 4 | Los Angeles, California 90012-2713 |
| | Telephone: (213) 974-1845 · Fax: (213) 617-7182 |
| 5 | |
| | Attorneys for DEAN C. LOGAN, LOS |
| 6 | ANGELES COUNTY |
| | REGISTRAR-RECORDER/COUNTY |
| 7 | CLERK |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | | |
|---|---|---|
| 11 | | |
| 12 | ProtectMarriage.com - Yes on 8, a Project of California Renewal; National Organization for Marriage California - Yes on 8, Sponsored by National Organization for Marriage, John Doe #1, an individual, and as a representative of the Class of Major Donors; and National Organization for Marriage California PAC | CASE NO. 2:09-CV-0058-MCE-DAD |
| 13 | | **ANSWER OF DEFENDANT DEAN C. LOGAN TO THIRD AMENDED COMPLAINT** |
| 14 | | |
| 15 | Plaintiffs, | |
| | v. | |
| 16 | **Debra Bowen**, Secretary of State for the State of California, her official capacity; **Edmund G. Brown, Jr.**, Attorney General for the State of California, in his official capacity; **Dean C. Logan**, Registrar-Recorder of Los Angeles County, California in his official capacity; **Department of Elections - City and County of San Francisco, Jan Scully**, District Attorney for Sacramento County, California, in her official capacity and as a representative of the class of District Attorneys in the State of California; **DENNIS J. HERRERA,** City Attorney for the city and county of San Francisco, California in his official capacity and as a representative of the Class of Elected City Attorneys in the State of California; **Ross Johnson, Timothy Hodson, Eugene Huguenin, Jr., Robert Leidigh, and Ray Remy**, members of the California Fair Political Practices Commission, in their official capacities, | Judge Morrison C. England, Jr. |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | Defendants. | |

HOA.619735.1

2:09-CV-0058-MCE-DAD
ANSWER OF DEFENDANT DEAN C. LOGAN TO THIRD
AMENDED COMPLAINT

Defendant Dean Logan, in his capacity as Los Angeles County Registrar-Recorder/County Clerk, hereby answers Plaintiffs' Second Amended Complaint as follows:

1. Answering paragraphs 1, 2, 3 and 4, this answering Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

I.

**JURISDICTION AND VENUE**

2. Answering paragraphs 5, 6 and 7, this answering Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

II.

**PARTIES**

3. Answering paragraphs 8, 9, 10, 11, 12, 13 and 14, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in said paragraph, and basing his denial on that ground,

generally and specifically denies each and every allegation contained in said paragraphs.

4. Answering paragraph 15, this answering Defendant admits that Debra Bowen is the Secretary of State of California. Answering the remaining allegations contained in said paragraph, this answering Defendant contends that said paragraph contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraph. 5.

5. Answering Paragraph 16, this answering Defendant admits that Edmund Brown, Jr., is the Attorney General of California. Answering the remaining allegations contained in said paragraph, this answering Defendant contends that said paragraph contains conclusions of law and not averments of fact to which an answer may be required, but insofar an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraph.

6. Answering Paragraphs 18 and 19, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in said paragraphs, and basing his denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs.

7. Answering paragraph 17, this answering Defendant admits that he is the duly appointed Registrar-Recorder/County Clerk of Los Angeles County. Answering the remaining allegations contained in said paragraph, this answering Defendant contends that said paragraph contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraph.

8. Answering paragraphs 20 and 21, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in said paragraphs, and basing her denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs. In addition, Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

III.

CLASS ACTION ALLEGATIONS

9. Answering paragraphs 22 and 23, Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering

Defendant generally and specifically denies each and every allegation in said paragraphs.

## IV.

## FACTS

10. Answering paragraphs 24 through 65, this answering Defendant lacks sufficient information or knowledge to enable him to answer the remaining allegations contained in said paragraphs, and basing his denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs.

## V.

## COUNT 1

11. Answering paragraph 66, this answering Defendant incorporates by reference his responses to paragraphs 1 through 65 as though fully restated herein.

12. Answering paragraphs 67 through 78 (including footnotes), this answering Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

13. Answering paragraphs 79 through 85, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations

contained in said paragraphs, and basing his denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs. In addition, Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

### Prayer for Relief

14. Answering paragraph 86 and its subparagraphs of Plaintiffs' Prayer for Relief, this answering Defendant contends that said paragraphs do not contain averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically denies each and every allegation in said paragraphs.

### VI.

### COUNT 2

15. Answering paragraph 87, this answering Defendant incorporates by reference his responses to paragraphs 1 through 86 as though fully restated herein.

16. Answering paragraphs 88 through 98, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in said paragraphs, and basing his denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs. In

addition, Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

### Prayer for Relief

17. Answering paragraph 99 and its subparagraphs of Plaintiffs' Prayer for Relief, this answering Defendant contends that said paragraphs do not contain averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically denies each and every allegation in said paragraphs.

### VII.

### COUNT 3

18. Answering paragraph 100, this answering Defendant incorporates by reference his responses to paragraphs 1 through 99 as though fully restated herein.

19. Answering paragraphs 101 through 110, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in said paragraphs, and basing his denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs. In addition, Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer

may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

### Prayer for Relief

20. Answering paragraph 111 and its subparagraphs of Plaintiff's Prayer for Relief, this answering Defendant contends that said paragraphs do not contain averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically denies each and every allegation in said paragraphs.

### VIII.

### COUNT 4

21. Answering paragraph 112, this answering Defendant incorporates by reference his responses to paragraphs 1 through 111 as though fully restated herein.

22. Answering paragraph 113 through 123, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in said paragraphs, and basing his denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs. In addition, Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

## Prayer for Relief

23. Answering paragraph 124 and its subparagraphs of Plaintiffs' Prayer for Relief, this answering Defendant contends that said paragraphs do not contain averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically denies each and every allegation in said paragraphs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state facts sufficient to constitute claims upon which relief can be granted against this answering Defendant as a State mandated filing officer.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant is mandated by statute to perform the ministerial duty as a filing officer therefore this action against him is without basis in law.

3. Plaintiffs' claims and each of them are barred on the grounds that Plaintiffs lack any remedy and therefore the Court lacks jurisdiction over any such claims.

WHEREFORE, Defendant Dean C. Logan prays for judgment as follows:

1. That Plaintiffs' action be dismissed;
2. That Plaintiffs take nothing by way of their Complaint;
3. That Defendant be awarded her costs of suit, including attorney fees; and,
4. For such other relief as the Court deems proper.

DATED: June 11, 2009

Respectfully submitted,

OFFICE OF THE COUNTY COUNSEL

By  /s/ Judy W. Whitehurst
JUDY W. WHITEHURST
Principal Deputy County Counsel

Attorneys for Dean C. Logan, Los Angeles County Registrar-Recorder/County Clerk