**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
Kristina M. Hall, SBN 196794
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant JAN SCULLY, in her official capacity

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECTMARRIAGE.COM - YES ON 8, A PROJECT OF CALIFORNIA RENEWAL; NATIONAL ORGANIZATION FOR MARRIAGE CALIFORNIA - YES ON 8, SPONSORED BY NATIONAL ORGANIZATION FOR MARRIAGE, JOHN DOE #1, an individual and as representative of the CLASS OF MAJOR DONORS,<br><br>Plaintiffs,<br><br>vs.<br><br>DEBRA BOWEN, Secretary of State for the State of California, in her official capacity; EDMUND G. BROWN, JR., Attorney General for the State of California, in his official capacity; DEAN C. LOGAN, Registrar-Recorder of Los Angeles County, California, in his official capacity; DEPARTMENT OF ELECTIONS - CITY AND COUNTY OF SAN FRANCISCO; JAN SCULLY, District Attorney for Sacramento County, California in her official capacity and as a representative of the Class of District Attorneys in the State of California; DENNIS J. HERRERA, City Attorney for the City and County of San Francisco, California, in his official capacity and as a representative of the Class of Elected City Attorneys in the State of California; ROSS JOHNSON, TIMOTHY HODSON, EUGENE HUGUENIN, JR., ROBERT LEIDIGH and RAY REMY, members of the California Fair Political Practices Commision, in their official capacities,<br><br>Defendants. | Case No. 2:09-CV-00058-MCE-DAD<br><br>**DEFENDANT JAN SCULLY'S ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

1
DEFENDANT JAN SCULLY'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
00691199.WPD

dockets.Justia.com

Defendant JAN SCULLY, in her official capacity as District Attorney for the County of Sacramento, hereby answers Plaintiffs' Third Amended Complaint as follows:

## INTRODUCTION

1. Answering paragraphs 1, 2, 3 and 4, this answering Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

## I.
## JURISDICTION AND VENUE

2. Answering paragraphs 5, 6 and 7, this answering Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

## II.
## PARTIES

3. Answering paragraphs 8, 9, 10, 11, 12, 13 and 14, this answering Defendant lacks sufficient information or knowledge to enable her to answer the allegations contained in said paragraph, and basing her denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs.

4. Answering paragraph 15, this answering Defendant admits that Debra Bowen is the Secretary of State of California. Answering the remaining allegations contained in said paragraph, this answering Defendant contends that said paragraph contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every remaining allegation in said paragraph.

5. Answering Paragraph 16, this answering Defendant admits that Edmund Brown, Jr., is the Attorney General of California. Answering the remaining allegations contained in said paragraph, this answering Defendant contends that said paragraph contains

conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every remaining allegation in said paragraph.

6. Answering Paragraphs 17 and 18, this answering Defendant lacks sufficient information or knowledge to enable her to answer the allegations contained in said paragraphs, and basing her denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs.

7. Answering paragraph 19, this answering Defendant admits that she is the duly elected District Attorney for Sacramento County, California. Answering the remaining allegations contained in said paragraph, this answering Defendant contends that said paragraph contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraph.

8. Answering paragraphs 20 and 21, this answering Defendant lacks sufficient information or knowledge to enable her to answer the allegations contained in said paragraphs, and basing her denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs. In addition, Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

## III.
## CLASS ACTION ALLEGATIONS

9. Answering paragraphs 22 and 23, Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

///
///

3
DEFENDANT JAN SCULLY'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
00691199.WPD

## IV.

## FACTS

10. Answering paragraphs 24, 25, 26, 27 and 28, this answering Defendant lacks sufficient information or knowledge to enable her to answer the remaining allegations contained in said paragraphs, and basing her denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs.

11. Answering paragraphs 29, 30, 31, 32, 33, 34 and 35, this answering Defendant lacks sufficient information or knowledge to enable her to answer the allegations contained in said paragraphs, and basing her denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs. In addition, Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

12. Answering paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48, this answering Defendant lacks sufficient information or knowledge to enable her to answer the allegations contained in said paragraphs, and basing her denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs.

13. Answering paragraphs 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, this answering Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

## V.

## COUNT 1

14. Answering paragraph 66, this answering Defendant incorporates by reference her responses to paragraphs 1 through 65 as though fully restated herein.

15. Answering paragraphs 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77 and 78 (including footnotes), this answering Defendant contends that said paragraphs contain

DEFENDANT JAN SCULLY'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

00691199.WPD

conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

16. Answering paragraphs 79, 80, 81, 82, 83, 84 and 85, this answering Defendant lacks sufficient information or knowledge to enable her to answer the allegations contained in said paragraphs, and basing her denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs. In addition, Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

**Prayer for Relief**

17. Answering paragraph 86 and its subparagraphs of Plaintiffs' Prayer for Relief, this answering Defendant contends that said paragraphs do not contain averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically denies each and every allegation in said paragraphs.

VI.

COUNT 2

18. Answering paragraph 87, this answering Defendant incorporates by reference her responses to paragraphs 1 through 86 as though fully restated herein.

19. Answering paragraphs 88, 89, 90, 91, 92, 93, 94, 95, 96, 97 and 98, this answering Defendant lacks sufficient information or knowledge to enable her to answer the allegations contained in said paragraphs, and basing her denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs. In addition, Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

///

**Prayer for Relief**

20. Answering paragraph 99 and its subparagraphs of Plaintiffs' Prayer for Relief, this answering Defendant contends that said paragraphs do not contain averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically denies each and every allegation in said paragraphs.

## VII.

## COUNT 3

21. Answering paragraph 100, this answering Defendant incorporates by reference her responses to paragraphs 1 through 99 as though fully restated herein.

22. Answering paragraphs 101, 102, 103, 104, 105, 106, 107, 108, 109 and 110, this answering Defendant contends that said paragraphs contain conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

**Prayer for Relief**

23. Answering paragraph 111 and its subparagraphs of Plaintiff's Prayer for Relief, this answering Defendant contends that said paragraphs do not contain averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically denies each and every allegation in said paragraphs.

## VIII.

## COUNT 4

24. Answering paragraph 112, this answering Defendant incorporates by reference her responses to paragraphs 1 through 111 as though fully restated herein.

25. Answering paragraphs 113, 114, 115, 116, 117, 118, 119, 120, 121, 122 and 123, this answering Defendant lacks sufficient information or knowledge to enable her to answer the allegations contained in said paragraphs, and basing her denial on that ground, generally and specifically denies each and every allegation contained in said paragraphs. In addition, Defendant contends that said paragraphs contain conclusions of law and not

averments of fact to which an answer may be required, but insofar as an answer may be deemed required, this answering Defendant generally and specifically denies each and every allegation in said paragraphs.

**Prayer for Relief**

26. Answering paragraph 124 and its subparagraphs of Plaintiffs' Prayer for Relief, this answering Defendant contends that said paragraphs do not contain averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically denies each and every allegation in said paragraphs.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state facts sufficient to constitute claims upon which relief can be granted against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' demand to enjoin this answering Defendant is barred, as Plaintiffs have suffered neither harm nor irreparable harm as a result of any of this Defendant's actions, and Plaintiffs have an adequate remedy at law.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims against this answering Defendant are not ripe for adjudication and/or are moot.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against this answering Defendant are barred by the doctrine of abstention.

**FIFTH AFFIRMATIVE DEFENSE**

This matter is not an appropriate class action and Defendant is not a class representative and therefore any judgment cannot bind any other purported party other than Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is mandated by statute to enforce the codified laws of the State of

California and therefore this action against her is without basis in law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and each of them are barred on the grounds that Plaintiffs lack any remedy and therefore the Court lacks jurisdiction over any such claims.

WHEREFORE, Defendant JAN SCULLY prays for judgment as follows:

1. That Plaintiffs' action be dismissed;
2. That Plaintiffs take nothing by way of their Complaint;
3. That Defendant be awarded her costs of suit, including attorney fees; and,
4. For such other relief as the Court deems proper.

Respectfully submitted,

Dated: June 15, 2009

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/Terence J. Cassidy
Terence J. Cassidy
Attorney for Defendant
JAN SCULLY, District Attorney for Sacramento County, California in her official capacity

## DEMAND FOR JURY TRIAL

Defendant JAN SCULLY hereby demands a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: June 15, 2009

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/Terence J. Cassidy
Terence J. Cassidy
Attorney for Defendant
JAN SCULLY, District Attorney for Sacramento County, California in her official capacity

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com