James Bopp, Jr. (Ind. State Bar No. 2838-84)*
Richard E. Coleson (Ind. State Bar No. 11527-70)*
Barry A. Bostrom (Ind. State Bar No.11912-84)*
Sarah E. Troupis (Wis. State Bar No. 1061515)*
Scott F. Bieniek (Ill. State Bar No. 6295901)*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
Telephone:    (812) 232-2434
Facsimile:    (812) 235-3685
*Counsel for All Plaintiffs*

Benjamin W. Bull (AZ Bar No. 009940)*
ALLIANCE DEFENSE FUND
15100 North 90th Street
Scottsdale, Arizona  85260
Telephone:    (480) 444-0020
Facsimile:    (480) 444-0028
*Counsel for All Plaintiffs*

Timothy D. Chandler (Cal. State Bar No. 234325)**
ALLIANCE DEFENSE FUND
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Telephone:   (916) 932-2850
Facsimile:   (916) 932-2851
*Counsel for All Plaintiffs*

*\* Admitted Pro Hac Vice*
*\*\* Designated Counsel for Service*

## United States District Court
## Eastern District of California
## Sacramento Division

| | |
|---|---|
| **PROTECTMARRIAGE.COM, et al.,**<br><br>   **Plaintiffs,**<br><br> **vs.**<br><br>**DEBRA BOWEN, et al.,**<br><br>   **Defendants.** | Case No. 2:09-CV-00058-MCE-DAD<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO STATE DEFENDANTS' MOTION UNDER RULE 56(f)**<br><br>Judge Morrison C. England, Jr.<br><br>Date:   June 18, 2009<br>Time:   10:00 a.m.<br>Courtroom:  7, 14th Floor |

# INTRODUCTION

Plaintiffs ProtectMarriage.com—Yes on 8, a Project of California Renewal ("**ProtectMarriage.com**"), National Organization for Marriage—Yes on 8, Sponsored by National Organization for Marriage ("**NOM-California**"), John Doe #1, an individual, and as a representative of the proposed Class of Major Donors ("**Major Donors**"), and National Organization for Marriage California PAC ("**NOM-California PAC**") respectfully submit this memorandum in opposition to State Defendants' Motion Under Rule 56(f). (Doc. 171.)

On June 10, 2009, State Defendants filed the aforementioned motion, asking the Court to deny, or in the alternative, to delay the hearing of, Plaintiffs' Motion for Summary Judgment. (Doc. 110.) On June 11, 2009, Defendants Department of Elections – City and County of San Francisco and Dennis J. Herrera ("**San Francisco Defendants**") joined State Defendants' motion. (Doc. 173.) Collectively, Defendants advance four arguments in support of their Rule 56(f) motion:

(1) Defendants have not had an adequate opportunity to conduct discovery regarding Plaintiffs' ability to raise funds in light of the alleged reprisals, (Decl. of Lawrence T. Woodlock, Doc. 171-2, ¶¶ 3 & 4) ("Woodlock Decl.");

(2) Defendants have not had an opportunity to consult experts in order to address Plaintiffs' argument that technological advances have affected their ability to raise funds,[1] (Woodlock Decl. ¶ 5);

(3) Defendants have not had an opportunity to consult experts in order to address whether the State has a compelling interest in a $100 disclosure threshold (Woodlock Decl. ¶ 6); and

//

---

[1] State Defendants' incorrectly characterize Plaintiffs' argument regarding technology. Plaintiffs have not alleged that technology has impacted their ability to raise funds. Instead, Plaintiffs allege that technology has fundamentally changed the nature of the burden imposed by public disclosure in ways that the Supreme Court could not have anticipated in *Buckley*. (Pls.' Mem. in Supp. of Summ. J., pp. 6-13.) Accordingly, Plaintiffs do not address the State Defendants' arguments regarding this point in their memorandum.

(4) Defendants have not had an opportunity to conduct discovery as to the cause of the threats, harassment, and reprisals directed at each of the declarants. (Decl. of Mollie M. Lee in Supp. of San Francisco Defs.' Notice of Joinder in State Defs.' Rule 56(f) Mot., Doc. 173-2, ¶ 8) ("Lee Decl.").

As explained below, a delay to conduct discovery with respect to these issues is unwarranted under Rule 56(f). State Defendants' Motion Under Rule 56(f) should be denied.

## PROCEDURAL HISTORY PRECEDING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On January 7, 2009, Plaintiffs ProtectMarriage.com and NOM-California filed a four count complaint, alleging that:

(1) the Political Reform Act of 1974, Cal. Gov't Code ("CGC") § 81000 *et seq.* (the "PRA"), is unconstitutional as applied to Plaintiffs because compliance with the PRA will expose Plaintiffs to a reasonable probability of threats, harassment, and reprisals;

(2) the PRA's requirement that committees report the name, address, occupation, and employer for every contributor of $100 or more is unconstitutionally overbroad and in violation of the First Amendment because it is not narrowly tailored to serve a compelling government interest;

(3) the PRA's requirement that reports submitted after an election on a ballot measure be publicly disclosed is unconstitutional under the First Amendment, facially and as-applied, because it is not narrowly tailored to serve a compelling government interest; and

(4) the PRA is unconstitutional under the First Amendment, facially and as-applied, because it lacks a mechanism for purging public reports related to a ballot measure after the election to which they relate has occurred.

On January 9, Plaintiffs submitted their First Amended Complaint, adding Plaintiff John Doe #1, an individual, and as a representative of the proposed Class of Major Donors. On January 9, Plaintiffs also moved for a preliminary injunction, seeking to enjoin various provisions of the PRA and to prohibit Defendants from publishing or otherwise making available

any reports or campaign statements filed by Plaintiffs. On January 22, Plaintiffs filed their

Second Amended Complaint, adding Defendant Herrera and dismissing Defendant Teichert.

On January 29, 2009, the Court heard oral arguments on Plaintiffs' Motion for Preliminary

Injunction and at the conclusion of that hearing, denied Plaintiffs' motion. A written

memorandum and order followed on January 30, 2009. (Mem. & Order, Doc. 88, Jan. 30, 2009.)

## RELEVANT FACTS PRECIPITATING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Since the Court entered its order on January 29, 2009, several critical events have transpired,

precipitating the filing of Plaintiffs' Motion for Summary Judgment on June 3, 2009. First,

Plaintiffs have continued to document evidence of threats, harassment, and reprisals directed at

supporters of Proposition 8 and a traditional definition of marriage. Plaintiffs have now

submitted nearly sixty declarations, each of which describes an example of at least one threat,

harassment, or reprisal directed against an individual merely because the individual supported

Proposition 8 or a traditional definition of marriage. Together, this evidence demonstrates that

the harassment may be part of a larger coordinated campaign designed to silence opposition to

same-sex marriage. Furthermore, declarations such as those submitted by John Doe #53 and John

Doe #54 demonstrate that the harassment continues, months after the election involving

Proposition 8, and in some cases is related directly to the compelled disclosure provisions. (*See*,

*e.g.*, Decl. of John Doe #54, Doc. 157) ("The judge released the names today of the donors who

supported Prop 8, and your name is on the list as having donated . . . You're a queer-hating

douchebag. Fuck you. Best, Julia").

Second, on February 25, 2009, the Ninth Circuit issued its opinion in *Canyon Ferry Road

Baptist Church of East Helena, Inc. v. Unsworth*, 556 F.3d 1021 (9th Cir. 2009). The opinion

casts substantial doubt on nominal disclosure thresholds, including the $100 disclosure threshold

contained in the PRA. The opinion also stresses the importance of assessing both the state's

interest in compelled disclosure provisions and the relationship between the disclosure

requirements and the state's "informational interest." *See Canyon Ferry*, 556 F.3d at 1032-35

("As a matter of common sense, the value of this *financial* information to the voters declines

dramatically as the value of the expenditure or contribution sinks to a negligible level.")
(emphasis in original); *id.* at 1036 (Noonan, J., concurring) ("How do the names of small
contributors affect anyone else's vote? Does any voter exclaim, 'Hank Jones gave $76 to this
cause. I must be against it!'").

Third, on May 26, 2009, the California Supreme Court issued its opinion in the consolidated
case of *Strauss v. Horton*, S168047, S168066, and S168078. The opinion, upholding the
constitutionality of Proposition 8, virtually guarantees that another ballot measure regarding the
definition of marriage will be submitted to California voters in 2010. *See* Bob Egelko, *Prop. 8
Stands; More Ballot Battles Ahead*, San Francisco Chronicle (May 27, 2009).

Fourth, on May 28, 2009, Plaintiffs filed their Third Amended Complaint, adding Plaintiff
NOM-California PAC. NOM-California PAC organized on February 6, 2009, as a "general
purpose committee," CGC § 82027.5(b), and intends to support candidates that share its view of
marriage as between one man and one woman. NOM-California PAC also intends to support any
ballot measure similar to Proposition 8 and oppose any measure that would overturn Proposition
8. (3d Am. Compl., Doc. 106, ¶ 33.) NOM-California PAC must make its first public disclosure
of donors on July 31, 2009, if it has received contributions totaling $1,000 or more by June 30,
2009. CGC § 84200(a). If Plaintiffs are unable to proceed toward summary judgment in an
expeditious manner, Plaintiffs may be required to file a second motion for preliminary injunction
to protect the rights of the donors that may be disclosed in the July 31 report.

Fifth, on March 6, 2009, the parties submitted their Joint Status report to the Court with a
proposed schedule that would allow for final judgment, including, if necessary, a trial, in
advance of the 2010 election.[2] (Joint Status Report, Doc. 95, at 4.) On May 18, 2009, the Court
issued its Pretrial Scheduling Order, extending the discovery deadline until May 14, 2010, and
setting the trial for March 14, 2011. (Pretrial Scheduling Order, Doc. 96, at 2 & 10.) To date, no
//

---

[2] The Joint Status Report contemplated a discovery period running through October 1, 2009,
dispositive motions no later than November 16, 2009, and a trial in early 2010. (Joint Status
Report at 4.) Expert witnesses were to be disclosed by July 1, 2009. (*Id.* at 3.)

Defendant has served a discovery request upon Plaintiffs.[3] (Decl. of Scott F. Bieniek in Supp. of Pls.' Opp'n to State Defs' Mot. Under Rule 56(f), ¶ 4 ("Bieniek Decl.").)

Together, these events placed Plaintiffs in a precarious position. Given the extended pretrial scheduling order and the Defendants' failure to commence discovery, Plaintiffs have serious doubts that final judgment can be obtained before Plaintiffs suffer additional irreparable injuries. *See Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 2690 (1976) ("The loss of First Amendment freedoms, even for minimal periods of time, constitute[s] irreparable injury."). Plaintiffs believe that if this case moves expeditiously towards summary judgment that it will be unnecessary to file a second motion for protective order and repetitive motions can be avoided in the interest of judicial economy.

## SUMMARY JUDGMENT AND RULE 56(f)

Rule 56(a) provides that:

> [a] party claiming relief may move . . . for summary judgment on all or part of the claim. The motion may be filed *at any time after*: (1) 20 days have passed from commencement of the action; or (2) the opposing party serves a motion for summary judgment.

Fed. R. Civ. P. 56(a) (emphasis added). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Rule 56(f) states:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

"Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). To prevail on a Rule 56(f) motion, "the defendants must

---

[3] As discussed in more detail below, San Francisco Defendants have contacted Plaintiffs regarding the possibility of commencing discovery. However, such contact occurred after Plaintiffs moved for summary judgment, and after State Defendants moved for a continuance pursuant to Rule 56(f).

show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."[4] *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

When filing a Rule 56(f) motion, "[a] party opposing summary judgment is required to provide specific facts showing that there is a genuine issue of material fact for trial, or explain why he cannot immediately do so. . . . A Rule 56(f) request must demonstrate how postponement of a ruling on the motion will enable [the party opposing summary judgment], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. . . . The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *United States v. $5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th Cir. 1986) (quotations omitted). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists . . . and that it would prevent summary judgment." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1997).

Courts considering Rule 56(f) motions are also required to consider the related issue of whether defendants have diligently pursued discovery. *Qualls v. Blue Cross of California*, 22 F.3d 839, 844 (9th Cir. 1994) ("We will only find that the district court abused its discretion if the movant diligently pursued its *previous* discovery opportunities . . . ." (emphasis in original)). If the movant has not diligently pursued discovery, the movant cannot argue that it should be allowed extra time for discovery under Rule 56(f). *Brae Transp.*, 790 F.2d at 1443 ("[T]he movant cannot complain if it fails to pursue discovery diligently before summary judgment"); *see also Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995); *Nidds*, 113 F.3d at 921.

//

//

---

[4] Defendants fail to cite a single case in their Rule 56(f) papers that would explain how any of the evidence they intend to solicit if a continuance is granted would affect the disposition of Plaintiffs' Motion for Summary Judgment.

Defendants assert that Rule 56(f) motions are granted as a matter of course. (State Defs.'
Motion Under Rule 56(f), Doc. 171, at 3-4.) However, the case law cited by Defendants is much
more specific about such "matter of course" motions:

> Rule 56(a) permits a party asserting a claim to move for summary judgment any time
> after the expiration of 20 days from the commencement of the action. . . . Where,
> however, a summary judgment motion is filed so early in the litigation, before a party
> has had any realistic opportunity to pursue discovery relating to its theory of the case,
> district courts should grant any Rule 56(f) motion fairly freely.

*Burlington N. Santa Fe R.R. Co. v. Assissiniboine and Sioux Tribes of the Fort Peck Reservation*,
323 F.3d 767, 773 (9th Cir. 2003); *see also Wichita Falls Office Assoc. v. Banc One Corp.*, 978
F.2d 915, 919 n.4 (5th Cir. 1992) (A Rule 56(f) "'continuance of a motion for summary
judgment for purposes of discovery should be granted almost as a matter of course' unless 'the
non-moving party has not diligently pursued discovery of the evidence.'" (*quoting Int'l
Shortstop, Inc. v. Rally's, Inc*., 939 F.2d 1257 (5th Cir. 1991)). Defendants have had an adequate
opportunity to commence discovery and have failed to do so. Indeed, given that Defendants had
agreed to a discovery cut-off of October 1, 2009, Defendants fail to explain why they have yet to
begin discovery. (Joint Status Report, at 4.)

Furthermore, Rule 56(f) cannot be used by counsel as a tactical method of delaying a case
and provides for serious repercussions if it is used in such a manner: "If satisfied that an affidavit
under this rule is submitted in bad faith or solely for delay, the court *must* order the submitting
party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a
result. An offending party or attorney may also be held in contempt." Fed. R. Civ. P. 56(g).

# ARGUMENT

**I.  A continuance pursuant to Rule 56(f) is unwarranted because Defendants have not
actively and diligently pursued discovery.**

In determining whether to grant a continuance under Rule 56(f), a critical factor is whether
the "movant diligently pursued its *previous* discovery opportunities." *Qualls*, 22 F.3d at 844. As
set forth in the Declaration of Scott F. Bieniek, Defendants have yet to serve a single discovery
request upon Plaintiffs. (Bieniek Decl., ¶ 4; Lee Decl., ¶ 3.) San Francisco Defendants remain
the only defendants that have contacted Plaintiffs regarding discovery—contact that occurred

*after* Plaintiffs moved for summary judgment and *after* State Defendants' had lodged their application to shorten time on their motion under Rule 56(f). (Ex Parte Application to Shorten Time for Hr'g on State Defs.' Rule 56(f) Mot., Doc. 166, Jun. 5, 2009; Bieniek Decl., ¶¶ 5 & 6; Lee Decl., ¶ 11.)

San Francisco Defendants allege they cannot "adequately plan discovery" because of the redacted nature of the declarations filed in support of Plaintiffs' Motions for Preliminary Injunction and Summary Judgment. (Lee Decl., ¶ 7-11.) Pursuant to this Court's order, Plaintiffs have redacted personal identifying information from each of the declarations. (Order, Doc. 26, Jan. 15, 2009; Mem. & Order, Jan. 30, 2009; Bieniek Decl., ¶ 7.) Items commonly redacted include the declarant's name, employer, contribution amount, and email address. *Id.* San Francisco Defendants fail to explain why the redaction of such information precludes them from developing a discovery plan or from proceeding with discovery pursuant to Rules 26-37.

San Francisco Defendants also fail to explain why such an argument was not raised prior to Plaintiffs' Motion for Summary Judgment and State Defendants' Motion Under Rule 56(f). Defendants have been in possession of the first nine redacted declarations since January 15, 2009, (Doc. 32 - 45,) and all but one of the remaining declarations since the parties exchanged initial disclosures under Rule 26(a)(1) on April 1, 2009. (Lee Decl., ¶ 3.) Defendants had an adequate opportunity to review the redacted declarations and to seek a modification of the protective order first issued on January 15, 2009, (Order, Jan. 15, 2009), and renewed on January 30, 2009. (Mem. & Order, Jan. 30, 2009.)

If the movant has not diligently pursued discovery, the movant cannot argue that it should be allowed extra time for discovery under Rule 56(f). *Brae Transp.*, 790 F.2d at 1443 ("[T]he movant cannot complain if it fails to pursue discovery diligently before summary judgment"); *see also Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995); *Nidds*, 113 F.3d at 921. Accordingly, Defendants' Motion Under Rule 56(f) should be denied because Defendants have not actively and diligently pursued discovery.

*//*

*//*

Plaintiffs' Memorandum in Opposition to State
Defendants' Motion Under Rule 56(f)

**II. A continuance is unwarranted because Plaintiffs' ability to raise funds is unnecessary to prepare a response to Plaintiffs' Motion for Summary Judgment.**

Defendants argue that:

> It will be necessary for the State Defendants to obtain and review each of the ballot-committee Plaintiffs' semi-annual campaign statements in order to support their factual representations and arguments in opposition to Plaintiffs' Motion. . . . Because these campaign reports will cover a crucial period during which Plaintiffs allege reprisals have continued, the State Defendants believe that such information will be essential to their ability to demonstrate the impact, if any, the alleged reprisals have had on Plaintiffs' ability to raise funds and get out their message—an issue central to the State Defendants' opposition.

(State Defs.' Mot. Under Rule 56(f), at 4.) However, the reasonable-probability test does not require that there be an impact on the ability to raise funds and "get out the message" before an exemption is warranted. Therefore, whether Plaintiffs' ability to raise funds and "get out the message" has decreased, increased, or remained constant is unnecessary to oppose summary judgment and discovery should not be continued.

To obtain a disclosure exemption, Plaintiffs must only demonstrate that there is a "reasonable probability that the compelled disclosure of a party's contributors' names will subject them to threats, harassment, or reprisals from either Government officials or private parties." *McConnell v. FEC*, 540 U.S. 93, 198, 124 S.Ct. 619, 692 (2003); *see also* (Pls.' Mem. in Supp. of Mot. for Summ. J., Doc. 111, at 16-25.) The reasonable-probability test does not require Plaintiffs to demonstrate any effect on donations to gain a disclosure exemption; indeed, the case law is clear that what is needed is evidence of threats, harassment, or reprisals—with no mention of an economic effect at all. (*See* Pls.' Mem. in Supp. of Mot. for Summ. J. at 16-25) (setting forth the requirements of the reasonable-probability test).

Defendants seek discovery on the proposition that, if they can show that there has not been a decrease in donations to Committee Plaintiffs because of the threats, harassment, and reprisals aimed at supporters of traditional marriage, there can be no disclosure exemption. However, no court has ever even considered such an argument. Indeed, though a drop off in donations may be evidence that threats, harassment, and reprisals are chilling speech, no court has ever so much as implied that a party alleging such a chilling of speech must show that donations have decreased to obtain a disclosure exemption. Thus, even if Defendants can obtain the evidence that they

seek with their Rule 56(f) motion, it cannot defeat Plaintiffs' arguments for a disclosure exemption.

However, it is unlikely, if not impossible, for Defendants to obtain the data they seek in any reliable form. Defendants do not suggest how they would even begin to demonstrate whether the threats, harassment, and reprisals have or have not impacted Plaintiffs' ability to raise funds. Plaintiffs' fund-raising activities cannot be considered in a vacuum and can be affected by any number of variables. Plaintiffs do not need an expert to tell them it is easier to raise funds in support or opposition to a measure that has qualified for the ballot than it is for an issue generally. Indeed, comparing Plaintiffs' fund-raising activities to any other campaign on the 2008 ballot is bound to be a fruitless exercise of comparing apples to oranges. Defendants fail to explain how they intend to obtain any meaningful data with respect to Plaintiffs' ability to raise funds from the reports due on July 31, 2009.

In their Memorandum in Support of Summary Judgment, Plaintiffs have demonstrated that there is a reasonable probability that the disclosure of their contributors' names will subject those contributors to threats, harassment, or reprisals, thus meeting the test that the Supreme Court has set out for the granting of a disclosure exemption. Defendants seek a continuance to obtain evidence that will demonstrate that donations to Plaintiffs have not decreased as a result of the threats, harassment, and reprisals directed at supporters of Proposition 8 and a traditional definition of marriage. However, even if such evidence were to exist in the form sought by Defendants—an unlikely event—it would not defeat Plaintiffs' Motion for Summary Judgment, because the proposition that Defendants seek to prove—if donations to Committee Plaintiffs' have not decreased, an exemption is not warranted—is not supported by case law.

**III. A continuance is unwarranted because the cause of harassment is irrelevant provided that it resulted from the individuals support of Proposition 8 or a traditional definition of marriage.**

Defendants allege that they cannot "investigate whether the declarants who claim to have been harassed took public or vocal positions in support of Proposition 8 in addition to making political contributions." (Lee Decl. ¶ 8.) As set forth in Plaintiffs' Memorandum in Support of

//

Summary Judgment, Plaintiffs are not required to establish a causal link between disclosure and harassment.

The Supreme Court has rejected the notion that a causal link must be established between the threats, harassment, and reprisals, and public disclosure. *Buckley*, 424 U.S. at 74, 96 S. Ct. at 661. ("A strict requirement that chill and harassment be directly attributable to the specific disclosure from which the exemption is sought would make the task even more difficult."). In the present case, the critical question is whether each particular individual was subjected to threats, harassment, or reprisals because of his or her support for Proposition 8 or a traditional definition of marriage.[5] If the answer is "yes," then the Court can assume, as a matter of law, that there is a reasonable probability that any individual who is disclosed because he or she gave to an organization that supported Proposition 8 or a traditional definition of marriage will likewise be subjected to threats, harassment, and reprisals. To the extent that Plaintiffs can demonstrate a causal link, it only strengthens their case and demonstrates that the assumption is well-justified.

Defendants do not suggest that the harassment was unrelated to the declarant's support of Proposition 8 or a traditional definition of marriage. Ironically, such an argument may have warranted a continuance. *See Oregon Socialist Workers 1974 Campaign Comm. v. Paulus*, 432 F. Supp. 1255, 1259 (D. Or. 1977) (noting that the harassment was "at least as likely to be the product of the other political activities of the affiants"). However, there is little doubt—and Defendants make no allegation—that each instance of harassment cited by Plaintiffs in their Memorandum in Support of Summary Judgment was directed at the declarant because of the declarant's support of Proposition 8 or a traditional definition of marriage. Instead, Defendants have stated that they wish to explore whether the harassment may have resulted from the declarant's financial contribution to a committee that supported Proposition 8 or some other

---

[5]The Second Circuit provides a helpful application of the reasonable-probability test in *FEC v. Hall-Tyner Election Campaign Committee*, 678 F.2d 416 (2d Cir. 1982), in which it, *inter alia*, makes clear that those seeking exemption have no burden to prove "harassment will certainly follow compelled disclosure" because "breathing space" is required in the First Amendment context. *Id.* at 421.

**Plaintiffs' Memorandum in Opposition to State Defendants' Motion Under Rule 56(f)**

form of public support. As discussed above, this question is irrelevant and the answer will have no effect on the disposition of Plaintiffs' motion for summary judgment. Accordingly, State Defendants' Rule 56(f) motion to to delay resolution of Plaintiffs' Motion for Summary Judgment to conduct additional discovery regarding causation should be denied because it would not preclude a finding of summary judgment in favor of Plaintiffs.

**IV. A continuance is unwarranted because the First Amendment does not permit a "shoot first, ask questions later" approach.**

The First Amendment mandates that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. Accordingly, "no law," i.e., "freedom of speech" and expressive association, is the constitutional *default* and must be the overriding *presumption* where expressive association is at issue. Consistent with this position, compelled public disclosure provisions such as those contained in the PRA must survive "exacting scrutiny." *See Buckley*, 424 U.S. at 64, 96 S. Ct. At 656. Under this standard, "California bears the burden of proving that the PRA provisions at issue are '(1) narrowly tailored, to serve (2) a compelling state interest.'" *Cal. Pro-Life Council, Inc. v. Randolph*, 507 F.3d 1172, 1178 (9th Cir. 2007) (*citing Republican Party of Minnesota v. White*, 536 U.S. 765, 774-75, 122 S. Ct. 2528, 2534 (2002)). To demonstrate that its statute is narrowly tailored to serve a compelling interest, "the government must be able to adduce either empirical support or at least sound reasoning on behalf of its measures." *Turner Broadcasting Sys. v. FEC*, 512 U.S. 622, 666, 114 S. Ct. 2445, 2471 (1994).

Defendants contend that they need additional time to conduct discovery regarding the State's interest in a $100 disclosure threshold. (Woodlock Decl., ¶ 6.) California adopted the $100 disclosure threshold at issue in this case in 1980. 1980 Cal. Stat. 611, § 31. In July 2000, a state commission created to assess the effects of the PRA advised the California legislature that the disclosure threshold "should be adjusted immediately, as well as periodically thereafter in

//

//

//

order to eliminate some of the burden of *unnecessary* reporting."[6] Bipartisan Commission on the Political Reform Act of 1974, *Overly Complex and Unduly Burdensome: The Critical Need to Simplify the Political Reform Act*, p. 25 (July 2000) (emphasis added). Thus, Defendants are not asking for additional time to conduct discovery regarding the State's interest in $100 disclosure, they are asking for additional time for find an expert willing to reach a conclusion contrary to that of their own commission.

In light of this evidence, the correct course of action is not to grant a continuance under Rule 56(f), but instead, to grant summary judgment in favor of Plaintiffs. "'The loss of First Amendment freedoms, even for minimal periods of time, constitute[s] irreparable injury.'" *Elrod*, 427 at 373, 96 S. Ct. at 2690. Allowing Defendants to delay Plaintiffs' Motion for Summary Judgment on the ground that they need additional time to conduct discovery would simply compound Plaintiffs' injuries and eviscerate the requirement that the government support statutes and regulations that burden speech with empirical evidence or sound reasoning. *Turner Broadcasting Sys.*, 512 U.S. at 666, 114 S. Ct. at 2471.

**V. Defendants have not presented an argument as to why summary judgment should not proceed with respect to the issues of post-election reporting and the continued public availability of reports after a ballot measure election has occurred.**

It does not appear that any Defendant has asserted an argument as to why this case should not proceed to summary judgment with respect to Counts 3 & 4. (3d Am. Compl. ¶¶ 100-11 & 112-124.) None of the evidence sought by Defendants' Rule 56(f) Motion goes to the issues presented in Counts 3 and 4 of Plaintiffs' Third Amended Complaint, and this case should proceed to summary judgment on those counts immediately.

# CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny State Defendants' Motion Under Rule 56(f).

*//*

---

[6] The $100 disclosure threshold continues to decline in real value each year as a result of inflation. (Pls.' Mem. in Supp. of Summ. J., p. 41-43.)

**Plaintiffs' Memorandum in Opposition to State Defendants' Motion Under Rule 56(f)**

In the alternative, if the Court determines that a continuance is warranted, Plaintiffs respectfully request that the hearing on Plaintiffs' Motion for Summary Judgment be held no later than November 19, 2009. This date represents the date by which all parties agreed to file all non-discovery motions and Defendants should not be granted additional time to prepare in light of the fact that they have not diligently pursued discovery. (Joint Status Report at 4.)

Dated this 16th day of June, 2009.

Respectfully submitted,

_/s/ Scott F. Bieniek_

| | |
|---|---|
| Benjamin W. Bull (Ariz. State Bar No. 009940) | James Bopp, Jr. (Ind. Bar No. 2838-84) |
| ALLIANCE DEFENSE FUND | Barry A. Bostrom (Ind. Bar No.11912-84) |
| 15100 North 90th Street | Sarah E. Troupis (Wis. Bar No. 1061515) |
| Scottsdale, Arizona 85260 | Scott F. Bieniek (Ill. Bar No. 6295901) |
| *Counsel for All Plaintiffs* | BOPP, COLESON & BOSTROM |
| | 1 South Sixth Street |
| Timothy D. Chandler (Cal. Bar No. 234325) | Terre Haute, IN 47807-3510 |
| ALLIANCE DEFENSE FUND | *Counsel for All Plaintiffs* |
| 101 Parkshore Drive, Suite 100 | |
| Folsom, CA 95630 | |
| *Counsel for All Plaintiffs* | |
| *Designated Counsel for Service* | |

**Plaintiffs' Memorandum in Opposition to State Defendants' Motion Under Rule 56(f)**

# CERTIFICATE OF SERVICE

I, Scott F. Bieniek, am over the age of 18 years and not a party to the above-captioned action. My business address is 1 South Sixth Street, Terre Haute, Indiana 47807-3510.

On June 16, 2009, I electronically filed the foregoing document described as Plaintiffs' Memorandum in Opposition to State Defendants' Motion Under Rule 56(f) with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Zackery P. Morazzini
zackery.morazzini@doj.ca.gov
*Counsel for Defendants Debra Bowen & Edmund G. Brown, Jr.*

Judy W. Whitehurst
jwhitehurst@counsel.lacounty.gov
*Counsel for Defendant Dean C. Logan*

Terence J. Cassidy
tcassidy@porterscott.com
Counsel for Defendant Jan Scully

Mollie M. Lee
mollie.lee@sfgov.org
*Counsel for Defendants Dennis J. Herrera &
Department of Elections – City and County of San Francisco*

Lawrence T. Woodlock
lwoodlock@fppc.ca.gov
*Counsel for Defendant Members of the Fair Political
Practices Commission*

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct. Executed this 16th day of June, 2009.


/s/ Scott F. Bieniek
Scott F. Bieniek (Ill. State Bar No. 6295901)
*Counsel for All Plaintiffs*

**Plaintiffs' Memorandum in Opposition to State
Defendants' Motion Under Rule 56(f)**