EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
DOUGLAS J. WOODS, State Bar No. 161531
Supervising Deputy Attorney General
ZACKERY P. MORAZZINI, State Bar No. 204237
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-8226
 Fax: (916) 324-5567
 E-mail: Zackery.Morazzini@doj.ca.gov
*Attorneys for Defendants Debra Bowen, California
Secretary of State; Edmund G. Brown Jr., California
Attorney General*

SCOTT HALLABRIN, General Counsel, SBN: 076662
LAWRENCE T. WOODLOCK, SBN: 137676
Fair Political Practices Commission
 428 J Street, Suite 800
 Sacramento, CA 95814
 Telephone: (916) 322-5660
 Fax: (916) 327-2026
 E-mail: lwoodlock@fppc.ca.gov
*Attorneys for Defendants Members of the Fair
Political Practices Commission*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PROTECTMARRIAGE.COM, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DEBRA BOWEN, SECRETARY OF STATE FOR THE STATE OF CALIFORNIA, et al.,**<br><br>Defendants. | 2:09-cv-00058-MCE-DAD<br><br>**STATE DEFENDANTS' REPLY IN SUPPORT OF RULE 56(f) MOTION**<br><br>Date: June 18, 2009<br>Time: 10:00 a.m.<br>Courtroom: 7<br>[Hearing Vacated by Order of the Court]<br><br>The Honorable Morrison C. England, Jr.<br><br>Trial Date  March 14, 2011<br>Action Filed:  January 7, 2009 |

**ARGUMENT**

I. **THE STATE DEFENDANTS HAVE MET EACH REQUIREMENT OF RULE 56(F)**

The State Defendants have met the standard required to succeed on a Rule 56(f) motion. As the State Defendants previously explained in their motion, "[i]n order to obtain relief under Rule 56(f), the movant 'must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)).

Each Rule 56(f) requirement has been met here: The State Defendants have presented through an affidavit that they will need discovery on several points to adequately oppose Plaintiffs' Motion for Summary Judgment (Motion). They have also explained that some of these necessary facts either do exist now, or will exist as of the July 31st filing deadline. The State Defendants further submitted that these facts are essential to opposing Plaintiffs' Motion.

Plaintiffs have attempted to re-characterize the State Defendants' arguments in such a way as to make it seem that whatever evidence could be produced through discovery would be unnecessary. For example, in their Motion, Plaintiffs claim that public disclosure of contributions has a "significant chilling effect on speech." *See* Pls.' Mot. Summ. J., 13-14. In direct response to that allegation, State Defendants stated that they intend to review Plaintiffs' semi-annual campaign statements, which will be filed with the Secretary of State by July 31st, to investigate any impact the alleged reprisals have had on Plaintiffs' ability to raise funds. That is, whether speech is actually chilled, or allegedly chilled. Without any support whatsoever, Plaintiffs claim that this information is not necessary to the State Defendants' opposition.

In their opposition to the State Defendants' Motion under Rule 56(f), Plaintiffs have attempted to argue the merits of their case, accused defendants of not making substantive, supported arguments in their Rule 56(f) motion, and mischaracterized the nature of a motion under Rule 56(f), thereby dismissing a need for any evidence whatsoever. In contrast to the State

STATE DEFENDANTS' REPLY IN SUPPORT OF RULE 56(f) MOTION (2:09-cv-00058-MCE-DAD)

Defendants' need for a developed evidentiary record, Plaintiffs seem to want a "re-do" on their Motion for Preliminary Injunction.

Moreover, there is no basis for Plaintiffs' claim that the State Defendants have not been diligent in pursuing discovery in this matter. Plaintiffs filed their Motion a mere 20 days after this Court issued the Pretrial Scheduling Order on May 18, 2009, setting forth the parties' discovery and expert disclosure cut-off dates of May 14, 2010, and July 14, 2010, respectively. *See* Docket 96, ¶¶ IV-V. But Plaintiffs contend the standard under Rule 56(f) requires litigants to engage in discovery immediately, perhaps even prior to the Court's issuance of the Pretrial Scheduling Order.

No case law supports Plaintiffs' novel theory. Indeed, in both *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986), and *Conkle v. Jeong*, 73 F.3d 909, 914-15 (9th Cir. 1995), cited by Plaintiffs as somehow supporting their opposition, neither party actually filed a Rule 56(f) motion or otherwise complied with the rule's requirements. In fact, in *Brae*, the party seeking a continuance of the summary judgment hearing had previously stipulated to not proceeding with discovery. 790 F.2d at 1443 (Brae "in fact stipulated on October 24, 1985 not to take any discovery of the Shareholders before disposition of the motion"). Plaintiffs are well aware that State Defendants have at all times preserved their right to engage in discovery in this case. Plaintiffs have cited no case law that even implies that a party's failure to begin discovery within 20 days of a court's issuance of a Pretrial Scheduling Order somehow deprives them of their right to discovery altogether.

Instead, the Ninth Circuit recognizes that a lack of diligence may be demonstrated where a party "moved the court to compel discovery only after the deadlines for discovery or submission of dispositive motions had passed, or had . . . waited until after the district court ruled on the motions for summary judgment, *cf. Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (explaining that motion to compel filed during the discovery period would rarely be considered untimely)." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1179 (9th Cir. 2006). This is not the case here.

3

Moreover, Plaintiffs' Motion raises factual issues not disclosed by Plaintiffs as part of their initial disclosures. For example, Plaintiffs cite to multiple studies and articles regarding the impact of technology on campaign finance laws and political speech. (*See* Pls.' Mot. Summ. J., at 6-17; nn. 8-12, 17-19). Under Rule 56(f), the State Defendants are entitled to pursue discovery, including the retention of consultants and expert witnesses, to fully explore the contentions relied upon by Plaintiffs.

## II. A WELL-DEVELOPED FACTUAL RECORD IS ESSENTIAL TO THE STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION

The principal substantive justification given by Plaintiffs for moving this action directly to summary judgment is their contention that evidence of Plaintiffs' fundraising prowess is irrelevant to disposition of this case because "the reasonable-probability test does not require that there be an impact on the ability to raise funds and 'get out the message' before an exemption is granted." (Pls.' Opp'n 10:8-10.)

In its Order of January 30, 2009, this Court considered that very claim at great length (Docket 88, 27:20 – 46:7 [Order Denying Preliminary Injunction]) and roundly rejected it for a number of reasons, chief among them being Plaintiffs' massive popular support and demonstrated fundraising success cautioned against applying to these Plaintiffs a narrowly-crafted disclosure exemption provided only to endangered minor parties. As this Court found: "The facts in the current case could not be more distinguishable from those in which successful challenges have been brought." (*Id*. at 36:5-7.) The "facts" to which this Court adverted were precisely the kind of facts that the State Defendants need, if they are to establish a sound evidentiary record on which this court can enter its final judgment.

Notably, the very same counsel representing the Plaintiffs in this action have previously rushed the Fair Political Practices Commission and Attorney General to summary judgment, prior to allowing for discovery necessary to properly develop a factual record, in a previous action challenging California's campaign finance regulations. Their previous attempt resulted in a

4

remand in which the district court was directed to decide the matter on a developed evidentiary record.

In *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088 (9th Cir. 2003) (*Getman I*), the plaintiffs challenged various provisions of California's Political Reform Act that require "committees," as defined, to disclose and report contributions and expenditures regarding ballot-measure advocacy (Cal. Gov't Code § 84200 *et seq*.). Plaintiffs moved for summary judgment arguing, among other things, that California lacked a compelling interest in informing its voters of the source and amount of funds expended on express ballot-measure advocacy, and that the disclosure requirement was not narrowly tailored to serve any such interest. *Id*. at 1105-07. Just as Plaintiffs do through their pending motion for summary judgment here, the plaintiffs in *Getman I* sought to avoid discovery by arguing that "California does not - as a matter of law - have any interest in regulating express ballot-measure advocacy that could be compelling." *Id*. at 1104-05. Tellingly, the Ninth Circuit remanded the case back to the district court to specifically allow the state defendants to develop a factual record regarding the nature of the State's interest and the narrowness of the regulations:

> We therefore hold that California is not prevented as a matter of law from arguing that it has a sufficiently compelling informational interest in requiring those who expressly advocate the defeat or passage of a ballot measure to disclose their expenditures and contributions. Whether a more fully developed factual record could in fact establish this compelling interest, and by what constitutional means this interest may be advanced, we leave to the capable district judge.

*Getman I*, 328 F.3d at 1107.

On remand, defendants developed an impressive factual record, consisting of mainly expert witness testimony regarding the nature and extent of the State's interest in maintaining and enforcing the challenged campaign finance laws. *See California Pro-Life Council, Inc. v. Getman*, No. 00-1698, slip op. at 15:9-11 (E. D. Cal. February 25, 2005) ("*Getman II*"). In fact, the Ninth Circuit recently noted that the "formidable" evidentiary record developed on remand in *Getman II* was essential to California's ability to defend the constitutionality of its campaign finance regulations. *See Canyon Ferry Road Baptist Church of East Helena, Inc. v. Unsworth*, 556 F.3d 1021, 1032 & n.15 (9th Cir. 2009).

The State Defendants expect to provide the Court, and ultimately the Ninth Circuit, with the same quality of pertinent evidence the same defendants amassed after the remand in *Getman I* – evidence the Ninth Circuit ultimately found sufficient to meet the State's burden in defending its campaign finance disclosure requirements. *California Pro-Life Council, Inc. v. Randolph*, 507 F.3d 1172, 1189 (9th Cir. 2007). Plaintiffs' dismissive speculation on the evidence that the State Defendants can gather is no basis for denying them a reasonable opportunity to interview consultants and potential expert witnesses, and to prepare an evidentiary record on which this Court can base a secure judgment. Rule 56(f) ensures that the State Defendants receive an adequate opportunity to develop a factual record in the instant matter.

### III. THERE HAS BEEN NO CHANGE IN CIRCUMSTANCE THAT WOULD WARRANT DENIAL OF THE RULE 56(F) MOTION

Plaintiffs' assertion that there exists some urgency regarding the timing of the hearing on their Motion is disingenuous, at best. Curiously, Plaintiffs assert that "[i]f Plaintiffs are unable to proceed toward summary judgment in an expeditious manner, Plaintiffs may be required to file a second motion for preliminary injunction to protect the rights of the donors that may be disclosed in the July 31 report." (Pls.' Opp'n 5:17-19). But given the fact that Plaintiffs themselves noticed their Motion for August 13, 2009 – a full two weeks after their July 31, 2009 campaign reports must be filed – their veiled threat of filing yet another motion for preliminary injunction rings hollow.

Moreover, even a cursory overview of the additional Doe declarations submitted by Plaintiffs in support of their Motion reveals that the burden placed upon Plaintiffs through enforcement of California's disclosure requirements are, as this Court previously noted, not even remotely comparable to the burdens faced by minority parties and groups historically discriminated against by both private individuals and government organizations. *See* Docket 88, p. 33 (Order Denying Preliminary Injunction). Therefore, Plaintiffs will suffer no prejudice should this Court grant the Rule 56(f) motion and deny or continue Plaintiffs' Motion.

# CONCLUSION

For all of the foregoing reasons, the State Defendants respectfully request that this Court grant the Rule 56(f) motion and deny or continue the hearing on Plaintiffs' Motion to a date no earlier than December 18, 2009.

Dated: June 17, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
DOUGLAS J. WOODS
Supervising Deputy Attorney General

/s/ Zackery P. Morazzini
ZACKERY P. MORAZZINI
Deputy Attorney General
*Attorneys for Defendants Debra Bowen, California Secretary of State; Edmund G. Brown Jr., California Attorney General*

Fair Political Practices Commission
SCOTT HALLABRIN, General Counsel
LAWRENCE T. WOODLOCK

/s/ Lawrence T. Woodlock
LAWRENCE T. WOODLOCK
*Attorneys for Defendants Members of the Fair Political Practices Commission*