DENNIS J. HERRERA, SB# 139669
City Attorney
WAYNE SNODGRASS, SB# 148137
MOLLIE LEE, SB# 251404
Deputy City Attorneys
One Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone: (415) 554-4705
Facsimile: (415) 554-4745
E-Mail: mollie.lee@sfgov.org

Attorneys for Defendants
Department of Elections - City and County of San Francisco and
Dennis J. Herrera, City Attorney for the City and County of San Francisco

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ProtectMarriage.com - Yes on 8, a Project of California Renewal; National Organization for Marriage California - Yes on 8, Sponsored by National Organization for Marriage, John Doe #1**, an individual, and as a representative of the **Class of Major Donors**,<br><br>Plaintiffs,<br><br>vs.<br><br>**Debra Bowen,** Secretary of State for the State of California, in her official capacity; **Edmund G. Brown, Jr.,** Attorney General for the State of California, in his official capacity; **Dean C. Logan,** Registrar-Recorder of Los Angeles County, California, in his official capacity; **Department of Elections - City and County of San Francisco**; **Jan Scully,** District Attorney for Sacramento County, California, in her official capacity and as a representative of the Class of District Attorneys in the State of California; **Dennis J. Herrera**, City Attorney for the City and County of San Francisco, California, in his official capacity and as a representative of the Class of Elected City Attorneys in the State of California; **Ross Johnson, Timothy Hodson, Eugene** | Case No. 2:09-CV-00058-MCEDAD<br><br>**SAN FRANCISCO DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' RULE 56(F) MOTION**<br><br>Date: June 18, 2009<br>Time: 10:00 a.m.<br>Courtroom: 7, 14th Floor<br>Judge: Morrison C. England, Jr.<br>Trial Date: March 14, 2011<br>Action Filed: January 7, 2009 |

SAN FRANCISCO DEFENDANTS' REPLY IN
SUPPORT DEFENDANTS' RULE 56(F) MOTION
CASE NO. 2:09-CV-00058-MCEDAD

1

n:\govlit\li2009\090774\00563189.doc

**Huguenin, Jr., Robert Leidigh,** and **Ray Remy**, members of the California Fair Political Practices Commission, in their official capacities,

    Defendants.

Defendants Department of Elections - City and County of San Francisco and Dennis J. Herrera, City Attorney for the City and County of San Francisco ("San Francisco Defendants") hereby join in the Reply in Support of Rule 56(f) Motion filed by State Defendants Debra Bowen, Edmund G. Brown, Jr. and members of the Fair Political Practices Commission ("State Defendants"). San Francisco Defendants join in and adopt State Defendants' Reply in its entirety, including all arguments and statements of issue or fact contained therein, and all exhibits incorporated therein. San Francisco Defendants submit this separate reply only to respond to arguments directed at San Francisco Defendants' initial joinder.

## INTRODUCTION

As described in State Defendants' opening brief and San Francisco Defendants' joinder, summary judgment is premature at this time, and the Court should allow for a period of reasonable discovery, as Rule 56 requires in almost all instances. In March, all parties in this action agreed to a six-month period of discovery ending in October 2009. In its subsequent scheduling order, the Court extended the period for fact and expert discovery until May and July 2010, respectively. But Plaintiffs now have engaged in a sharp about-face from their previous position in this litigation, and attempt to prevent Defendants – and the Court – from testing the factual allegations underlying their legal claims.

Plaintiffs now assert that the circumstances have changed and that no discovery is appropriate at all, but none of their arguments have any merit. Regardless of Plaintiffs' assertions, Defendants need at least some basic information about Plaintiffs' witnesses to determine what, if any, discovery would be necessary to oppose Plaintiffs' motion for summary judgment. And Defendants cannot be faulted for not obtaining this information earlier. The Court only one month ago entered its pretrial scheduling order establishing discovery deadlines and a trial date for this litigation. Plaintiffs have not

1 provided any Defendants basic identifying information on which Defendants can base their discovery
2 decisions. For these reasons, the Court should grant State Defendants' request to continue Plaintiffs'
3 summary judgment motion.

## PROCEDURAL HISTORY

The present litigation in still in its infancy. The parties only recently filed the operative pleadings in this case. Plaintiffs filed their third amended complaint on May 28. *See* Docket No. 106. Defendants filed their answers on June 5 and June 11. *See* Docket Nos. 165 and 172. Just one month ago, on May 18, the Court entered its pretrial scheduling order, and established discovery deadlines and a trial date. *See* Docket No. 96. Plaintiffs have not yet served Defendants with unredacted versions of the declarations they have filed, or reference lists providing the redacted information. On June 10, San Francisco Defendants contacted Plaintiffs regarding an appropriate modification of the Court's protective order, a key prerequisite for discovery in light of Defendants' need for basic information about witnesses and Plaintiffs' concerns for the privacy interests of those witnesses. Discussions on an appropriate protective order are ongoing. *See* Declaration of Mollie Lee ¶ 11, Docket No. 173.

## ARGUMENT

Defendants have not yet had any opportunity to engage in discovery and further factual development, and the Court should grant their motion to continue. "Where . . . a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington Northern Santa Fe Railroad Co. v. The Assiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). "[T]he Supreme Court has restated [Rule 56(f)] as *requiring*, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (emphasis added).

By filing their premature summary judgment motion and opposing Defendants' requested continuance, Plaintiffs have dramatically altered their position on an appropriate timeline for this litigation. In the parties' March 6 joint status report, all parties agreed to a six-month discovery period, with all discovery to be completed by October 1, 2009 and dispositive motions to be filed by November 16, 2009. *See* Docket No. 95. But in a sudden shift, Plaintiffs now expect discovery to be completed in June, with summary judgment briefing more than *five months* prior to the earlier proposed deadline and *fifteen months* earlier than the Court's scheduled filing date.

Plaintiffs argue that five "critical events" have taken place since March 6 that justify changing their position on how this case should proceed. Plaintiffs claim that (1) they have uncovered additional evidence that threats, harassment, and reprisals have continued against Proposition 8 supporters; (2) the Ninth Circuit issued a relevant ruling on February 25; (3) on May 26, the California Supreme Court upheld Proposition 8 against a state constitutional challenge; (4) Plaintiff added a party that would be subject to a July 31 campaign finance reporting deadline; and (5) Plaintiffs likely will launch another ballot measure campaign for a November 2010 election. None of these events adequately explain Plaintiffs' professed need to stop Defendants from taking any discovery.

First, over 30,000 individuals made contributions to Plaintiffs ProtectMarriage.com and NOM-California before January, and perhaps more since. *See* Declaration of David Bauer in Support of Plaintiffs' Motion for Preliminary Injunction ¶¶ 4-5, Docket No. 44. That Plaintiffs have now managed to gather a mere 58 declarants from that pool of potential witnesses does not suggest that the need for a resolution of this important case has become more urgent. Second, it is plain that the Ninth Circuit's February 25 ruling was available prior to the March 6 filing of the parties' joint status report. And Plaintiffs' counsel was aware of the that ruling at the time. *See* Declaration of Mollie M. Lee in Support of San Francisco Defendants' Reply in Support of Defendants' Rule 56(f) Motion, Exh. A (February 26, 2009 newspaper article quoting James Bopp Jr., Plaintiffs' counsel of record, commenting on the *Canyon Ferry* ruling). Third, it was foreseeable to many observers that the California Supreme Court might uphold Proposition 8, thus setting the stage for a possible future ballot initiative. *See, e.g.*, *id.*, Exh. B. (reporting on oral argument heard on March 5, 2009). But until

the filing of Plaintiffs' summary judgment motion, Plaintiffs never suggested that the Supreme Court's decision would require expedited resolution or an early discovery cut-off in this action. Fourth, while NOM-California PAC must file campaign reports by July 31, Plaintiffs' summary judgment motion – which Plaintiffs noticed for August 13 – will not affect that filing. Moreover, Plaintiffs added NOM-California PAC as a party on May 20. They cannot now use their recent addition of that party effectively to eliminate Defendants' ability to take discovery. Finally, the Court's decision to set a trial date in 2011 is also not a reason to terminate discovery immediately. If Plaintiffs prefer a trial date prior to November 2010, they can seek to amend the scheduling order instead of short-circuiting the entire litigation. In sum, Plaintiffs offer no legitimate reason for their suddenly urgent need to avoid discovery.

Moreover, Plaintiffs' suggestion that San Francisco Defendants have not been diligent in seeking the declarants' identities is spurious. The parties exchanged initial disclosures in April, and the Court issued its scheduling order less than a month ago. That order gave the parties until July 2010 to engage in discovery. And San Francisco Defendants took initial steps to engage in discovery by contacting Plaintiffs regarding a protective order in early June. Plaintiffs' allegation that San Francisco Defendants have sat on their hands is simply wrong. The San Francisco Defendants have not engaged in any behavior that would constitute a lack of diligence for Rule 56(f) purposes. *Cf. Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1997) (finding lack of diligence where court postponed ruling on summary judgment for more than a year to allow for depositions, but plaintiff never took the depositions); *Hauser v. Farrell*, 14 F.3d 1338, 1340-41 (9th Cir. 1994) (overruled on other grounds by *Central Bank v. First Interstate Bank*, 511 U.S. 164, 173 (1994)) (finding lack of diligence where movant failed to depose witness during the twenty-seven months between start of litigation and discovery cut-off).

Whatever Plaintiffs' reasons for expediting summary judgment, San Francisco Defendants should be permitted to proceed with discovery. As explained in their joinder, San Francisco Defendants require additional information to determine what type of discovery is appropriate and who has relevant information for their opposition. San Francisco Defendants cannot perform certain

informal factual investigation – or even assess the need for formal discovery – without basic identifying information. San Francisco Defendants could not prepare something as simple as a third-party deposition or document subpoena without knowing the declarants' names.

In opposing the San Francisco Defendants' attempt to seek discovery, Plaintiffs assert that they are completely free of any obligation "to establish a causal link between disclosure and harassment," so the facts that San Francisco Defendants may seek to uncover would be irrelevant. Mot. at 12. The case law, however, suggests that the opposite is true. In *Buckley v. Valeo*, 424 U.S. 1, 74 (1976), the Supreme Court addressed the evidence that a plaintiff seeking the application "minor-party" exception must establish:

> The evidence offered need show only a reasonable probability that *the compelled disclosure of a party's contributors' names will subject them to threats, harassment, or reprisals* from either Government officials or private parties. The proof may include, for example, specific evidence of past or present harassment of members due to their associational ties, or of harassment directed against the organization itself.

(Emphasis added.) The *Buckley* court thus set forth that the ultimate inquiry is whether the disclosure of contributors was likely to lead directly to harassment. Other evidence not directly linked to disclosure, such as past history of harassment, may be relevant as well. But a complete absence of any causal relationship between disclosure and harassment is insufficient to establish an infringement of First Amendment associational rights. *Cf. Dole v. Local Union 375, Plumbers Int'l Union of America, AFL-CIO*, 921 F.2d 969, 974 (9th Cir. 1990) ("The cases in which the Supreme Court has recognized a threat to first amendment associational rights, however, have consistently required more than an argument that disclosure leads to exposure."). Demonstrating that Plaintiffs have not established that more than a handful of actual contributors suffered any meaningful harassment or threats would certainly be relevant in determining whether First Amendment rights are at risk. Defendants should have the opportunity to gather that information through discovery.

In sum, Defendants are not seeking any remarkable relief. Based on Plaintiffs' previous representations, San Francisco Defendants understood that there would still be a reasonable opportunity to engage in relevant discovery. One necessary condition of beginning discovery is to

reach an agreement with Plaintiffs regarding an appropriate protective order. San Francisco Defendants have started those discussions.

**CONCLUSION**

Therefore, San Francisco Defendants respectfully request that the Court grant State Defendants' request to deny Plaintiffs' Motion for Summary Judgment or, in the alternative, to continue the hearing date on Plaintiffs' motion to December 18, 2009.

Dated: June 17, 2009

                         DENNIS J. HERRERA
                         City Attorney
                         WAYNE SNODGRASS
                         MOLLIE LEE
                         Deputy City Attorneys

                         By: _____/s/_____
                              MOLLIE LEE

                         Attorneys for Defendants
                         DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND DENNIS HERRERA