UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PROTECTMARRIAGE.COM, et al.,         No. 2:09-cv-00058-MCE-DAD

      Plaintiffs,

   v.                                MEMORANDUM AND ORDER

DEBRA BOWEN, et al.,

      Defendants.

----oo0oo----

Plaintiffs, each California committees established to support the passage of Proposition 8, which amended the California Constitution to define marriage as existing only between a man and a woman, filed the current action challenging California's statutory requirement that they disclose the names and other personal information of their contributors. Presently before the Court is the State Defendants' Motion Under Federal Rule of Civil Procedure 56(f) to Deny Plaintiffs' Motion for Summary Judgment or, in the alternative, to Continue the Hearing Date of Plaintiffs' Motion ("Rule 56(f) Motion"). For the following reasons, State Defendants' Motion is granted.

1

# BACKGROUND

Plaintiffs initiated this action on January 7, 2009, and subsequently moved for a preliminary injunction, which this Court denied. On May 18, 2009, the Court issued a Pretrial Scheduling Order ("PTSO") ordering discovery to be completed not later than May 14, 2010, disclosure of expert witnesses to occur not later than July 14, 2010, and all dispositive motions to be heard not later than September 16, 2010.

On June 3, 2009, Plaintiffs filed a Motion for Summary Judgment ("MSJ"), which bears striking similarity to their original preliminary injunction motion and argues that California's compelled disclosure requirements are unconstitutional both facially and as-applied. State Defendants responded on June 5, 2009, by filing the instant Rule 56(f) Motion, and the Court granted their simultaneous request to hear that Motion on shortened time. The Department of Elections for the City and County of San Francisco, as well as Dennis J. Herrera, the City Attorney for the City and County of San Francisco, subsequently joined in the Motion. Defendant Dean C. Logan, Los Angeles County Registrar-Recorder/County Clerk, filed a statement taking no position on the instant Motion, and Defendant Jan Scully filed a Statement of Non-Opposition.

///
///
///
///
///

# STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to file a Motion for Summary Judgment "any time after: (1) 20 days have passed from commencement of the action; or (2) the opposing party serves a motion for summary judgment." Nevertheless, pursuant to Rule 56(f):

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

"'Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck, 323 F.3d 767, 773 (9th Cir. 2003), quoting United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002). "The cases construing Rule 56(f) suggest that the denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. Summary denial is especially inappropriate where the material sought is also the subject of outstanding discovery requests." VISA Intern. Service Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir. 1986).

///

3

"Where...a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." Burlington Northern, 323 F.3d at 773.

**ANALYSIS**

By way of their instant Rule 56(f) Motion, Defendants argue it is impossible to adequately oppose Plaintiffs' previously filed MSJ without the aid of further discovery. Defendants make several arguments, reiterated here, in support of their position.

Defendants first contend that "it will be necessary for the State Defendants to obtain and review each of the ballot-committee Plaintiffs' semi-annual campaign statements in order to support their factual representations and arguments in opposition to Plaintiffs' Motion." Rule 56(f) Motion, 4:15-18. According to Defendants, "[b]ecause these campaign reports will cover a crucial period during which Plaintiffs allege reprisals have continued, the State Defendants believe that such information will be essential to their ability to demonstrate the actual impact, if any, the alleged reprisals have had on Plaintiffs' ability to raise funds and broadcast their message - an issue central to the State Defendants' opposition." Id., 4:21-25. Those reports are to be filed not later than July 31, 2009.

///

///

///

4

Thus, Defendants argue that "[a]bsent a denial or continuance of Plaintiffs' motion, the State Defendants will not have sufficient time to obtain, review, and analyze these reports; reports the Plaintiff [*sic*] themselves allege may exceed 2,800 pages." Id., 4:27-5:2. "State Defendants believe it will take their experts no less than four (4) months after the campaign reports are filed to analyze and compile the information contained in the reports in a manner sufficient to enable them to compare the contributions and expenditures from this period with those covering prior periods." Id., 3-6.

Likewise, Defendants claim they also "need to consult experts in order to address Plaintiffs' contentions regarding the impact of modern technology on the ability of ballot committees to successfully engage in fundraising. The question as to whether ballot measure contributions have been increasing throughout the Internet era, rather than decreasing as Plaintiffs' claims would suggest, is essential to the State Defendants' arguments in opposition to Plaintiffs' motion." Id., 5:8-13.

Lastly, Defendants allege they "will need to consult experts regarding the State's interest in public disclosure of ballot-committee contributor identity, including relatively small donors, and the injury to the State's electoral process if disclosure is withheld whenever a ballot measure election generates controversy. Experts will also need to be consulted regarding 'normal' levels of heated debate, discourse, petty vandalism, and boycotts during ballot measure elections, and whether such activity results in any measurable chilled speech." Id., 14-20.

Plaintiffs disagree with each of Defendants' assertions and contend that Defendants are unable to seek refuge under Rule 56(f) because they have not timely sought the necessary discovery. Plaintiffs next assert that the discovery Defendants intend to seek is irrelevant. Additionally, Plaintiffs' claim that, because critical First Amendment rights are at stake, time is of the essence. Finally, Plaintiffs argue that Defendants failed to point to any evidence they intend to pursue in order to challenge Plaintiffs' claims regarding post-election disclosure. Each of these arguments is rejected.

Plaintiffs first contend that Defendants' Rule 56(f) Motion should be denied because Defendants have failed to actively and diligently pursue discovery. Specifically, Plaintiffs allege Defendants have failed to serve any discovery requests at all. Plaintiffs also claim that Defendants' objections to the form of Plaintiffs' currently submitted evidence, as well as Defendants' failure to raise those objections sooner, evidences the sort of delay justifying denial of Defendants' instant Rule 56(f) Motion. Finally, Plaintiffs argue that, in the originally filed Joint Status Report ("JSR") Defendants agreed to an October 1, 2009, discovery deadline, so Defendants should now be estopped from delaying hearing on Plaintiffs' MSJ.

As a threshold matter, Plaintiffs' arguments ignore the fact that this Court ordered all non-expert discovery to be completed not later than May 14, 2010. Accordingly, the discovery period is to remain open for approximately one (1) more year, and any contrary date originally agreed upon by the parties is irrelevant and must be disregarded.

Additionally, much of the discovery Defendants await will not derive directly from Plaintiffs.  For example, Defendants anticipate reliance on public reports that, as of yet, do not exist.  Defendants further contend they need to consult their own experts in analyzing those documents.  Thus, at this early stage in litigation, the Court will not fault Defendants for hypothetical delays based solely on Plaintiffs' assertions that they have yet to receive discovery requests.

Plaintiffs' relevancy arguments are similarly rejected. Plaintiffs contend that the evidence Defendants seek is unnecessary to Defendants' anticipated Opposition.  According to Plaintiffs, "the reasonable-probability test does not require that there be an impact on the ability to raise funds and 'get out the message' before an exemption is warranted," and "the cause of harassment is irrelevant provided that it resulted from the individuals support of Proposition 8 or a traditional definition of marriage."  Plaintiffs' Opposition to Rule 56(f) Motion ("Opposition"), 10:8-10; 11:23-24.

However, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. Evidence irrelevant for one purpose may, nonetheless, be relevant for another, and this Court finds the evidence Defendants seek to be potentially relevant to Plaintiffs' claims regarding the chilling effect that compelled disclosure may have on that political speech.

///

Thus, the Court is satisfied that, even assuming Plaintiffs are correct in their above assertions, Defendants' sought-after evidence is relevant to their other potential arguments.

Next, Plaintiffs assert that "[a] continuance is unwarranted because the First Amendment does not permit a 'shoot first, ask questions later' approach." Opposition, 13:6-7. Plaintiffs rely on the well-established principle that "'[t]he loss of First Amendment freedoms, even for minimal periods of time, constitute[s] irreparable injury.'" Id., 14:8-10, quoting Elrod v. Burns, 427 U.S. 347, 373 (1976). However, the Court has already addressed this argument by way of Plaintiffs' Motion for Preliminary Injunction. While the potential loss of First Amendment rights clearly constitutes irreparable injury, the Court denied that Motion on the basis that Plaintiffs' likelihood of success on the merits, and consequently the likelihood of any actual impairment of Plaintiffs' First Amendment rights, was minimal. Accordingly, because the Court previously weighted and rejected Plaintiffs' instant argument, it will not reconsider it here.

Finally, Plaintiffs argue that "Defendants have not presented an argument as to why summary judgment should not proceed with respect to the issues of post-election reporting and the continued public availability of reports after a ballot measure election has occurred." Opposition, 14:15-16. The Court declines Plaintiffs' request to bifurcate the causes of action before it.

///

///

Each of Plaintiffs' causes of action is related to the others, and the Court finds Defendants' anticipated discovery likely to be relevant to the State's interest in post-election disclosure to the same extent it may be relevant to the same disclosure pre-election. Consequently, Plaintiffs' argument to the contrary is rejected.

Plaintiffs conclude by requesting that, as an alternative to denying Defendants Rule 56(f) Motion, the Court orders Plaintiffs' MSJ to be heard not later than November 19, 2009. Plaintiffs premise this request on the dispositive motion deadline originally agreed to by the parties in their JSR.

However, to reiterate, the JSR is not the controlling document in this case for scheduling purposes. On May 18, 2009, this Court issued its PTSO, and it is the PTSO that governs the scheduling of this case. Indeed, Plaintiffs' instant request would require the Court to amend the PTSO to modify, at least in part, the deadline for hearing dispositive Motions. Nevertheless, Plaintiffs failed to timely object to the PTSO. See PTSO, 12:2-4 ("This Status Order will become final without further order of the Court unless objections are filed within seven (7) court days of the date this Order is electronically filed."). Moreover, though the Court may choose to modify the PTSO upon a showing of good cause, Plaintiffs have wholly failed to show such cause exists here. Fed. R. Civ. Proc. 16(b); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992). Thus, Plaintiffs' request is denied.

///

///

This case was filed approximately six months ago and is still in its infancy. With almost one (1) year left prior to the Court-ordered discovery cut-off, this Court is not inclined to force the parties to an immediate judgment or to force Defendants to expose their litigation strategy to avoid doing so. Indeed, it would arguably be irresponsible for the Court to prematurely permit the parties to pursue a final determination on the merits of the instant controversy without a fully developed record. The Court is satisfied that Defendants are diligently seeking the necessary discovery and that such discovery is relevant to their Opposition to Plaintiffs' MSJ. Accordingly, Defendants' Rule 56(f) Motion is hereby granted, and Plaintiffs' MSJ is denied without prejudice.

**CONCLUSION**

Defendants' Motion Under Rule 56(f) (Docket No. 171) is GRANTED.[1] Plaintiffs' Motion for Summary Judgment (Docket No. 110) is DENIED without prejudice.

///
///
///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

Prior to the close of non-expert discovery, which at this time is scheduled to terminate not later than May 14, 2010, no party shall file any Motion for Summary Judgment without leave of this Court.

        IT IS SO ORDERED.

 Dated: June 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE