DENNIS J. HERRERA, SB# 139669
City Attorney
WAYNE SNODGRASS, SB# 148137
MOLLIE LEE, SB# 251404
Deputy City Attorneys
One Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:   (415) 554-4705
Facsimile:    (415) 554-4745
E-Mail:        mollie.lee@sfgov.org

Attorneys for Defendants
Department of Elections - City and County of San Francisco and
Dennis J. Herrera, City Attorney for the City and County of San Francisco

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ProtectMarriage.com, et al.,**<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>**Debra Bowen,** Secretary of State for the State of California, in her official capacity; **Edmund G. Brown, Jr.,** Attorney General for the State of California, in his official capacity; **Dean C. Logan,** Registrar-Recorder of Los Angeles County, California, in his official capacity; **Department of Elections - City and County of San Francisco**; **Jan Scully,** District Attorney for Sacramento County, California, in her official capacity and as a representative of the Class of District Attorneys in the State of California; **Dennis J. Herrera**, City Attorney for the City and County of San Francisco, California, in his official capacity and as a representative of the Class of Elected City Attorneys in the State of California; **Ross Johnson, Timothy Hodson, Eugene Huguenin, Jr., Lynn Montgomery,** and **Ronald Rotunda**, members of the California Fair Political Practices Commission, in their official capacities,<br><br>　　　　　　　Defendants. | Case No. 2:09-CV-00058-MCEDAD<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

Upon the consent of the parties to this action, as evidenced by their signatures below, it is hereby ordered that:

1. The term "Documents" as used in this Order shall mean all written, recorded (including electronically recorded), or graphic matter whatsoever. Such materials shall include, but not be limited to: interrogatory answers; responses to requests for admissions; responses to requests for production of documents; documents produced or served by any party or non-party in this action, whether pursuant to any rule, subpoena, or agreement; deposition transcripts and exhibits, physical objects or things as may be appropriate for the implementation of the purposes of this Order; and any papers, including court papers, which quote from, summarize, or refer to any of the foregoing.

2. A producing entity may designate as "Confidential" any Document or any portion thereof that contains or reflects trade secrets or other sensitive non-public information, including information for which the producing entity reasonably believes confidentiality is necessary to protect a party or person from embarrassment, oppression, undue burden or expense, threats, harassment, or reprisals ("Confidential Document"). An entire Document shall not be designed as "Confidential" if only a reasonably segregable portion thereof contains information that the producing entity reasonably believes should be kept confidential.

3. All Confidential Documents produced in the course of the proceedings herein, and all information derived therefrom – including, but not limited to, extracts, summaries, memoranda, and correspondence quoting or containing information from Confidential Documents – (collectively "Confidential Information") may be used only for the purpose of preparing for and conducting discovery and pre-trial proceedings, and for no other purpose. If a Document contains both Confidential Information and non-Confidential Information, this restriction shall apply only to the Confidential Information in the Confidential Document.

4. Except as otherwise provided in this Order, no person shall be permitted to have access to Confidential Information, nor shall any person be informed of the substance of the Confidential Information, by any person permitted to have access thereto, except as provided in this Order, or otherwise agreed upon by the entity producing such material, or by order of the Court.

5. Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

    a. the parties and the attorneys for the parties in this action (including their paralegals, clerical, and other assistants) who have a clear need therefore in connection with this action; and outside contractors hired to copy, image, index, sort, or otherwise manage the storage and retrieval of case materials;

    b. persons retained by a party or outside counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided such persons have signed a declaration under penalty of perjury in the form annexed hereto attesting to the fact that they have read this Order and agree to be bound by its terms;

    c. stenographers engaged to transcribe depositions conducted in this action; and

    d. the Court and its support personnel.

6. If a Party files with the Court a document that quotes from or refers to specific identifying information another party has designated as Confidential Information, that portion of the filed document shall be treated as Confidential Information. If a party files with the Court a document that summarizes or aggregates information another party has identified as Confidential Information, the filing party may seek written consent from the producing party or a ruling from the Court that the summary or discussion of aggregated information is not Confidential Information. Until there is such written consent or a Court Order, the summary or aggregated information shall be treated as Confidential Information.

7. During any deposition noticed in connection with this case, any counsel may indicate on the record that a question calls for Confidential Information, or that an answer has disclosed Confidential Information. Such Information must be so designated during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information." When such designation is made during a deposition, upon the request of counsel, all persons, except persons entitled to receive the Confidential Information pursuant to this

STIPULATION AND [PROPOSED] PROTECTIVE ORDER  n:\govlit\li2009\090774\00567069.doc
CASE NO.  2:09-CV-00058-MCE-DAD

Order, shall leave the room where the deposition is proceeding until completion of the answer or answers containing Confidential Information.

8. Persons described in paragraph five (5) above shall be restricted to using Confidential Information only for purposes directly related to this action and not for any other litigation, proceeding, business, commercial, competitive, personal, or other purpose. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

9. Confidential Information shall not be disclosed to any person or persons under subparagraph 5(b), unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms, by subscribing to a document in the form of the "Acknowledgement" attached hereto as Appendix A. A copy of each executed Acknowledgement shall be kept by counsel for the party on behalf of which disclosure is made pursuant to paragraph 5 until thirty days after the termination of this action, including appeals.

10. All Confidential Information that is filed with the Court, and any pleadings, motions, exhibits, or other papers filed with the Court disclosing Confidential Information, shall be filed under seal and kept under seal until further order of the Court. The parties agree, where practicable, to designate only the confidential portions of filings with the Court to be filed under seal. The parties shall file, on the public ECF system, redacted versions of any pleadings, motions, exhibits, or other papers filed with the Court, removing any and all Confidential Information. Counsel shall also file, under seal, a reference list, containing all of the redacted Confidential Information. To facilitate compliance with this Order by the Clerk's office, the reference list shall be contained in a sealed envelope bearing the designation "Confidential" on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise description of the document to which the reference list relates for docketing purposes that does not disclose the sensitive information, and shall state thereon that it is filed under the terms of this Order.

11. Reference lists and any other Confidential Information filed under seal with the Court shall be served on each counsel of record at the same time it is filed with the Court. Reference lists

1  and any other Confidential Information filed under seal before the effective date of this Order shall be
served on each counsel of record within three days of the issuance of this order.

12. This Order shall not preclude any party from seeking a ruling from the Court regarding the validity or propriety of any claim of confidentiality asserted by a producing entity.

    a. In the event that the party to whom information is disclosed or produced objects to the designation by the producing entity of any document or discovery materials as "Confidential," that party's counsel shall advise counsel for the producing entity in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it.

    b. Within three (3) business days of receiving this written objection, the producing entity shall advise in writing whether the "Confidential" designation will be removed. If the producing entity continues to assert the "Confidential" designation, the parties shall meet and confer at 2:00 PM eastern time on the second business day following service of the response of the objections to the designation, unless otherwise agreed by all counsel designated as Points of Contact.

    c. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion or otherwise. Any motion to remove a "Confidential" designation shall be served within three business days of the meet and confer, any opposition within three business days of service of the motion to compel, and any reply within two business days of service of opposition papers. During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information subject to the provisions of this Order.

    d. If the briefing schedule or other timing considerations do not leave adequate time for a party to follow the steps outlined at (a) through (c), above, any party may proceed to Court after making an attempt to meet and confer with the producing party.

13. This Order shall govern the production and disclosure of Confidential Information by or on behalf of any party through the discovery and all pretrial processes. This Order is not intended to govern at trial. Should this matter proceed to trial, the parties shall meet and confer regarding use of Confidential Information during trial and file any proposed modifications to the Protective Order no later than January 6, 2011.

14. Within sixty (60) days of the resolution of this action by settlement or final judgment, and the termination of any appeal therefrom, all Confidential Documents, and any copies thereof, shall be promptly destroyed, provided that the party to whom Confidential Information is disclosed or produced certifies in writing that all designated documents and materials have been destroyed. If defendants, defendants' counsel, or their employing agency are requested to disclose publicly any Confidential Information pursuant to the California Public Records Act, Cal. Gov't Code § 6250 et seq., or any similar state or local law, or otherwise, before doing so they will attempt to notify counsel for the producing entity in sufficient time to allow that entity a reasonable opportunity to object to, or to take legal action to prevent such disclosure. The termination of this litigation shall not relieve any person or party provided Confidential Information of his, her, or its obligations under this Order.

15. The inadvertent production of documents containing information protected by the attorney-client privilege, work product doctrine, or other privileges recognized by law shall not be deemed a waiver, in whole or in part, of a party's claim of privilege as to either the document or information disclosed, or to related documents or information.

16. Nothing in this Order shall prevent any entity from using or disclosing its own documents or other information.

17. Nothing in this Order shall affect the right of any person to seek further provisions enhancing or limiting confidentiality as may be appropriate.

18. The provisions of this Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information which were, are, or become public knowledge not in violation of this Agreed Protective Order.

19. Notwithstanding anything to the contrary that may be set forth herein, the Court shall retain the authority to modify this Order upon good cause shown.

20. This Order shall take effect immediately as between signatories to this Order, and shall apply only as between signatories to this Order. This Order imposes no obligations on parties who have not stipulated to this Order. Parties who have not stipulated to this Order remain subject to the

Court's Order on January 14, 2009, (Order, Doc. 29, Jan. 14, 2009,) and renewed on January 30, 2009. (Mem. & Order, Doc. 88, Jan. 30, 2009.)

Dated: July 9, 2009

DENNIS J. HERRERA
City Attorney
WAYNE SNODGRASS
MOLLIE LEE
Deputy City Attorneys

By: /s/ Mollie Lee
MOLLIE LEE

Attorneys for Defendants
DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND DENNIS HERRERA

Dated: July 8, 2009

JAMES BOPP, JR.
BARRY A. BOSTROM
SARAH E. TROUPIS
SCOTT F. BIENIEK
BENJAMIN W. BULL
TIMOTHY D. CHANDLER
ALLIANCE DEFENSE FUND

By: /s/ Scott F. Bieniek
SCOTT F. BIENIEK

Counsel for All Plaintiffs

Dated: July 10, 2009

TERENCE J. CASSIDY
KRISTINA M. HALL
PORTER & SCOTT

By: /s/ Terrence J. Hall
TERENCE J. CASSIDY

Counsel for Defendant Jan Scully, in her official capacity

Dated: July 9, 2009                  EDMUND G. BROWN, JR.
DOUGLAS J. WOODS
ZACKERY P. MORAZZINI
OFFICE OF THE ATTORNEY

By:        /s/ Zackery P. Morazzini
ZACKERY P. MORAZZINI

Counsel for Defendants Debra Bowen, California Secretary of State, and Edmund G. Brown, Jr., California Attorney General

Dated: July ____, 2009            ELIZABETH M. CORTEZ
JUDY W. WHITEHURST

By: _____
JUDY W. WHITEHURST

Counsel for Defendant Dean C. Logan, Los Angeles County Registrar-Recorder/County Clerk

Dated: July 9, 2009                SCOTT HALLABRIN
LAWRENCE T. WOODLOCK
FAIR PRACTICES POLITICAL COMMISSION

By:        /s/ Lawrence T. Woodlock
LAWRENCE T. WOODLOCK

Counsel for Defendants Members of the Fair Political Practices Commission

So ORDERED this _____ day of _____, 2009.

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

8

STIPULATION AND [PROPOSED] PROTECTIVE ORDER          n:\govlit\li2009\090774\00567069.doc
CASE NO. 2:09-CV-00058-MCE-DAD

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ProtectMarriage.com, et al.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**Debra Bowen,** Secretary of State for the State of California, in her official capacity; **Edmund G. Brown, Jr.,** Attorney General for the State of California, in his official capacity; **Dean C. Logan,** Registrar-Recorder of Los Angeles County, California, in his official capacity; **Department of Elections - City and County of San Francisco**; **Jan Scully,** District Attorney for Sacramento County, California, in her official capacity and as a representative of the Class of District Attorneys in the State of California; **Dennis J. Herrera**, City Attorney for the City and County of San Francisco, California, in his official capacity and as a representative of the Class of Elected City Attorneys in the State of California; **Ross Johnson, Timothy Hodson, Eugene Huguenin, Jr., Lynn Montgomery,** and **Ronald Rotunda**, members of the California Fair Political Practices Commission, in their official capacities,<br><br>Defendants. | Case No. 2:09-CV-00058-MCEDAD<br><br>**DECLARATION**<br><br>Judge Morrison C. England, Jr. |

The undersigned hereby declares under penalty of perjury that he (she) has read the Agreed Protective Order (the "Order") entered in the United States District Court for the Eastern District of California in the above captioned action, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any confidential information made available to him (her) other than in strict compliance with the Order. The undersigned acknowledges that his (her) duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

Dated: _____

By: _____     Signed: _____
    (Type or Print Name)

10

DECLARATION  
CASE NO. 2:09-CV-00058-MCE-DAD

n:\govlit\li2009\090774\00567069.doc