UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PROTECTMARRIAGE.COM, et al.,  NO. 2:09-cv-00058-MCE-DAD

      Plaintiffs,

  v.  MEMORANDUM AND ORDER

DEBRA BOWEN, et al.,

      Defendants.

----oo0oo----

Plaintiffs, each a California committee established to support the passage of Proposition 8, which amended the California Constitution to define marriage as existing only between a man and a woman, filed the current action challenging California's statutory requirement that they disclose the names and other personal information of their contributors. Presently before the Court is the Plaintiffs' Motion to Certify Class, to which Defendants each responded with Statements of Non-Opposition. For the following reasons, Plaintiffs' Motion is granted.

///

1

**BACKGROUND**

On January 7, 2009, Plaintiffs initiated this action challenging California's statutory requirement that they disclose the names and other personal information of those contributors of $100 or more and subsequently moved for a preliminary injunction, which this Court denied. The Court has since denied Plaintiffs' Motion for Summary Judgment.

By way of the instant litigation, Plaintiffs seek, *inter alia*, to have this Court: 1) enjoin Defendants from enforcing the semiannual reporting requirements under California Government Code § 84200; 2) enjoin Defendants from commencing criminal or civil actions for failing to comply with those reporting requirements; and 3) enjoin Defendants from both publishing reports or making available prior reports or campaign statements filed by Plaintiffs pursuant to California's Political Reform Act of 1974, Cal. Gov. Code § 81000 et seq. ("PRA").

Plaintiffs now move the Court to certify three classes, comprised of one class of Plaintiffs and two classes of Defendants. The proposed classes are defined as:

1) Plaintiff Class of Major Donors: All individuals and organizations that contributed ten thousand dollars ($10,000) or more to Plaintiffs ProtectMarriage.com or NOM-California.

2) Defendant Class of District Attorneys: All district attorneys in the State of California that are granted the authority to enforce provisions of the Political Reform Act of 1974, Cal. Gov't Code ("CGC") § 81000 et seq. (The "PRA").

3) Defendant Class of Elected Attorneys: All elected city attorneys in the State of California that are granted the authority to enforce provisions of the Political Reform Act of 1974, CGC 81000 et seq.

**STANDARD**

A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and that at least one of the requirements of Federal Rule of Civil Procedure 23(b) have been met. See Fed. R. Civ. P. 23; see also Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996). Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. Id. at 1233. While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001).

Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. See Fed. R. Civ. P. 23(b).

**ANALYSIS**

**1.    The Putative Classes Meet the Requirements of Rule 23(a)**

The numerosity requirement of Rule 23(a)(1) is established if "the class is so numerous that joinder of all members is impracticable."  The geographical disbursement of class members outside of one district increases the impracticability of joinder, and "when the class is large, numbers alone are dispositive."  Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986).  At the same time, courts have been inclined to certify classes of fairly modest size.  See, e.g., Jordan v. Los Angeles County, 669 F.2d 1311, 1319 (9th Cir. 1982) (willing to find numerosity for classes with thirty-nine, sixty-four, and seventy-one people), vacated on other grounds, 459 U.S. 810 (1982).

In the instant case, the Class of Major Donors is comprised of approximately 466 putative plaintiffs.  Additionally, there are fifty-eight California district attorneys empowered to enforce the PRA.  Finally, eleven cities currently retain elected district attorneys, but over 400 retain the right to elect a city attorney.  The size of these classes thus satisfies the numerosity requirements of Rule 23(a)(1).  Additionally, the geographical location of the members of each class throughout the state and nation increases the impracticability of joining all class members.  Moreover, the circumstances of this action, in which Plaintiffs assert they should not be required to disclose the identities of political donors, makes it unlikely putative class members would choose to litigate absent the class action.

1 Accordingly, Plaintiffs' proposed class meets the numerosity
2 requirements of Rule 23(a)(1).
3    Under Rule 23(a)(2), commonality is established if "there
4 are questions of law or fact common to the class."  This
5 requirement is construed permissively and can be satisfied upon a
6 finding of "shared legal issues with divergent factual
7 predicates...."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019
8 (9th Cir. 1998).  The instant case presents the common legal
9 issue of whether Plaintiff class members are required to comply
10 with the PRA's disclosure requirements.  The Defendant class
11 members are each empowered with the same enforcement authority
12 under the PRA.  Thus, Plaintiffs establish commonality because
13 the evidentiary and legal arguments necessary to prosecute the
14 instant claims are nearly identical as to all class members.
15    Typicality under Rule 23(a)(3) is satisfied if "the claims
16 or defenses of the representative parties are typical of the
17 claims or defenses of the class."  Typicality does not require
18 the claims to be identical. Hanlon, 150 F.3d at 1020.  Rather,
19 the Ninth Circuit has found typicality if the requisite claims
20 "'share a common issue of law or fact' ... and are 'sufficiently
21 parallel to insure a vigorous and full presentation of all claims
22 for relief.'"  Cal. Rural Legal Assistance, Inc. v. Legal Servs.
23 Corp., 917 F.2d 1171, 1175 (9th Cir. 1990)(citations omitted),
24 amended, 937 F.2d 465 (9th Cir. 1991).  As alluded to above, the
25 representative Plaintiffs in the present matter assert the same
26 claims that could be brought by any of the other class members
27 for the alleged defects in the application and enforcement of the
28 PRA.

Although claims attributable to each class member may present minor factual differences, such as donation amounts and occurrences of harassment, the differences do not preclude a finding of typicality.

The last requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In Hanlon, the Ninth Circuit identified two issues for determining the adequacy of representation: (1) whether the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) whether the named plaintiffs and their counsel will "prosecute the action vigorously on behalf of the class." 150 F.3d at 1020. This Court is entirely satisfied that the Plaintiff classes are adequately represented by both the named Plaintiffs and their counsel. One need only conduct a cursory overview of the law governing this substance of this case to determine the breadth and depth of the experience Plaintiffs' counsel brings to this litigation. The same is true of the Court's confidence in counsel for the district attorney classes. Moreover, the Court knows of no conflict that weights against certification. Therefore, Plaintiffs have satisfied the Rule 23(a)(4) requirement for adequacy of representation.

Based on the foregoing discussion, Plaintiffs have established the class action prerequisites under Rule 23(a). Accordingly, the next issue to be addressed is whether class certification, for purposes of preliminary approval of the Settlement Agreement, is proper under Rule 23(b).

///

### 2. The Putative Classes Meet the Requirements of Rule 23(b)

Certification is proper under Rule 23(b)(3). Rule 23(b)(3) permits class certification when (1) common questions of law and fact predominate over any individual claims and (2) a class action is the superior method to fairly and efficiently adjudicate the matter.

Under the Rule 23(b)(3) predominance analysis, the Court must determine whether the proposed class is "'sufficiently cohesive to warrant adjudication by representation.'" Hanlon, 150 F.3d at 1022, citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997). The requirement is satisfied if a plaintiff establishes that a "common nucleus of facts and potential legal remedies dominates" the litigation. Id. The "common nucleus of facts" in the present case derives from the alleged unconstitutionality of the PRA disclosure requirements and the application of those requirements to contributors to the Yes on 8 campaign. The factual underpinnings underlying each Plaintiff's potential claims is nearly identical and, despite any minor differences, those common issues prevail. See Blackie v. Barrack, 524 F.2d 891, 905 (9th Cir. 1975). Class certification in this case, where common issues predominate, serves the judicial economy function of Rule 23 class actions. Valentino, 97 F.3d at 1234.

///
///
///
///

7

Plaintiffs must also establish that the proposed class action is the superior method of resolving the dispute in comparison to available alternatives. "A class action is the superior method for managing litigation if no realistic alternative exists." Id. at 1234-35. The Ninth Circuit has recognized that a class action is a plaintiff's only realistic method for recovery if there are multiple claims against the same defendant for relatively small sums. Local Joint Executive Bd. Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1163 (9th Cir. 2001). Accordingly, because the crux of each plaintiff's sought-after relief is equitable in nature, and because Plaintiffs seek to draw as little attention as possible to their voting preferences, a class action appears to be the superior method to resolve this case.

The same conclusion is reached after consideration of the superiority factors set forth by Rule 23(b)(3). First, because it is likely that each individual class member could only pursue relatively small claims, and because they wish to remain anonymous, "class members have no particular interest in individually controlling the prosecution of separate actions." Rule 23(b)(3)(A); see also Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1190 (9th Cir. 1991) ("Where damages suffered by each putative class member are not large, this factor weighs in favor of certifying a class action."). When the individual claims of class members are small, the class action "facilitates the spreading of the litigation costs among the numerous injured parties" and encourages recovery for unlawful activity.

1  See In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 534
2  (3rd Cir. 2004).  Additionally, in the instant action, the class
3  members have the option to "opt-out" of the proposed settlement,
4  thus allowing individuals the opportunity to control the
5  litigation.  Id.
6     The second relevant factor under Rule 23(b)(3) is whether,
7  and to what extent, other class members have begun litigation
8  concerning the controversy.  Rule 23(b)(3)(B).  This factor
9  counsels against certification if, despite the class action, a
10 multiplicity of suits will continue through judicial proceedings.
11 Zinser, 253 F.3d at 1191 (citing to 7A Charles Alan Wright,
12 Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure
13 § 1780 at 568-70 (2d ed. 1986)).  Neither the parties nor the
14 court are not aware of any other similar suit raising similar
15 issues.  Accordingly, the Rule 23(b)(3)(B) concern regarding the
16 multiplicity of litigation does not weigh against certification.
17    Under Rule 23(b)(3)(C), the Court may also consider "the
18 desirability or undesirability of concentrating the litigation of
19 the claims in a particular forum."  There appears to be no reason
20 why concentrating the litigation in this Court would be
21 undesirable considering the presence of Defendants within the
22 state and the substance of the challenge to California law.
23    Lastly, under Rule 23(b)(3)(D), the Court may consider
24 "likely difficulties in managing a class action."  In this case,
25 the overwhelming benefits that inhere in litigating this matter
26 as a class action outweigh any difficulties that might arise in
27 the management of the litigation.
28 ///

9

**CONCLUSION**

For the reasons stated, Plaintiffs' Motion to Certify Class (Docket No. 108) is GRANTED.[1]

IT IS SO ORDERED.

Dated: August 27, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).