UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PROTECTMARRIAGE.COM, et al., No. 2:09-cv-0058-MCE-DAD

    Plaintiffs,

  v. **ORDER**

DEBRA BOWEN, et al.,

    Defendants.

----oo0oo----

Presently before the Court Defendants California Secretary of State Debra Bowen, California Attorney General Edmund G. Brown, Jr. , City and County of San Francisco, San Francisco City Attorney Dennis J. Herrera, and members of the Fair Political Practices Commission move to Amend the Pretrial Scheduling Order ("PTSO") by extending all deadlines sixty (60) days. For the reasons set forth below, Defendants' Motion is granted.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument. Local Rule 230 (g).

1

**BACKGROUND**

On May 18, 2009, the court issued a PTSO setting, *inter alia*, a discovery cut-off of May 14, 2010. On October 30, 2009 Defendants served their first discovery request on Plaintiffs, and Plaintiffs responded a month later on November 30, 2009. Two months later, on January 22, 2010, Defendants objected to Plaintiffs' responses arguing that they were incomplete. Plaintiffs argued that the purportedly missing information was privileged.

On February 2, 2010, parties participated in a conference call aimed at resolving their discovery dispute. Plaintiffs agreed to produce certain non-privileged documents and a privilege log by February 26, 2010, and offered to make the executive directors of the Plaintiff organizations available for deposition. On February 24, 2010, Plaintiffs asked Defendants for an extension of the agreed-upon production date, which Defendants allowed.

On March 23, 2010 Plaintiffs then produced documents for a second time. However, Defendants once again believed the documents were deficient and contacted Plaintiffs the following week regarding a complete response. On April 2, 2010 Plaintiffs indicated that they believed their response was adequate, that any other materials were privileged, and that no discovery would be forthcoming.

Defendants subsequently filed a Motion to Compel a full response to discovery and requesting discovery sanctions. The Motion is set for June 4, 2010.

Additionally, on April 15, 2010 Defendants noticed depositions for the Executive Directors of the Plaintiff organizations, setting depositions dates of April 29 and 30, 2010. The Executive Directors were not able to attend on the noticed hearing dates. Plaintiffs proposed scheduling the depositions for the end of May, after the discovery cut-off deadline, on the condition that none of the dates in the PTSO be amended. Defendants rejected their proposal. Plaintiffs argue that they would be prejudiced by Modification of the PTSO because the threats and harassments alleged in the suit continue to this day.

**STANDARD**

The Court is normally required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."
///

Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); Id. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Id. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end. Id.

**ANALYSIS**

The touchstone of a Motion to Modify the PTSO is diligence by the moving party, and here Defendants have exhibited sufficient diligence to warrant a finding of good cause. Ultimately, it is the discovery dispute between parties that have forestalled proceedings. Although Plaintiffs point to Defendants' delayed start as the root problem, when parties did eventually agree to a discovery production date of February 26, it was Plaintiffs who delayed matters by requesting a month-long extension. Even then the discovery offered remained controversial. Regardless of whether the contested documents are in fact privileged, Defendants have diligently sought to acquire and complete discovery within the time frame provided. Extending the deadlines would allow parties time to come to a proper resolution of their discovery issues.

///
///
///

Furthermore, both parties have indicated that key witnesses requested for deposition will not be available until late May. Additionally, the hearing on Defendants' Motion to Compel discovery is not scheduled until June 4, 2010, and parties have indicated that they are in the process of drafting a joint statement of their discovery dispute. An extension of the discovery deadline will accommodate completion of these events thus further allowing opportunity for resolution.

## CONCLUSION

Good cause having been shown, Defendants' Motion to Modify the PTSO (Docket No. 210) is hereby GRANTED. The Court will issue an Amended Pretrial Scheduling Order within ten (10) days of the date this Order is electronically filed.

Dated: May 13, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE